**EXHIBIT B**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Adversary Proceeding #: 16-01188-AJC
### www.flsb.uscourts.gov

**JMB/Urban 900 Development Partners, Ltd**
JMB/Urban 900 Development Partners, Ltd
900 North Michigan Ave
Chicago, IL 60611,                    **Adversary Proceeding #: 16-01188-AJC**

     Plaintiff,

V.

**Defendant**
-----------------------
**Liza Hazan**

,

     Defendant.

_____/

## HAZAN'S REQUEST FOR JUDICIAL NOTICE
## PURSUANT TO FEDERAL RULES OF EVIDENCE RULE 201

    Please take notice that Defendant, Liza Hazan a/k/a Elizabeth Hazan ("Defendant"), through undersigned counsel, hereby objects to ECF 30 and ECF 31[1], and files the attached, in support of her objection to Notice of Filing - Copy of Certification of Judgment for Registration in Another District, Filed by Creditor Christopher Kosachuk (Re: 21 Agreed Final Judgment in Favor of Plaintiff Against Defendant .) ECF 30 and Motion for Writ of Execution Filed by Plaintiff JMB/Urban 900 Development Partners, Ltd, Creditor Christopher Kosachuk (Attachments: # 1 Exhibit Proposed Writ of Execution) (Ramirez, Juan) ECF 31, in accordance with Federal Rules of Evidence Rule 201, and hereby respectfully requests that the Court take judicial notice of the following decisions, documents, papers and records of the higher Courts pursuant to Rule 201.

---

[1] Undersigned counsel will be filing a more detailed Opposition to ECF 30 and ECF 31.

Under Rule 201, facts appropriate for judicial notice are those "not subject to reasonable dispute in that either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Federal Rules of Evidence 201(b). The Court may take judicial notice of its own records and of other court cases.

1. A true and correct copy of the **MOTION TO STRIKE FRAUDULENT MOTION FOR POSTJUDGMENT WRIT OFEXECUTION ECF15, AND MOTION TO STRIKE MOTION FOR POST JUDGMENTGARNISHMENT ECF 16, ECF 17, AND NOTICE TO CLERK ECF 21, MOTION FOR CONTEMPT AGAINST JUAN RAMIREZ, JR, KOSA-CHUK AND JMB,** filed on November 26, 2025, in United States Southern District of Florida Case **1:25-cv-23860-EIS, ECF 22** is annexed hereto as **Exhibit A**.

2. A true and correct copy of the **fraudulent discharged pre petition expired foreign Illinois judgment, recorded with the Secretary of State, in the amount of $1,065.095.94 recorded with the Secretary of State filed on July 29, 2025**, is annexed hereto as **Exhibit B**.

3. A true and correct copy of the docket and filings by Chris Kosachuk as alleged Asssignee of JMB in Miami-Dade State. State Court action of the filings of Chris Kosachuk/JMB of the fraudulent discharged pre-petition expired foreign Illinois judgment, in the amount of $1,065.095.94 and recorded with the Secretary of State filed on July 29, 2025, is annexed hereto as **Exhibit C**.

4. A copy of the true and correct copy of the docket in United States Southern District of Florida Case **1:25-cv-23860-EIS** is annexed hereto as **Exhibit D showing the Clerk non issuance of Writ of Execution and the Clerk Non Issuance of Writ of Garnishments the Clerk and**

**Motions filed by Chris Kosachuk/JMB of Writ of Execution and Writs of Garnishments in the amount of $1,079,511.84** is annexed hereto as **Exhibit D.**.

Dated: December 4, 2025
Respectfully submitted,
JOEL M. ARESTY, P.A.
309 1st Ave S. Tierra Verde, FL 33715
Phone: 305-904-1903
Fax: 1800-559-1870
By: /s/Joel M. Aresty
Joel M. Aresty
Florida Bar No. 197483
/s/ Joel Aresty, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of December 4, 2025 I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

JOEL M. ARESTY, P.A.
309 1st Ave S. Tierra Verde, FL 33715
Phone: 305-904-1903
Fax: 1800-559-1870
By: /s/Joel M. Aresty
Joel M. Aresty
Florida Bar No. 197483
/s/ Joel Aresty, Esq.

## SERVICE LIST

**Notice will be electronically mailed to:**

Juan Ramirez, Jr., Esquire on behalf of **JMB/Urban 900 Development Partners, Ltd**
JMB/Urban 900 Development Partners, Ltd
900 North Michigan Ave
Chicago, IL 60611, jr@adrmiami.com
Chris Kosachuk, chriskosachuk@gmail.com

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

JMB Urban 900 Development Partners, Ltd      Case No. 25-cv-23860-

SANCHEZ

v.

Liza Hazan a/k/a Elizabeth Hazan and World of
Concepts, LLC,

             Defendants.

_____/

## MOTION TO STRIKE FRAUDULENT MOTION FOR POSTJUDGMENT WRIT OF EXECUTION ECF15, AND MOTION TO STRIKE MOTION FOR POST JUDGMENTGARNISHMENT ECF 16, ECF 17, AND NOTICE TO CLERK ECF 21, MOTION FOR CONTEMPT AGAINST JUAN RAMIREZ, JR, KOSACHUK AND JMB

**COMES NOW,** Defendants, Liza Hazan also known as Elizabeth Hazan, World of Concepts, LLC, and file this Response in Opposition and Motion to strike and Quash Plaintiff Chris Kosachuk's fraudulent filings and respectfully move this Court for the entry of an order Quashing and Striking Post Judgment Writ of Execution and Writ of garnishment and Notice of Recording of Foreign Judgment recorded in Official Records Book 33942 at Pages 1405 on August 1, 2025 CFN 20250593286, Records Book 34879 at Pages 83, quashing and striking Chris Kosachuk's affidavit, recorded on July 28, 2025 in Official Records Book 34869 at Pages 4898, CFN20250576584, quashing and striking Modification to Final Order of Judgment recorded on July 29, 2025 Book 34872 Page 68, CFN 20250579948, pursuant to Florida Enforcement of Foreign Judgments Act§ 55.509 and determining the filing of this fraudulent judgment filed by Kosachuk to be null and void, for injunctive relief, and awarding sanctions, punitive damages, costs, attorney's fees, and other relief, and awarding sanctions, damages, punitive damages, costs, attorney's fees, quashing and striking JMB Urban 900 Development Partners, LTD by and through its assignee, Christopher Kosachuk, *pro se*, the issuance of a post-judgment Motion for Writ of Execution on $1,079,511.84 by JMB/Urban 900 Development Partners Ltd. ECF 15, the issuance of a post-judgment writ of garnishment against Regions Bank, ECF 16, the issuance of a post-judgment writ of garnishment against Truist Bank, ECF 17, and Notice to Clerk ECF 21, move for contempt against Juan Ramirez, Jr. and Chris Kosachuk and JMB Urban 900 Development Partners, LTD. In support thereof, respectfully state as follows.

## I.  INTRODUCTION:

1.  On June 12, 2018, the bankruptcy Court entered its Order Confirming Hazan's Plan of Reorganization (Confirmation Order) Chapter 11 bankruptcy case 16-10389-AJC [ECF No. 691]. A true and correct copy of the confirmation order attached as **Exhibit "A"**.

2.  Paragraph 8 of the Confirmation Order contains an injunction prohibiting creditors whose claims were extinguished from pursuing such claims against the debtor:

> All creditors whose judgments are declared null and void (if any) are enjoined from commencing, continuing, or employing any action, process, or act to collect, recover, or offset any such debts as personal liability of the Debtor, or from property of the Debtor, whether or not discharge of such Debtor is waived.

3.  Paragraph 9 of the Confirmation Order contains an injunction prohibiting all creditors from taking any action to collect any prepetition debt or to enforce any lien against the Hazan's property based on a prepetition claim:

> All creditors are also enjoined from commencing, continuing, or employing any action, process, or act to collect, recover, or offset any debts, or enforce any liens against the Debtor on account of any debt that existed as of the Petition Date.

4.  Kosachuk's company NLG (now a defunct chapter 7 bankruptcy entity in the sole control of Delaware Trustee Alfred Giuliano) filed a late proof of claim in Hazan's chapter 11 bankruptcy case, which was later completely disallowed by the bankruptcy Court in a November 1, 2017, Final Judgment in Adversary Case No. 16-01439. [*See* Case No. 16-01439 ECF No. 238]. A true and correct copy of the Final Judgment attached as **Exhibit "B"**.

5.　　In the Adversary Case, this Court held a trial on July 13, 2017, and on November 1, 2017, entered a Final Judgment on Counts I, II and III in favor of Ms. Hazan. *Id*. It declared that NLG's claim against the debtor had been satisfied and that NLG had no further claim against the Debtor Liza Hazan a/k/a Elizabeth Hazan under the Note, Mortgage or any court order. *Id*. And this Court forever quieted the Debtor's title to her property as against all claims by NLG:

> NLG, LLC's judgment on the promissory note, the Scola Judgment, recorded at Book 26406, Page 3259-3260, CFN2008R0446831, also recorded at Book 26357 Pages 3948-3949 CFN20080361591, the Note and the Mortgage recorded at Book 25559 Pages 4266-4272 CFN2007R0410013, NLG, LLC's foreclosure Judgment entered in favor of NLG and against Elizabeth Hazan on December 4, 2015, the Gordo Foreclosure Judgment, recorded at Book 29902 Pages 3737-3742 CFN 20150812181 affecting Debtor's homestead Property known as 6913 Valencia Drive, Miami, Florida 33109 with the following legal description:

> LOT 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10 according to the Plat thereof, recorded in PLAT Book 157, Page 64, of the Public Records of Miami-Dade County, Florida

> have been satisfied and paid, and are deemed SATISFIED OF RECORD, and Debtor has good title to said Property against the claims or purported claims by, through, under, or against it by NLG, LLC and the title to the Property is forever quieted as to all claims of NLG, LLC.

> Case No. 16-01439 ECF No. 238 at 14. **Exhibit "B"**.

6.　　In direct contravention of Paragraphs 8 and 9 of the Confirmation Order, on Kosachuk, and his company NLG, LLC[1] and its attorneys have repeatedly violated the orders of the bankruptcy Court, resulting in several previous sanctions orders.　In particular, the bankruptcy Court held, following the previous sanctions motions against Kosachuk.

> "Other than the injunction herein [against Kosachuk for filing the Seventh Lis Pendens], the Court declines to impose any monetary sanctions on Mr. Kosachuk for his contempt in this instance; however, the Court cautions Mr. Kosachuk that any future violations of this Court's Orders, including

---

[1] NLG is presently a debtor in an involuntary Chapter 7 bankruptcy action filed by its principal, Chris Kosachuk, Case No. 21-11269-JKS, in the District of Delaware.

the injunction contained herein, may incur extraordinary sanctions to coerce compliance in the face of contempt, including monetary sanctions and incarceration".

## II. THE BANKRUPTCY COURT HAS PREVIOUSLY FOUND THAT KOSACHUK LACKS STANDING IN MS. HAZAN CASE.

The bankruptcy Court previously found that:

 "Chris Kosachuk, who has not filed a proof claim or otherwise participated in an individual capacity in Hazan's bankruptcy case, lacks standing to seek revocation. Pursuant to 11 U.S.C. §1109(b), only "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity securityholder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." A party in interest must have "a direct legal interest in the case" and may only "assertthat interest with respect to any issue to which it pertains." *In re JMP-Newcor International, Inc.*,225 B.R. 462, 464 (Bankr. N.D. Ill. 1998) (citations omitted). As Kosachuk has no claim against Hazan, he is unaffected by the confirmation of Hazan's plan. He also lacks standing regarding confirmation of Hazan's plan because he holds no allowed claim. *See, e.g.*, *In re Flintkote Co.*, 526 B.R. 515, 520 (D. Del. 2014) (purported creditor lacked standing to challenge plan confirmation "because all of its asserted claims were untimely or disallowed"); *In re Delta Air Lines, Inc*., 374 B.R. 516 (Bankr. S.D.N.Y. 2007)."

Bankruptcy Case chapter 11 Liza Hazan 16-10389-AJC Adversary Case 18-01492-AJC Doc 35. A true and correct copy of the Order is attached as **Exhibit "E".**

## III. KOSACHUK'S REPEATED VIOLATIONS OF THE CONFIRMATION AND DISCHARGE ORDERS.

In violation of the injunctions in the Confirmation Order and the Discharge Order, Kosachuk has repeatedly engaged in actions as a further effort to collaterally attack the Final Judgment on Counts I, II and III entered on November 1, 2017 in Adv. No. 16-01439. The Bankruptcy Court has previously warned Chris Koschuk, NLG parties and his attorneys:

> "to refrain from taking *any other action* in contravention of the Final Judgment on Counts I, II and III entered on November 1, 2017 in Adv. No. 16-01439 or the Confirmation Order entered on June 12, 2018."
> Bankruptcy Case chapter 11 Liza Hazan 16-10389-AJC ECF 780 at 9. A true and correct copy of the Sanctions Order is attached as **Exhibit "F".**

The Court has further found that the various filings of Lis Pendens against Ms. Hazan's Fisher Island homestead were an effort to collect a pre-petition claim that this Court determined was already extinguished and appear to be a collateral attack on the Final Judgment. Kosachuk is now attempting to take the same wrongful action.

The Court determined that neither NLG nor Chris Kosachuk have a lien on Debtor's property; the Court held that any alleged lien of NLG on Debtor Hazan's property was extinguished or satisfied. That judgment has become final. T he Court has already concluded that:

> "the filing of the seventh lis pendens at this late stage in the proceedings violates the injunctions provided by the Confirmation and Discharge Orders. The Final Judgment on Counts I, II and III entered on November 1, 2017 in Adv. No. 16-01439-BKC-AJC-A [ECF 238] was not stayed. The District Court and the Eleventh Circuit Court of Appeals (which orders on appeal have become final) have held that any challenges to the Final Judgment are barred by the doctrine of equitable mootness. No collateral attack on the Final Judgment can overcome those rulings. The filing of the Delaware Adversary Proceeding and subsequent recording of the Seventh and Eighth Lis Pendens are further violations of the Discharge Injunction and Confirmation Order."

See contempt orders attached as **Exhibits "G"** and **"H"**.

On January 11, 2016, Elizabeth Hazan filed for Chapter 11 bankruptcy. Case 16-10389-RAM. JMB/URBAN 900 DEVELOPMENT PARTNERS LTD ("JMB") filed a proof of claim in the amount 664,380.47. [*See* Proof of Claim 4-2] after the entry of an Illinois State Court Judgment in the amount of $300,000.00 plus attorney fees in 2011 ("JMB pre-petition Illinois Judgment") and modified in 2013. [*See* Proof of Claim 4-2]. JMB's prepetition Illinois judgment was discharged in Bankruptcy. JMB never filed an objection to or appealed the Discharge Order entered on December 7, 2018 [ECF 766].

**THE COURT SHOULD QUASH NOTICE OF FILING OF FOREIGN JUDGMENT AND STRIKE CHRIS KOSACHUK'S FRAUDULENT FILINGS QUASH NOTICE OF FILINGS OF JMB'S DOMESTICATION OF ILLINOIS JUDGMENT PURSUANT AND QUASH FRAUDULENT MOTION FOR POSTJUDGMENT WRIT OF EXECUTION ECF 15 AND WRIT OF GARNISHMENT ECF 16, ECF 17 AND NOTICE TO CLERK ECF 21**

**PLAINTIFF'S CLAIMS ARE TIME-BARRED AND THE EXPIRED PRE PETITION ILINOIS JUDGMENT WAS DISCHARGED IN BANKRUPTCY AND PLAINTIFF'S CLAIMS IN BANKRUPTCY WERE REJECTED BY THE BANKRUPTCY COURT CASE 16-10389-RAM ECF 1484 AND THE JMB APPEAL WAS RECENTLY DISMISSED BY US DISTRICT COURT JUDGE CECELIAN ALTONAGA CASE 2025-23415 ON SEMPTEMBER 17, 2025 ECF 29**

JMB's Illinois pre petition judgment entered in 2011 and subsequently modified in 2013 is also "time-barred" became dormant and unenforceable as it was not revived within seven years from its entry or last revival. To continue enforcing the judgment, the judgment creditor must file a motion with the court

to revive it before it became dormant. If not revived, the judgment can no longer be used to collect debt, effectively rendering it time-barred for collection purposes. In Illinois, a judgment is considered "dormant" if it is not revived within seven years of its entry or last revival. A dormant judgment cannot be enforced. Without revival, the creditor loses the right to use legal enforcement actions like garnishing wages or placing liens on the debtor's property.

Moreover, on January 11, 2016, Elizabeth Hazan filed for Chapter 11 bankruptcy. Case 16-10389-RAM. At the time of the filing of Ms. Hazan's bankruptcy Chapter 11 case, JMB had a 2011 Illinois State Court Judgment which was modified in 2013 in the amount of $300,000 plus attorney fees. JMB filed a proof of claim in the amount of $664,380.47. [*See* Proof of Claim 4-2]. The JMB Illinois Judgment and JMB's proof of claim were dealt with in Ms. Hazan's plan and don't exist anymore. In June 12, 2018, the Bankruptcy Court confirmed Ms. Hazan's chapter 11 plan.

On December 2018, the Final Discharge Order [ECF 766] discharged Hazan from all of her pre-petition unsecured debts including JMB's prepetition claim and judgment. JMB never filed an objection to the entry of the Discharge order or ever filed an appeal. The Discharge Order is now final and non-appealable.

This Court should conclude the JMB's claims are time-barred by the Statute of Limitations.

### THE BANKRUPTCY COURT RJECTED JMB/KOSACUK'S MOTION TO REOPEN BANKRUPTCY CASE AND DISMISS CASE AND INSTRUCTED JMB/KOSACHUK TO TAKE HIS VENDETTA SOMEWHERE ELSE AND SUE FOR BREACH OF CONTRACT CASE 16-10389-RAM ECF 1484 AND JMB APPEAL WAS DISMISSED BY THIS COURT JUDGE CECILIA ALTONAGA CASE 25-CV-23415-CMA ON SEPTEMBER 17, 2025 ECF 29

On July 7, 2025, U.S. Bankruptcy Judge Robert A. Mark entered an Order Denying a Motion to Dismiss filed by JMB/Kosachuk Chris ("Motion to Dismiss") and docketed on July 8, 2025 (the "Denial Order"). The Denial Order is attached as **Exhibit "I".**

The Motion to Dismiss filed by JMB on June 25, 2025 in Ms. Hazan's fully administered and closed bankruptcy case 16-10389-RAM argues that Ms Hazan failed to pay the amount of $275,000.00 that was supposed to be paid to JMB in the Ms. Hazan's confirmed Chapter 11 Plan. Exhibit

"JMB/Kosachuk's Motion to Reconsider was also denied by the honorable Judge Mark. Judge Altonaga dismissed the appeal of Judge Mark's order. This Court's dismissal Order is attached as **Exhibit "J".**

When Hazan filed this bankruptcy, JMB had an Illinois State Court Judgment in the amount of $300,000 plus attorney fees and filed a proof of claim in the amount of $664,380.47. [*See* Proof of Claim 4-2]. The Denial Order of the Motion for Rehearing is attached as **Exhibit "D".**

Kosachuk via JMB argued "JMB compromised this state court judgment for a $275,000 judgment that was to be paid on or before July 20, 2018 as part of the confirmed plan. It is now readily apparent, that the Debtor defrauding JMB into voting for the plan and reducing its state court judgment to $275,000. The amount due on the Illinois State Court Judgment now exceeds $1 million and this Debtor must now pay the full amount because she has defaulted on her confirmed plan payments to JMB and the bankruptcy should have been dismissed with prejudice. The Debtor will use this confirmed plan and her discharge order to prevent JMB from being paid. This Court must end this rouse of nonpayment to confirmed plan creditors." See JMB/Kosachuk's appeal brief filed on August 20, 2025 in pending appeal case 25-23415-CMA Doc 12.

However, U.S. Bankruptcy Judge mark denied Kosachuk via JMB's Motion to Reopen and Dismiss case for failure to pay JMB and ordered that JMB's only remedy is to sue for breach of the confirmed chapter 11 which was confirmed in June 12, 2018. The Bankruptcy Court ruled that "It is obvious that Mr. Kosachuk acquired the Transferred Claim to fabricate standing in an effort to continue this legal saga in this Court, but he is not going to succeed."

On July 28, 2025, JMB and its alleged assignee filed a domestication of the discharged pre petition Illinois judgment in the amount of $1,065,095.94. See attached a true and correct copy of the Chris Kosachuk's false sworn affidavit attached as **Exhibit "E"** falsely alleging that Ms Hazan and World of Concepts LLC owe $1,065,095.94.

"CHRISTOPHER KOSACHUK, being duly sworn, deposes and says:

1. I am the judgment creditor name above and my address is 854 Pheasant

Run Road, West Chester, Pennsylvania 19382.

2. This affidavit is submitted to the Court together with a certified copy of the

Final Order of Judgment and Modification of Final Order of Judgment" (the "Final Judgment")

entered in the Circuit Court of Cook County, Illinois, County Department, Law Division and

here in Florida pursuant to Fla. Stat. 55 .501-509.

3. The Final Order of Judgment and Modification of Final Order of Judgment

were not obtained by default in appearance or by confession of judgment.

4. The Final Judgment remains wholly unsatisfied and there is now due and

owing a total of $1,065,095.94 consisting of $432,245 of principal, $43,07639 of prejudgment

interest for a total amount accruing post judgment interest of $475,321.39. plus $589,774.47 of

post judgment interest through July 25, 2025 and per diem interest of $117.20 thereafter at the

of 9% annually.

5. Enforcement of the Final Judgment has not been stayed by any court.

6. The name and last known addresses of the judgment debtors are as follows:

Elizabeth Hazan

a/k/a Liza Hazan

6913 Valencia Dr.

Fisher Island, FL 33109

World of Concepts, LLC

6913 Valencia Dr.

Fisher Island, FL 33109"


A true and correct copy of the domestication of the prepetition Illinois judgment is attached as

**Exhibit "F".**


JMB and its alleged assignee Chris Kosachuk's claims for breach of the chapter 11 are time barred.

The statute of limitations for breach of contract is 5 years. The chapter 11 plan was confirmed on June 12, 2018. JMB and Chris Kosachuk are over two years too late.

In Miami's district courts (and all of Florida), the statute of limitations for breach of contract is five years for a written contract and four years for an oral contract, as established by <u>Florida Statute §</u> <u>95.11(2)(b)</u> and <u>§ 95.11(3)(k)</u>, respectively. The clock starts running from the date the cause of action accrues, meaning the date the breach occurred, and the "discovery rule" does not apply, so the period is not extended by a plaintiff's unawareness of the breach.

JMB's claims are barred by the Statute of Limitations. The statute of limitations has expired on June 2023. JMB's domestication of the original pre petition Illinois judgment is a collateral attack on the bankruptcy Confirmation Order and Discharge Order injunctions.

This Court should Grant Defendants' Motion to Dismiss with prejudice under Federal Rule of Civil Procedure (FRCP) 12(b) and conclude the JMB's claims are time-barred by the Statute of Limitations.

## MOTION FOR CONTEMPT, SANCTIONS, DAMAGES, AND PUNITIVE DAMAGES <u>AND MEMORANDUM OF LAW</u>

Liza Hazan a/k/a Elizabeth Hazan moves this Court for an order holding JMB and Chris Kosachuk, in contempt of court for willful violation of the bankruptcy Court's Order Confirming Hazan's chapter 11 Plan of Reorganization entered on June 12, 2018 [ECF 691] and the Discharge Order entered by the bankruptcy Court by domesticating an expired pre petition foreign Illinois judgment that was discharged in bankruptcy in her 2016-10389-RAM case and awarding sanctions, damages, punitive damages, costs, attorney's fees, and other relief, as follows:

1. On June 12, 2018, this Court entered its Order Confirming Plan of Reorganization (Confirmation Order). [ECF No. 691].

2. Paragraph 8 of the Confirmation Order contains an injunction prohibiting creditors whose claims were extinguished from pursuing such claims against the debtor:

All creditors whose judgments are declared null and void (if any) are enjoined from commencing,

continuing, or employing any action, process, or act to collect, recover, or offset any such debts as personal liability of the Debtor, or from property of the Debtor, whether or not discharge of such Debtor is waived.

    3. Paragraph 9 of the Confirmation Order contains an injunction prohibiting all creditors from taking any action to collect any prepetition debt or to enforce any lien against the debtor's property based on a prepetition claim:

All creditors are also enjoined from commencing, continuing, or employing any action, process, or act to collect, recover, or offset any debts, or enforce any liens against the Debtor on account of any debt that existed as of the Petition Date.

## ARGUMENT AND MEMORANDUM OF LAW

    This Court has jurisdiction to enforce the injunctions in the Confirmation Order as well as to remedy violations of the automatic stay. In Paragraph 17 of the Confirmation Order, this Court specifically reserved jurisdiction over enforcement:

The Bankruptcy Court shall retain jurisdiction:

***

(m) To enforce any and all injunctions created pursuant to the terms of the Plan;

(n) To modify the Plan or to remedy any defect or omission or reconcile any inconsistencies in the Plan either before or after the entry of the Confirmation Order;

(o) To hear and determine all controversies, suits, and disputes that may arise in connection with the interpretation or enforcement of the Plan;

(p) To make such orders as are necessary or appropriate to carry out the provisions of the Plan.

ECF No. 691 at 6. Moreover, even without such an express reservation, "the court that enters an injunctive order retains jurisdiction to enforce its order." *Alderwoods Group, Inc. v. Garcia*, 682 F.3d 958, 970 (11th Cir. 2012).

    Under Eleventh Circuit precedent, this Court is authorized to impose sanctions on Mr. Kosachuk for his violation of the Court's injunctions as well as for their statutory violations:

Bankruptcy judges, like district judges, have the power to coerce compliance with injunctive

orders. In the bankruptcy context, "the creditor who attempts to collect a discharged debt is violating not only a statute but also an injunction and is therefore in contempt of the bankruptcy court that issued the order of discharge."

*Alderwoods*, 682 F.3d at 966 (quoting *Cox v. Zale Del., Inc.,* 239 F.3d 910, 915 (7th Cir. 2001)).

The discharge prohibits Mr. Kosachuk's conduct. In a Chapter 11 case,

 (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

**(2)** the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

**(3)** any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

**(4)** any act to create, perfect, or enforce any lien against property of the estate;

**(5)** any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

**(6)** any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title…

§ 362(a).

The Court should remedy these violations. Section 362(k)(1) directs the Court to remedy violations of the automatic stay through monetary sanctions, stating that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." Because Mr Kosachuk, assignee of JMB, has willfully violated the discharge Order, the Court should order them to pay damages, including punitive damages, costs, and attorney's fees to Ms. Hazan.

A creditor engages in a "willful violation" of the automatic stay when the creditor "(1) knew the automatic stay was invoked and (2) intended the actions which violated the stay." *Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1555 (11th Cir. 1996). Willfulness does require that the creditor had "'a specific intent to violate the automatic stay,' but only that the defendant knew of the automatic stay and intended the acts that violated the stay." *Id.* (quoting *In re Goodman*, 991 F.2d 613, 618 (9th

Cir.1993)).

Kosachuk's violations of the confirmation order and the discharge order were willful. First, there can be no question that they knew that the discharge order had been invoked. Indeed, this is not the first time that the debtor has been forced to move for sanctions as a result of Kosachuk's violations of the confirmation and Discharge order. *See* ECF No. 469.

In addition to its authority to remedy violations of the automatic stay, this Court also "possesses the inherent power to sanction contempt of its orders," including for violating the injunctive provisions of a plan confirmation order. *Alderwoods*, 682 F.3d at 970. The Court should impose sanctions on Kosachuk and JMB on that basis as well. Paragraphs 8 and 9 of the Confirmation Order unambiguously enjoin creditors from pursuing collection of prepetition debts and from imposing liens based on those debts. JMB, and Chris Kosachuk, violated those injunctions in recording the Notice of Foreign judgment in the amount of $1,000,000.00 after Ms. Hazan received a Discharge in December 2018 discharging her from all of her pre-petition judgments.

Their conduct has caused significant damage to the debtor and has impeded her in effectuating the Plan of Reorganization and obtaining a fresh start. The wrongful filing of the domestication of a foreign judgment in state court exceeding $1,000,000.00 has caused Ms. Hazan serious damages.

Section 362 of the Bankruptcy Code provides "for recovery of actual damages, attorney's fees, costs, and punitive damages, where appropriate, for a willful violation of the automatic stay." *In re: Dynamic Tours*, 359 B.R. 336, 342 (Bankr. M.D. Fla. 2006). And the Court may impose additional sanctions for a party's non-compliance with the Court's injunctions, including "traditional sanctions for coercing compliance with an injunction—incarceration or financial penalty," as well as entering "orders to obviate conduct that stands to frustrate administration of the Bankruptcy Code," or "'any type of order, whether injunctive, compensative or punitive, as long as it is necessary or appropriate to carry out the provisions of the Bankruptcy Code.'"

To remedy JMB and Mr. Kosachuk's violations of the injunctions contained in the Confirmation Order as well as of the discharge order, the Court should order them to immediately withdraw or

dismiss their filing of foreign judgment and false affidavit in support of domestication of foreign judgment with prejudice as well as to withdraw, dismiss, cancel, or otherwise remove the domestication of foreign judgment with prejudice. It should also order them to dismiss their suit pending as Case No. Case No. 25-14286 CA 13 with prejudice and to discontinue prosecution of their judgment, claims with prejudice in the State Court in Case No. 25-14286 CA 13. Such actions are necessary to mitigate the deleterious effects of their violations on the reorganized and discharged debtor's efforts to successfully reorganize and obtain a fresh start.

In addition, the Court should award actual damages, including the attorney's fees that Ms. Hazan has incurred to defend herself and obtain relief from the wrongful conduct of JMB, Mr. Kosachuk. *See In re Omine*, 329 B.R. 343 (Bankr. M.D. Fla. 2005), *aff'd*, 2006 WL 319162 (M.D. Fla. 2006) (explaining that attorney's fees are an element of actual damages for a stay violation). In fact, the Court may award attorney's fees even if they are the only actual damages established by the debtor. *In re Hedetneimi*, 297 B.R. 837 (Bankr. M.D. Fla. 2003).

Moreover, JMB, Mr Kosachuk, have engaged in repeated violations of the Discharge Order and plan injunctions even after facing motions for contempt for previous conduct, and even after being warned by the debtor's counsel that their conduct was wrongful. As such, additional sanctions are necessary to deter JMB, Mr. Kosachuk, from taking additional actions in state court to collect on a discharged debt. Accordingly, Ms. Hazan requests that the Court award punitive damages as well.

**WHEREFORE**, Liza Hazan also known as Elizabeth Hazan, and World of Concepts, LLC respectfully request that the Court enter an order: (a) Granting Motion to strike and Quash Plaintiff Chris Kosachuk's fraudulent filings and respectfully moves this Court for the entry of an order Quashing and Striking Notice of Recording of Foreign Judgment recorded in Official Records Book 33942 at Pages 1405 on August 1, 2025 CFN 20250593286, Records Book 34879 at Pages 83, quashing and striking Chris Kosachuk's affidavit, recorded on July 28, 2025 in Official Records Book 34869 at Pages 4898, CFN20250576584, quashing and striking Modification to Final Order of Judgment recorded on July 29, 2025 Book 34872 Page 68, CFN

20250579948, pursuant to Florida Enforcement of Foreign Judgments Act§ 55.509 and determining the filing of this fraudulent judgment filed by Kosachuk to be null and void, for injunctive relief, and awarding sanctions, punitive damages, costs, attorney's fees, and other relief, and awarding sanctions, damages, punitive damages, costs, attorney's fees, and other relief Dismissing the Domestication of the JMB's Illinois Judgment with prejudice and dismissing the state court case No. 25-14286 CA 13 (b) Concluding the JMB's claims are time-barred by the Statute of Limitations; (c) finding JMB, Mr. Kosachuk, have violated the Discharge Order and injunctions contained in the Confirmation Order and the Discharge Order by filing and recording in State Court a domestication of a discharged pre petition Illinois judgment; (d) finding JMB, Mr. Kosachuk, in contempt of court; (e) ordering the immediate removal with prejudice of JMB state courts filings, dismissal or withdrawal with prejudice of the Case No. 25-14286 CA 13 and withdrawal of all pending pleadings and recorded documents and dismissal of this case with prejudice; (f) Strike and Quash Plaintiff Chris Kosachuk and JMB/Urban 900 Development Partners Ltd.'s fraudulent filings Motions for Post Judgment Execution and Motions for Post Judgment Writs of garnishment, ECF 15, ECF 16, ECF 17; Permanently enjoining JMB and Kosachuk Chris (and their officers, agents, representatives) from taking any other action judicially or otherwise in contravention of the Confirmation Order entered on June 12, 2018 [ECF 691], and the discharged Order entered on December 7, 2018 [ECF 766] barring JMB and Chris Kosachuk and their officers (and their officers, agents, and representatives) from attempting to re-litigate in any other forum the issues and claims tried in the bankruptcy case 16-10389-RAM, including but not limited to the validity of any of the Bankruptcy rulings, orders; (e) awarding damages in favor of the debtor Liza Hazan also known as Elizabeth Hazan and jointly and severally against Chris Kosachuk, JMB including actual damages, attorney's fees and costs, and punitive damages; (f) Grant such other and further relief as the Court deems just and proper;

**WHEREFORE**, Liza Hazan a/k/a Elizabeth Hazan and World of

C o n c e p t s ,  L L C, respectfully request this Honorable Court grant an order striking and quashing the Notice of Recording of Foreign Judgment, Strike and Quash and or Deny Plaintiff Chris Kosachuk on behalf or as alleged assignee of JMB/Urban 900 Development Partners Ltd. and JMB/Urban 900 Development Partners Ltd.'s fraudulent filings, JMB's Motions for Post Judgment Execution ECF 15 and Motions for Post Judgment Writs of garnishment, ECF 16, ECF 17; Notice to Clerk re: Judgment on Docket by JMB/Urban 900 Development Partners Ltd ECF 21, Sanction Counsel Juan EXHIBIT irez Jr, JMB and Chris Kosachuk for knowingly attempting to collect on a pre petition discharged debt in Liza Hazan's bankruptcy case 16-10389-RAM, further order that JMB and Chris Kosachuk are permanently enjoined from recording this pre petition expired foreign Illinois Judgment, against Liza Hazan also known as Elizabeth Hazan and World of Concepts, LLC and Grant Liza Hazan also known as Elizabeth Hazan' and World of Concepts, LLCs fees, damages and sanctions for defending this matter and other such relief as this Honorable Court determines appropriate.

Respectfully submitted,

> JOEL M. ARESTY, P.A.
> 309 1st Ave S. Tierra Verde, FL 33715
> Phone: 305-904-1903
> Fax: 1800-559-1870
> By:   /s/Joel M. Aresty
> Joel M. Aresty
> Florida Bar No. 197483
>
> /s/ Joel Aresty, Esq.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 26, 2025, a true and correct copy of the foregoing was filed electronically and was sent by Email from the Courts' E-Filing Portal System, unless otherwise noted below, on all counsel or parties of record listed below to Plaintiff Chris Kosachuk 854 Pheasant Run Road, West Chester, PA 19382; Email address chriskosachuk@gmail.com.

JOEL M. ARESTY, P.A.
309 1st Ave S. Tierra Verde, FL 33715
Phone: 305-904-1903
Fax: 1800-559-1870
By: __/s/Joel M. Aresty
Joel M. Aresty
Florida Bar No. 197483


_/s/ Joel Aresty, Esq._

EXHIBIT A



**ORDERED in the Southern District of Florida on June 11, 2018.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
**www.flsb.uscourts.gov**

In re:                                            Case No: 16-10389 AJC
                                                   Chapter 11
Liza Hazan
 Debtor._____/

### ORDER CONFIRMING PLAN OF REORGANIZATION

THIS MATTER came before the Court on May 30, 2018 at 2:00 PM. upon Doc 563 Liza Hazan a/k/a Elizabeth Hazan's Fourth Amended Plan of Reorganization and Doc 562 Liza Hazan a/k/a Elizabeth Hazan's Fifth Amended Disclosure Statement both filed 11/15/17 proposed by (the "Debtor" or "Proponent") and Order Approving Amended Disclosure Statement and Setting Hearing on Confirmation of Plan entered 12/13/17 Doc 580.

In connection with the confirmation of the Plan, the Court has reviewed and considered the: (i) *Certificate on Acceptance of Plan and Tabulation of Ballots Filed by Debtor Doc 681* , (the "Ballot Certificate") and (ii) *Confirmation Affidavit Filed by Debtor Doc 680,* (the "Confirmation Affidavit"). The Court has also: (i) reviewed and considered the entire record in this Chapter 11 Case, including the *Proponent's Disclosure Statement* and the Plan; (ii) considered the argument of counsel; (iii) considered the testimony of the Debtor as set forth in the Confirmation Affidavit which was proffered at the Confirmation Hearing without objection, and representations of counsel at the hearing, and (iv) considered the other evidence presented at the hearing.

The only creditors who previously objected to or voted against the plan were present, and announced that they were changing their votes to support the plan or had no objection.

## I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Based upon the above and in consideration of the record in this case, the Court makes the following findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure, and Rule 52(a), Federal Rules of Civil Procedure. Where appropriate, findings of fact shall constitute conclusions of law and conclusions of law shall constitute findings of fact. *See In re American Family Enterprises,* 256 B.R. 377, 385 n,2 (Bankr. N.J, 2000); *In re Antar,* 122 B,R, 788, 789 (Bankr. S.D. Fla. 1990).

A. The Court conducted a hearing to consider approval of the Disclosure Statement and Plan filed by the Debtor.

B. There has been adequate and sufficient notice of: (i) the Plan and the Disclosure Statement; (ii) the deadline to file and serve objections to the confirmation of the Plan and to the adequacy of the Disclosure Statement; (iii) the deadline for voting on the Plan; and (iv) the hearing date on the approval of the Disclosure Statement and Confirmation of the Plan. Debtor has afforded all parties in interest with an adequate opportunity to be heard regarding the Disclosure Statement and the Plan. The Plan and Disclosure Statement were served upon all parties entitled to vote thereon.

C. The Court has jurisdiction over this matter pursuant to 11 U.S.C. §§ 105, 1121 through 1129; 28 U.S.C. §§ 157(a), (b)(I) and (b)(2)(L), 1334(a) and (b), the United States District Court's general Order of reference, and other various applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

D. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a);

E. In accordance with section 1122(a) of the Bankruptcy Code, Article II of the Plan classifies all Claims that are substantially similar to each other in discrete classes. The Plan, therefore, satisfies section 1122(a) of the Bankruptcy Code;

F. The Plan adequately and properly classifies all Claims and Interests required to be classified and, accordingly), satisfies section 1123(a)(1) of the Bankruptcy Code;

G. Articles II through V of the Plan specify any class of Claims or Interests that are impaired or unimpaired under the Plan, and accordingly, satisfy section 1123(a)(2) and (3) of the Bankruptcy Code;

H. The Plan provides the same treatment for each Claim or Interest in each Class unless the holder of such a Claim or Interest agrees to less favorable treatment, if applicable, and accordingly, satisfies section 1123(a)(4) of the Bankruptcy Code;

I. The Disclosure Statement Article III sets forth the means by which the Plan will be implemented, and accordingly, makes adequate means for its implementation and satisfies section 1123(a)(5) of the Bankruptcy Code; the Plan will be funded through funds from the ongoing operation of the Debtor's properties and jobs;

J. Each of the Voting Classes have accepted the Plan in the requisite number of

2

ballots, and in the requisite dollar amount, as required pursuant to 11 U.S.C § 1126(c) and as set forth in the Ballot Certificate;

K. The Ballot Certificate correctly set forth the tabulation of votes, as required by the Bankruptcy Code, Bankruptcy Rules, and the Local Rules of the Bankruptcy Court for the Southern District of Florida;

L. The Plan was voted on by all Classes of Impaired Claims that were entitled to vote pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Confirmation Procedures Order;

M. The Ballot Certificate and evidence at the hearing reflects that all Classes have accepted or not rejected the Plan;

N. All other objections to confirmation were announced to be settled at the Confirmation Hearing;

O. The Plan complies with all applicable provisions of the Bankruptcy Code, including 11 U.S.C. § 1129(a) and (b) with respect to all Classes of Claims and Interests under the Plan, and, as required by Bankruptcy Rule 3016(a), the Plan is dated and identifies the Debtor as the Proponent;

P. The Proponents of the Plan complied with all applicable provisions of the Bankruptcy Code, including 11 U.S.C. § 1129;

Q. The Plan has been proposed and submitted to all Creditors and Interest Holders in good faith and not by any means forbidden by law and therefore 11 U.S.C. § 1129(a)(3) is satisfied;

R. All payments made, or to be made, by the Debtor in connection with this Chapter 11 case or in connection with the Plan either have been approved by or are subject to the approval of the Bankruptcy Court, including applications for compensation and reimbursement of expenses and, therefore, the Plan satisfies the requirements of 11 U .S.C. § 1129(a)(4);

S. The Proponent of the Plan has disclosed the identity of the individual Reorganized Debtor, who will serve after the Confirmation Date and, therefore, the Plan satisfies the requirements of II U.S.C. § 1129(a)(5);

T. The Plan does not discriminate unfairly, is fair and equitable, and otherwise complies with all of the provisions of Section 1129(b) of the Bankruptcy Code with respect to each Class of Claims or Interests that are impaired under the Plan, including without limitation, creditors holding Unsecured Claims who will receive more on account of their Claims under this Plan, than they would receive in a chapter 7 liquidation;

U. The Plan and Disclosure Statement were accompanied by projections that support the financial viability of the Reorganized Debtor, and, accordingly, the requirements of 11U.S.C. § 1129(a)(11) are satisfied;

V. The ongoing operation of the properties and incomes of Debtor will provide sufficient funds available for the payment in whole of: (i) Allowed Administrative Expense Claims (unclassified), which will be paid on the Effective Date; (ii) United States Trustee's Fees (unclassified); secured claims and a dividend to unsecured creditors.

**THEREFORE, BASED UPON THE FOREGOING FINDINGS, IT IS ORDERED AS FOLLOWS**:

1. The Plan is **CONFIRMED** pursuant to 11 U.S.C. § 1129.

2. The findings of fact and conclusions of law set forth above shall constitute the findings of fact and conclusions of law of this Court pursuant to Bankruptcy Rule 7052. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

3. All of the Terms and provisions of the Disclosure Statement and Plan are approved.

4. There are no allowed Administrative Expense Claims other than those of the Debtor's professionals and US Trustee fees. Administrative Expense Claims related to professional fees and costs shall be awarded by separate order of the Court.

5. Discharge. Because the Debtor is an individual—
**(A)** unless after notice and a hearing the court orders otherwise for cause, confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments under the plan;
**(B)** at any time after the confirmation of the plan, and after notice and a hearing, the Court may grant a discharge to the Debtor who has not completed payments under the plan if—
**(i)** the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the Debtor had been liquidated under chapter 7 on such date;
**(ii)** modification of the plan under section 1127 is not practicable; and **(iii)** subparagraph (C) permits the court to discharge; and **(C)** the court may grant a discharge if, after notice and a hearing held not more than 10 days before the date of the entry of the order granting the discharge, the court finds that there is no reasonable cause to believe that—
**(i)** section 522(q)(1) may be applicable to the Debtor; and **(ii)** there is pending any proceeding in which the Debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B); and if the requirements of subparagraph (A) or (B) are met.

6. As of the Effective Date all pre-petition property of the estate shall re-vest in the Reorganized Debtor.

7. Any judgment obtained in any court other than this Court is null and void as a determination of the individual liability of the Debtor with respect to debts dischargeable or determined by this Court to be discharged under 11 USC § 1141.

4

8. All creditors whose judgments are declared null and void (if any) are enjoined from commencing, continuing, or employing any action, process, or act to collect, recover, or offset any such debts as personal liability of the Debtor, or from property of the Debtor, whether or not discharge of such Debtor is waived

9. All creditors are also enjoined from commencing, continuing, or employing any action, process, or act to collect, recover, or offset any debts, or enforce any liens against the Debtor on account of any debt that existed as of the Petition Date.

10. The Debtor shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. Section 1930(a)(6), through Confirmation, within ten (10) business days of entry of this Confirmation Order. The Reorganized Debtor shall file with the Court post-confirmation Quarterly Operating Reports and pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) for post-confirmation periods within the time period set forth in 28 U.S.C. § 1930(a)(6), based upon all post-confirmation disbursements, until the earlier of the closing of this case by the issuance of a order by the Bankruptcy Court, or upon the entry of an Order by the Bankruptcy Court dismissing this case or converting this case to another chapter under the United States Bankruptcy Code.

11. To the extent applicable, the Reorganized Debtor shall have the standing and authority to pursue all claims objections. Upon the resolution of all claims objections, if any, and upon this Confirmation Order becoming final, the Reorganized Debtor shall file a Final Report of Estate and Motion for Final Decree Closing Case (the "Final Report") on the Court approved local form.

12. The Reorganized Debtor shall pay all allowed claims at such time an in such amounts as provided for in the Plan.

13. The failure to reference or address all or part of any particular provision of the Plan herein shall have no effect on the validity, binding effect, or enforceability of such provision, and such provision shall have the same validity, binding effect, and enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control, except as otherwise provided herein.

14. If any provision of this Confirmation Order is hereafter modified, vacated, or reversed by subsequent order of this Court, or any court, such reversal, modification, or vacation shall not affect the validity of the obligations incurred or undertaken under or in connection with the Plan, nor shall such reversal, modification, or vacation of this Confirmation Order affect the validity or enforceability of such obligations. Notwithstanding any reversal, modification, or vacation of this Confirmation Order, any such obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacation, shall be governed in all respects by the provisions of this Confirmation Order and the Plan, and all documents, instruments, and agreements related thereto, or any amendments or modifications thereto.

15. The Debtor has complied with all of the provisions of the U.S. Bankruptcy Code and the Federal Bankruptcy Rules concerning notice, disclosure, and solicitation in connection with the

Plan, the Disclosure Statement, the Modification, and all other matters considered by this Court in connection with this Chapter 11 case. The Debtor properly served the Confirmation Procedures Orders and gave proper notice of the Confirmation Hearing in accordance with Bankruptcy Rules 2002, 3017(d), and 3020(b)(2). The Notice and the opportunity given for a hearing before the Court on the approval of the Disclosure Statement and the confirmation of the Plan was adequate and satisfactory under the circumstances of this case.

16. **All executory contracts and unexpired leases listed in Article VI of the Plan are deemed either assumed or rejected as indicated in the Plan as of the date of the Confirmation Hearing, and the Reorganized Debtor is authorized to enter into such contracts as they deem appropriate in the exercise her business judgment without the need for a motion and hearing in this Court.**

17. The Bankruptcy Court shall retain jurisdiction:

(a) To enable the Debtor to consummate the Plan and any amended or modified Plan and to resolve any disputes arising with respect thereto;

(b) To enable the Debtor to consummate any and all proceedings that it may bring prior to the entry of the Confirmation Order;

(c) To determine all controversies relating to or concerning the classification, subordination, allowance, valuation or satisfaction of Claims;

(d) To liquidate or estimate for purposes of allowance all contested, contingent or unliquidated Claims;

(e) To determine the validity, extent and priority of all liens, if any, against property of the estate;

(f) To determine all assertions or an ownership interest in, the value of, or title to, any property of the estate;

(g) To determine all objections to Administrative Claims;

(h) To determine all (1) adversary proceedings, contested or litigation matters brought before the Bankruptcy Court; and, (2) any and all claims or Causes of Action asserted by the Debtor, either by and through the Debtor or Reorganized Debtor;

(i) Without limiting the generality of the preceding paragraph, to determine any Avoidance Action brought by the Debtor;

(j) To determine all controversies arising out of any purchase, sale, or contract made or undertaken by the Debtor prior to the Confirmation Date;

(k) To enforce all agreements assumed, if any, and to recover all property of the estate, wherever located;

(l) To determine any tax liability of the estate in connection with the Plan, actions taken, distributions or transfers made thereunder;

(m) To enforce any and all injunctions created pursuant to the terms of the Plan;

(n) To modify the Plan or to remedy any defect or omission or reconcile any inconsistencies in the Plan either before or after the entry of the Confirmation Order;

(0) To hear and determine all controversies, suits, and disputes that may arise in connection with the interpretation or enforcement of the Plan;

(p) To make such orders as are necessary or appropriate to carry out the provisions of the Plan.

18. Pursuant to 11 U.S.C. § 1141(d)(5)(A), the Debtor shall be discharged from all pre-Confirmation debts except as is provided in the Plan, pursuant to the procedures set forth herein,

upon completion all payments required under the Plan to unsecured creditors.  Upon the satisfaction of all payments required under the Plan to unsecured creditors, the Reorganized Debtor shall file a Final Report of Estate and Motion for Final Decree Closing Case on the Court approved local form.

(a)     Notwithstanding the above, the Debtor may request that the Court close this bankruptcy proceeding prior to the entry of an Order of Discharge, pursuant to the following procedures:

(b)     The Debtor may file a Motion to Temporarily Close Bankruptcy Case Prior to Entry of Order of Discharge (the "Motion to Close") after the following events have occurred: (I) payment of the Initial Payment (defined in the Plan) to Unsecured Creditors; (ii) payment of all outstanding quarterly United States Trustee Fees as of the date of the Order approving the Motion to Temporarily Close; and (iii) the filing of all outstanding federal income tax returns.  The Motion to Close shall certify that each of the above conditions have been met.

(c)     The Motion to Close (and Notice of Hearing thereto) shall be served to all creditors and interested parties.  The Court may grant the Motion to Close, pursuant to 11 U.S.C. § 350(a), if each of the above conditions have been met.

(d)     During the time that this bankruptcy case is temporarily closed, the provisions of the confirmation order shall remain in effect with respect to the

treatment of creditor claims that existed as of the bankruptcy petition date, as long as the Debtor continues to be in compliance with the Plan and the Court's Order Confirming Debtor's Plan of Reorganization and Setting Bar Date for Lease and Executory Contract Rejection Claims (the "Confirmation Order"), and as long as the Debtor timely makes all of the payments to unsecured creditors, as contemplated under the Plan.

(e)     Upon the satisfaction of all payments required under the Plan to Unsecured Creditors, the Debtor may file a motion to reopen this bankruptcy proceeding, pursuant to 11 U.S.C. § 350(b).  Any Clerk of Court fees associated with filing of the motion to reopen shall be waived.  The motion to reopen shall be verified and served upon all creditors and parties in interest and shall demonstrate that the Debtor has made all of the payments contemplated under the Plan to Unsecured Creditors.

(f)     Upon the re-opening of this bankruptcy proceeding, the Debtor shall promptly file a Final Report of Estate and Motion for Final Decree Closing Case on the Court-approved local form, which shall certify that all payments required under the Plan to Unsecured Creditors have been made.  The Court may then grant the Debtor a discharge, pursuant to 11 U.S.C. § 1141(d)(5).


### ###

Submitted by: David W. Langley who will serve copies to: all creditors and appearances.

**EXHIBIT B**



ORDERED in the Southern District of Florida on October 31, 2017.

A. Jay Cristol, Judge
United States Bankruptcy Court

---

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA

In re:

LIZA HAZAN,                                           CASE NO. 16-10389-BKC-AJC
a/k/a ELIZABETH HAZAN

        Debtor.                                       CHAPTER 11
_____/
LIZA HAZAN a/k/a ELIZABETH HAZAN
and SELECTIVE ADVISORS GROUP, LLC,                    ADV. NO. 16-1439-BKC-AJC-A

        Plaintiffs,

vs.

NLG, LLC

        Defendant.
_____/

### <u>FINAL JUDGMENT ON COUNTS I, II AND III OF PLAINTIFFS' THIRD AMENDED COMPLAINT DETERMINING VALIDITY, PRIORITY AND EXTENT OF LIENS AND SETTING TRIAL ON COUNTS IV THROUGH IX</u>

**THIS CAUSE** came before the Court for trial on July 13, 2017 at 10:00 a.m., upon

Plaintiffs, Selective Advisors Group, LLC ("Selective") and Liza Hazan a/k/a Elizabeth Hazan's

Third Amended Complaint and Defendant, NLG, LLC's Counterclaim. Selective commenced

this Adversary Proceeding against NLG, LLC ("NLG") on August 21, 2016, seeking a

determination of the nature and extent of its claimed lien, if any. Debtor joined the adversary

proceeding against NLG on October 21, 2016. The Third Amended Complaint was deemed the

operative Complaint by Order entered January 23, 2017, and NLG filed an Amended Answer and

Counterclaim on May 17, 2017. In its Counterclaim, NLG also seeks a determination of the nature

and extent of its claimed lien and that its late filed claim be allowed as a timely filed claim. Plaintiffs

seek a determination that NLG has no remaining claim against this Debtor and no standing to

participate in this case.

The Court having reviewed the file, the documentary evidence and exhibits, having heard

the testimony of witnesses and argument of counsel, finds and concludes as follows.

### A. **Background**

Ms. Hazan is the owner of her homestead residence located at 6913 Valencia Drive, Fisher

Island, Florida (the "Property"). She purchased the Property on March 7, 2007 from NLG. Chris

Kosachuk is the manager and representative of NLG. For nearly a decade, Kosachuk and NLG have

litigated with Debtor in multiple courts and in several jurisdictions. The various courts have entered

final orders setting forth the rights and obligations of Ms. Hazan, NLG, and Selective.

All interested parties to the various controversies are now before this Court and subject to its

jurisdiction. This Court is not an appellate court for any of the other courts; thus, full faith and credit

must be given to all of the final judgments and orders entered in the other courts as those judgments

have become final and not subject to appeal.

There have been claims or assertions that some of these other court decisions are erroneous.

However, when the decisions or judgments of those courts became final and not subject to further appeal, those decisions or judgments became the law of the respective case and not subject to further review by this Court. While arguments have been made to accept one or more of the prior judgments and ignore others, those arguments are not persuasive and this Court will attempt to determine the rights of the parties by giving full faith and credit to all of the final orders and judgments.

**State Court Proceedings**

NLG's claim against Debtor arises from a promissory note (the "Note") (Exhibit 1) and mortgage (the "Mortgage") (Exhibit 2) on the Property, recorded in April 2007 in the original amount of $1,275,000.00. In June 2007, NLG sued Debtor for an alleged breach of the Note, in Miami-Dade Circuit Court, Case No. 07-19532 CA 11 (Exhibit 3). On April 28, 2008, Circuit Judge Robert N. Scola Jr. entered a Default Final Judgment on the Note (the "Scola Judgment") against Ms. Hazan in the amount of $1,618,071.29 with 11% interest per annum (Exhibit 4). NLG moved to domesticate the Scola Judgment in New York and litigation followed in the New York Supreme Court.

In December 2011, NLG filed a second lawsuit, Case No. 11-42770 CA (01), in Miami–Dade Circuit Court seeking to foreclose on the Mortgage (Exhibit 5). On February 8, 2013, the trial court judge, Judge Spencer Eig, ruled that NLG had made an election of remedies by first suing on the alleged breach of the Note, and obtaining a judgment thereon. As such, Judge Eig precluded NLG from foreclosing on the Mortgage (Exhibit 6). NLG appealed that decision to the Third District Court of Appeal.

On April 30, 2014, while the Eig Order was on appeal to the Third District Court of Appeal, Plaintiff Selective acquired a 2012 New York judgment against NLG [and in favor of 9197-5904 Quebec, Inc.] and recorded the foreign judgment in Miami-Dade County, Florida in Case No.14-10475 CA (10) assigned to Circuit Court Judge Peter Lopez (the "Quebec Judgment"). NLG filed a

Motion to Quash the recording of the New York judgment against it in Florida. However, after NLG

failed to post a bond as ordered, Judge Lopez denied NLG's motion to quash on June 16, 2014, finding

that Plaintiff Selective has the right to enforce and collect on their foreign judgment, the

$5,000,225.00 Quebec Judgment.

Thereafter, on July 2, 2014, Selective, as owner of the then-domesticated foreign judgment,

the Quebec Judgment, brought proceedings supplementary in Case No.14-10475 CA (10) specifically

to seize and attach NLG's judgment against Hazan (the Scola Judgment) for the purpose of partially

satisfying the Quebec Judgment. Circuit Judge Lopez heard the Proceedings Supplementary Motion

on August 12, 2014 and August 15, 2014, and entered an Order on August 20, 2014, judicially

assigning to Selective the Scola Judgment against Debtor (the "Lopez Assignment Order"). The

Lopez Assignment Order states in pertinent part:

> 1.     The Court orders that the Hazan Final Judgment held by NLG, LLC, against
> Elizabeth Hazan, ("Hazan Final Judgment") and all of NLG, LLC's rights, claims and
> benefits held against Elizabeth Hazan are hereby judicially assigned to the Plaintiff-
> Assignee, SELECTIVE ADVISORS GROUP, LLC, a Delaware Limited Liability
> Company.
>
> 2.     Plaintiff-Assignee, SELECTIVE ADVISORS GROUP, LLC shall stand in
> the shoes of NLG, LLC with respect to all claims, rights, and benefits held by NLG,
> LLC so as to entitle it to recover all proceeds attributable to said judgment against
> additional Defendant, Elizabeth Hazan, with NLG, LLC receiving credit for all sums
> so received.
>
> 3.     Plaintiff, SELECTIVE ADVISORS GROUP, LLC shall give a credit to
> Defendant NLG, LLC in the sum of $2,746,953.34 which amount includes principal
> and interest through August 31, 2014 at the 11% judgment amount **without prejudice
> to Defendant establishing at further hearing why the credited amount should be
> greater**.

Exhibit 8 (emphasis added).

At trial, NLG argued that the Scola Judgment was the subject of an appeal at the time of the

assignment, and therefore could not have been judicially assigned by Judge Lopez. However, Judge

Lopez actually addressed and dismissed that argument when he denied NLG's motion to reconsider the Order of assignment of the Scola Judgment to Selective:

> Okay, so I assigned your interest in it to them (Selective), which had nothing to do with what's going on up on appeal. . . .
>
> That judgment that I assigned to them (Selective) or that interest in that judgment was up on appeal. I didn't affect the validity of what's up on appeal. I just said, if you win or lose, whatever happens, now, these people own it instead of you. The Third came back and said, too bad, you get to foreclose, they now own that judgment or note if that's what merged into it, they (Selective) get to go and foreclose.

Exhibit 22, Tr page 24 lines 3-5; Tr page 26 Lines 3-12. Judge Lopez's Orders are final.

**Satisfaction and Payment of the Scola Judgment**

On August 20 and 21, 2014, Selective filed a satisfaction of the Scola Judgment and the Mortgage (Exhibit 9). Selective gave credit to NLG towards the Quebec Judgment. According to the Electronic Judgment Lien Amendment Statement filed on September 5, 2014 with the Florida Secretary of State (Exhibit 14), it appears NLG was given credit in the amount of the Scola Judgment, or $1,618,071.29, without credit for interest thereon. The Lopez Assignment Order specifically determined that $2,746,953.34 was the correct sum to be credited to NLG for the Scola Judgment, as that amount includes interest from April 28, 2008 through August 31, 2014. **The Lopez Assignment Order also left open the possibility of an increase in that amount, should same be proven at a further hearing**.

The Lopez Assignment Order was never vacated or set aside, and the decision remains the law of the case.

In the New York lawsuit by NLG against the Debtor, Selective proceeded to intervene. Judge Barbara Jaffe of the New York Supreme Court entered a Decision and Order on October 30, 2014 recognizing Selective's assignment of the Scola Judgment pursuant to the Lopez Assignment Order. In that case, the court ordered the caption of the New York case be changed to reflect the substitution

of Selective Advisors Group, LLC as the proper party, in place of NLG, LLC (Exhibit 18). The court

also directed the Clerk to accept for filing the Order of assignment "judicially assigning the underlying

Florida judgment from plaintiff to Selective", and strike all NLG's judgments of record against Ms.

Hazan. On November 13, 2014, Judge Jaffe dismissed NLG's lawsuit against Elizabeth Hazan, ruling

as follows:

> Given the satisfaction of Judgment in the underlying action under index #101288/2013,
> as reflected in my Decision and Order dated October 30, 2014, defendant's motion to
> dismiss the proceeding is granted and the proceeding is dismissed. The clerk is directed to
> enter judgment accordingly.

Exhibit 19.

## The Third District Court of Appeal Opinion and the Gordo Foreclosure Judgment

On September 3, 2014, the Third District Court of Appeal reversed Judge Eig on the issue of

election of remedies and held that foreclosure could proceed on the Mortgage (Exhibit 12). Circuit

Judge Monica Gordo, by that time having replaced Judge Eig in the division, then entered a

foreclosure judgment in favor of NLG, despite the judicial assignment of NLG's interests in the Note

and Mortgage to Selective (the "Gordo Foreclosure Judgment"). Notwithstanding the various court

rulings recognizing the judicial assignment of the Scola Judgment to Selective, Judge Gordo entered

a Final Judgment of Foreclosure in favor of NLG on December 4, 2015 (Exhibit 21). The Gordo

Foreclosure Judgment determined NLG, LLC was entitled to the grand total sum of $4,876,654.29

and set a sale for January 12, 2016.

However, on January 11, 2016, the Debtor filed for Chapter 11 bankruptcy protection and

the sale was stayed.

### B. Legal Analysis

Plaintiffs contend that Judge Lopez judicially assigned to Selective the Scola Judgment,

together with all the rights and claims thereunder, which includes the right to enforce the Mortgage,

leaving NLG with no enforceable mortgage, lien, or claim in this bankruptcy case. NLG takes the position that, notwithstanding the judicial assignment of the Scola Judgment on the Note, NLG retained the right to foreclose on the Mortgage. NLG asks the Court to limit its review to only one out of the many rulings entered in the ten-year history of litigation between the parties. It asks the Court to look only to the Gordo Foreclosure Judgment, contending that Judge Gordo resolved all issues in NLG's favor.

After reviewing the history of the proceedings between the parties, it is evident the Gordo Foreclosure Judgment does not resolve all issues in NLG's favor. The Scola Judgment, the Lopez Assignment Order, and the Gordo Foreclosure Judgment all control this Court's decision going forward. The Scola Judgment established Debtor's liability to NLG on the Note. The Scola Judgment, and consequently the Mortgage, were assigned to Selective by the Lopez Assignment Order, and were thereafter satisfied. Finally, by the Gordo Foreclosure Judgment, NLG, LLC established its entitlement to a greater credit for the judicial assignment of the Note and Mortgage. Moreover, any interest NLG may have had in the Mortgage by virtue of the Gordo Foreclosure Judgment is/was extinguished upon redemption by the Debtor and satisfaction.

The Scola Judgment awarded NLG, LLC $1,618,071.29 against the Debtor for Debtor's breach of the Note.

In 2014, after entry of the Scola Judgment, Selective acquired a $5,000,225 judgment against NLG, LLC, the Quebec Judgment. (Although NLG argued that the Quebec Judgment was erroneous or invalid, it is a final judgment not subject to appeal.) Selective domesticated the Quebec Judgment in state court, before Judge Lopez, and the order domesticating the judgment has become final and non-appealable. Thereafter, the Lopez Assignment Order was entered, judicially assigning the Scola Judgment to Selective [in partial satisfaction of the Quebec

Judgment] and determining the value of the Scola Judgment to be $2,746,953.34, inclusive of interest. The Lopez Assignment Order judicially assigns the Scola Judgment to Selective, together with all the rights and claims thereunder.

Because ownership of the Mortgage follows the Note, in the absence of a contrary intention, Selective, who owns and holds the Note, therefore has standing to foreclose the Mortgage.

> It has frequently been held that a mortgage is but an incident to the debt, the payments of which it secures, and its ownership follows the assignment of the debt. If the note or other debt secured by the mortgage be transferred without any formal assignment of the mortgage, or even a delivery of it, the mortgage in equity passes as an incident to the debt, unless there be some plain and clear agreement to the contrary, if that be the intention of the parties.

*Taylor v. Bayview Loan Servicing, LLC*, 74 So.3d 1115, 1117-18 (Fla. 2d DCA 2011). Under Florida law, "[a] crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose" [the subject note and subject mortgage when the complaint is filed]. *McLean v. JPMorgan Chase Bank Nat'l Ass'n*, 79 So.3d 170, 173 (Fla. 4th DCA 2012). "Standing may be established by either an assignment or an equitable transfer of the mortgage prior to the filing of the complaint." *Id.* NLG has not demonstrated that it owns and holds the Note and Mortgage in question. *Verizzo v. Bank of N.Y.*, 28 So.3d 976, 978 (Fla. 2d DCA 2010). Here, NLG's interest in the Note, as evidenced by the Scola Judgment, was assigned by Judge Lopez to Selective. NLG no longer holds the right to enforce the Note or the Scola Judgment entered on the Note. See, Trial Transcript Page 27 lines 3-11. There being no evidence presented to support the position that the parties did not intend for the Mortgage to follow the Note, the Mortgage did indeed follow the assignment of the Note in this case. The Note having been judicially assigned to Selective, Selective has standing to foreclose the Mortgage and, upon assignment, NLG had no further right to foreclose the Mortgage. When Judge Lopez assigned the Scola Judgment to

Selective, Selective stepped into the shoes of NLG, acquiring standing to foreclose on the Note and Mortgage.

The public records for Miami-Dade County, Florida reflect that the Scola Judgment and the Mortgage were both satisfied in August 2014. NLG was given credit by Selective for the debt remaining under the Scola Judgment and Mortgage, in partial satisfaction of the domesticated Quebec Judgment. It appears that credit may not have been finally determined, as discussed further herein.

Notwithstanding the judicial assignment to Selective and subsequent satisfactions, in November 2014, the Third District Court of Appeal, presumably unaware of the assignment and satisfactions, entered an opinion reversing the Eig Order and permitting foreclosure of the Mortgage. Following the mandate, Judge Gordo entered the Gordo Foreclosure Judgment in December 2015. The Gordo Foreclosure Judgment determined NLG is entitled to $4,876,654.29 under the Note and Mortgage. The Court is advised Selective tried to intervene in the case but Judge Gordo did not allow intervention. This Court was not informed as to why Selective did not otherwise intervene in the appeal of the Eig Order and advise the Third District Court of Appeal that Selective was assigned the Note and Mortgage and that the Note and Mortgage were satisfied months before the Third District Court Appeal issued its opinion reversing the Eig Order.

Thus, it initially appears there may be a conflict between the Lopez Assignment Order, assigning ownership of the Note and Mortgage on the Property to Selective, and the Gordo Foreclosure Judgment, granting foreclosure of the Property in favor of NLG as Plaintiff instead of in favor of Selective. However, this conflict has been overcome by events.

Giving full faith and credit to the Lopez Assignment Order, NLG's rights in the Scola Judgment were assigned to Selective, after Judge Lopez concluded that the assignment of the Scola

Judgment to Selective had no relevance to the issues on appeal. (Exhibit 22, Tr. 26:3-11). The Lopez Assignment Order establishes that NLG, LLC is entitled to $2,746,953.34 for the assignment, Awhich amount includes principal and interest [on the Note] through August 31, 2014 at the 11% judgment amount *without prejudice to [NLG] establishing at further hearing why the credited amount should be greater*.@ (Emphasis added.) Giving full faith and credit to the Gordo Foreclosure Judgment, NLG established its entitlement to a greater credit than that in the Lopez Assignment Order, in the grand total sum of $4,876,654.29. The Gordo Foreclosure Judgment also granted NLG the right to foreclose, but allowed the Debtor to redeem the Property up until the time of the sale. Thus, notwithstanding the right to foreclose, no sale took place, and the Debtor's right to redeem remains alive and well.

NLG argued at trial that Selective is collaterally estopped from asserting its interest in the Mortgage. "However, in collateral estoppel the 'precise fact' or 'every point and question' on the issue must have been decided". *Chandler v. Chandler,* 226 So.2d 697 (Fla. 4th DCA 1969) citing *Gordon v. Gordon*, 59 So.2d at 45 (Fla.1952). Here, Selective sought to intervene in the Gordo foreclosure lawsuit to raise its unique issues of law and fact relative to the assignment of the Mortgage rights and the right to intervene was denied to Selective. "[I]f there is any doubt as to whether a litigant has had his day in court such doubt must be resolved in favor of the full consideration of the substantive issues of the litigation". *Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324 (11th Cir. 2010). The evidence and testimony presented at trial demonstrate that Selective was not a party to the Gordo case and therefore is not barred by res judicata or collateral estoppel from asserting its rights under the Note and Mortgage.

However, even assuming that the Gordo Foreclosure Judgment authorized NLG, *and not Selective*, to foreclose the Mortgage, the foreclosure sale never took place because Debtor filed

this bankruptcy case, staying the sale pursuant to 11 U.S.C. §362. The Debtor redeemed the

Property prior to a foreclosure sale being conducted and certificate of sale being issued, thereby

satisfying the Gordo Foreclosure Judgment. In paragraph 4 of the Gordo Foreclosure Judgment,

the state court judge set a foreclosure sale date, subject to paragraph 6 therein. Paragraph 6 of the

Gordo Foreclosure Judgment states:

> **Right of Redemption.** On filing of the Certificate of Sale, defendant's right of redemption as proscribed by Florida Statute, Section 45.0315 shall be terminated.

Section 45.0135, Fla. Stats., provides:

> At any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure, the mortgagor or the holder of any subordinate interest may cure the mortgagor's indebtedness and prevent a foreclosure sale by paying the amount of moneys specified in the judgment, order, or decree of foreclosure, or if no judgment, order, or decree of foreclosure has been rendered, by tendering the performance due under the security agreement, including any amounts due because of the exercise of a right to accelerate, plus the reasonable expenses of proceeding to foreclosure incurred to the time of tender, including reasonable attorney's fees of the creditor. Otherwise, there is no right of redemption.

Until the certificate of sale issued, the Debtor retained her right of redemption, regardless of the

identity of the mortgagee. Consistent with her rights under the Gordo Foreclosure Judgment and as

provided by statute, the Debtor in fact redeemed the Property prior to a foreclosure sale, by satisfying

the Note and Mortgage, and by Selective providing NLG credit for payment of the Note and Mortgage

to partially satisfy NLG's debt to Selective by virtue of the Quebec Judgment.

The amount of the credit provided to NLG should be the greater amount established by the

Gordo Foreclosure Judgment. Although the Scola Judgment determined the debt on the Note to be

$1,618,071.29, the Lopez Assignment Order increased the amount owed to NLG by the Debtor to

$2,746,953.34. The Gordo Foreclosure Judgment ultimately established that NLG was entitled to

$4,876,654.29 for the Note and Mortgage. While the $4,876,654.29 amount may be disputed, the

Court must give full faith and credit to the Gordo Foreclosure Judgment and will therefore view the amount determined in that judgment to be the greater amount NLG established it was owed on account of the Note and Mortgage, ***as the Lopez Assignment Order allowed***.

It appears from the Electronic Judgment Lien Amendment Statement (Exhibit 14) that NLG was given credit only for the amount indicated in the Scola Judgment, or $1,618,071.29. It was not credited with the amount indicated in the Lopez Assignment Order of $2,746,953.34 (which included interest on the Scola Judgment), nor was it credited with the amount indicated in the Gordo Foreclosure Judgment, $4,876,654.29. However, at the time of trial, the parties' rights were already determined by all those orders. Before any credits, Selective was owed $5,000,225.00 from NLG on account of the Quebec Judgment, and NLG was owed $4,876,654.29 from Hazan on account of the Note and Mortgage pursuant to the Gordo Final Judgment. Honoring the Gordo Foreclosure Judgment, NLG must be credited for the full amount of the judgment, $4,876,654.29, whether that amount is lesser or not, for the assignment of the Note and Mortgage and satisfactions, leaving the Mortgage redeemed and Selective with a judgment against NLG in the remaining amount of $123,570.71. Whether the various satisfactions and other documents filed by Selective waive Selective's right to collect any further balance is an issue between Selective and NLG.

**Conclusion**

The Scola Judgment obtained by NLG against the Debtor, and all rights, claims and benefits held by NLG against Debtor related to said judgment, were judicially assigned to Selective pursuant to the Lopez Assignment Order, and the right to foreclose the Mortgage securing the debt traveled to the assignee Selective. Although NLG's right to foreclose against Hazan, as established by the Third District Court of Appeal, had been assigned to Selective, the Gordo Foreclosure Judgment granted NLG the right to foreclose. Assuming the validity of the Gordo Foreclosure

Case 1:25-cv-22830-XXXX Document 23-1 Entered on FLSD Docket 11/04/25 Page 38 of 100
Case 1:24-cv-01400-AMM Document 23-1 Entered 11/04/25 Page 38 of 100
133

Judgment, the Debtor exercised her right to redeem the Property by satisfying said judgment prior to the foreclosure sale. Satisfactions of the Note and Mortgage are recorded in the official records and several courts have recognized that Debtor's debt to NLG has been paid, including the New York State Supreme Court, wherein Judge Jaffe found that NLG's judgment on the Note, the Scola Judgment, was judicially assigned to Selective and was thereafter satisfied. Upon satisfaction, NLG was credited by Selective for the Scola Judgment and Mortgage to partially satisfy NLG's debt to Selective under the domesticated Quebec Judgment.

The Court believes that credit should, however, be adjusted to reflect the amounts determined to be due and owing by the Gordo Foreclosure Judgment. NLG was owed $4,876,654.29 from Hazan on account of the Note and Mortgage, pursuant to the Gordo Final Judgment. Giving full faith and credit to the Gordo Foreclosure Judgment and viewing the amount determined in the judgment to be the greater amount NLG established it was owed for the Note and Mortgage pursuant to the Lopez Assignment Order, Selective should give credit to NLG for $4,876,654.29, which credit will leave the Mortgage redeemed.

This Court concludes that NLG has no further rights to any claims against Debtor with respect to the Note and Mortgage, as the public records of Miami-Dade County reflect that the Scola Judgment and consequently the Mortgage were assigned and satisfied, and the Property fully redeemed prior to foreclosure sale, as provided in the Gordo Foreclosure Judgment. NLG's Proof of Claim #17, having been filed after the bar date, it is disallowed and the Court finds that NLG has no standing in this case based upon the Note, Mortgage, claim or lien emanating therefrom. Accordingly, it is

ORDERED and ADJUDGED that Counts I, II and III of Plaintiffs' Third Amended Complaint and NLG's Amended Counterclaim are **GRANTED IN PART** and **DENIED IN PART**

as follows:

      1.     NLG, LLC's judgment on the promissory note, the Scola Judgment, recorded at Book 26406, Page 3259-3260, CFN2008R0446831, also recorded at Book 26357 Pages 3948-3949 CFN20080361591, the Note and the Mortgage recorded at Book 25559 Pages 4266-4272 CFN2007R0410013, NLG, LLC's foreclosure Judgment entered in favor of NLG and against Elizabeth Hazan on December 4, 2015, the Gordo Foreclosure Judgment, recorded at Book 29902 Pages 3737-3742 CFN 20150812181 affecting Debtor's homestead Property known as 6913 Valencia Drive, Miami, Florida 33109 with the following legal description:

> LOT 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10 according to the Plat thereof, recorded in PLAT Book 157, Page 64, of the Public Records of Miami-Dade County, Florida

have been satisfied and paid, and are deemed **SATISFIED OF RECORD**, and Debtor has good title to said Property against the claims or purported claims by, through, under, or against it by NLG, LLC and the title to the Property is forever quieted as to all claims of NLG, LLC.

      2.     Selective shall give credit to NLG, LLC in the amount of $4,876,654.29 toward NLG's outstanding debt due to Selective pursuant to the Quebec Judgment.

      3.     NLG's Proof of Claim #17 is disallowed and NLG, LLC has no claim against the Debtor, Liza Hazan a/k/a Elizabeth Hazan, under the Note, Mortgage or any court order.

      4.     Counts IV, V, VI, VII, VIII, and IX of Plaintiff's Third Amended Complaint are set for trial by separate order.

# # #

Copy to:
DAVID W. LANGLEY
*Attorney for Debtor*
8551 W. Sunrise Boulevard, Suite 303
Plantation, Florida 33322
Telephone: 954-356-0450
Facsimile: 954-356-0451

Email: dave@flalawyer.com
Florida Bar No. 348279

Attorney Langley is directed to serve a copy of this Final Judgment on all interested parties and to
file a Certificate of Service with the Court.

**EXHIBIT C**



**ORDERED in the Southern District of Florida on December 6, 2018.**

_A. Jay Cristol_

A. Jay Cristol, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                    Case No. 16-10389-BKC-AJC

LIZA HAZAN a/k/a ELIZABETH HAZAN,                         Chapter 11

            Debtor.
_____/

**ORDER GRANTING MOTION TO REOPEN CASE TO APPROVE FINAL REPORT,
AND ENTER DISCHARGE TO REORGANIZED DEBTOR**

THIS MATTER came before the Court for hearing on August 9, 2018 at 10:30 a.m. upon

the Reorganized Debtor, Liza Hazan a/k/a Elizabeth Hazan ("Reorganized Debtor")'s Corrected

Motion to Reopen this Chapter 11 case to grant the Reorganized Debtor's Discharge and enter a

Final Decree and to re-close the case [ECF No. 713] (the "Motion"), and again on October 24,

2018 at 2:00 p.m. upon the Court's Order Setting Further Hearing to Consider Issuance of

Discharge and Dismissal of Pending Non-Core Personal Injury Tort Claims for October 24, 2018

[ECF 745]. The Court has further considered the following:

- The Final Report [ECF No. 703] ("Final Report");

- The Notice of Deadline to Object to Debtor's[1] Statement Re: 11 U.S.C. § 522(q)(1) Applicability, *et al.* [ECF No. 704];

- NLG, LLC's Opposition to Debtor Motion to Reopen Case and Motion for Discharge (ECF No. 733);

- NLG, LLC's Objection to Debtor Statement and Discharge [ECF No. 729], which the Court notes was withdrawn on the record by counsel for NLG during the August 9, 2018 hearing;

- NLG, LLC's *ore tenus* Objection to Debtor's Discharge during the October 24, 2018 hearing;

- Creditor Valencia Estates Homeowners' Association, Inc.'s Limited Objection to Debtor's Corrected Motion for Discharge [D.E. 713] [ECF No. 728], which was resolved by Agreed Order [ECF No. 734];

- Real Time Resolutions, Inc.'s Objection to Debtor's Motion to Reopen, Final Report and Motion for Discharge, and Motion for Entry of Final Decree and to Reclose [ECF No. 731], which was withdrawn prior to the hearing [ECF No. 732]; and

- NLG, LLC's motion to reopen Chapter 11 case [ECF No. 757], and amended and expedited motion to reopen case [ECF No. 763].

---

[1] For purposes of this Order, the term "Debtor" shall also mean the "Reorganized Debtor" pursuant to this Court's Order Confirming Plan of Reorganization [ECF No. 691] (the "Confirmation Order").

Having considered the record, including NLG's Objection and Opposition,[2] and finding that due and adequate notice has been given and no additional notice is required, the Court grants the Motion in part and herein enters the discharge of the Reorganized Debtor, and approves the Final Report. The Motion and Final Report demonstrate the Reorganized Debtor is entitled to to a discharge pursuant to 11 U.S.C. § 1141(d)(5). However, a Final Decree will not yet be issued and the case shall not be re-closed at this time.

### I.     11 U.S.C. § 1141(d)(5)(B) – authorizes issuance of discharge to individual debtor who has not completed all plan payments

The Bankruptcy Code provides that an individual debtor's discharge shall not be entered by the Court until completion of all payments under the confirmed plan. *11 U.S.C. §1141(d)(5)(A).* An exception exists, however, pursuant to 11 U.S.C. § 1141(d)(5)(B), if, *inter alia*, an individual debtor has made all plan payments to unsecured creditors. Section 1141(d)(5)(B) provides:

> (B) at any time after the confirmation of the plan, and after notice and a hearing, the court may grant a discharge to the debtor who has not completed payments under the plan if –
>
>    (i) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 on such date;
>    (ii) modification of the plan under section 1127 is not practicable; and
>    (iii) subparagraph (C) permits the court to grant a discharge.

---

[2]  Although this Court previously determined that NLG is not a creditor and has no claim against the Reorganized Debtor [*see, Final Judgment on Counts I, II and III of Plaintiffs' Third Amended Complaint Determining Validity, Priority and Extent of Liens and Setting Trial on Counts IV Through IX*, Adv. No. 16-1439-BKC-AJC-A, ECF No. 238], the Court has reviewed the Objection and Opposition and overrules same.

Subsection (C) of that same statue further states:

> (C) the court may grant a discharge if, after notice and a hearing held not more than 10 days before the date of the entry of the order granting the discharge, the court finds that there is no reasonable cause to believe that –
>> (i) section 522(q)(1) may be applicable to the debtor; and
>> (ii) there is pending any proceeding in which the debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B);
>>> and if the requirements of subparagraph (A) or (B) are met.

11 U.S.C. § 1141(d)(5)(C).

Section 1141(d)(5) allows an individual debtor to seek a discharge after confirmation but before plan payments are completed as long as the debtor satisfies the requirements of 11 U.S.C. § 1141(d)(5)(B). *See*, *11 U.S.C. § 1141(d)(5)*; *see also*, *In re Necaise*, 443 B.R. 483 (Bankr. S.D. Miss. 2010) ("after the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 (2005), completion of plan payments (rather than plan confirmation) discharges an individual debtor. In the alternative, an individual debtor may seek a discharge before completion of his plan payments, an early discharge, under either 11 U.S.C. § 1141(d)(5)(A) or (B).").

The Court finds that the Reorganized Debtor has complied with the provisions of 11 U.S.C. § 1141(b)(5)(B) so as to be entitled to an early discharge.[3] Exhibit "A" attached to both the Motion

---

[3] The Court notes that during the hearing, counsel for the United States Trustee concurred with the Debtor's position regarding her entitlement to entry of discharge upon payment to unsecured creditors:

> MS. ARMENGOL:
>
> … I can speak as to the procedural propriety of the Court awarding a discharge now. I concur with Mr. Pugatch -- and for the record, the code section is 1141(d)(5)(A) and (B) -- that if unsecured claims are paid, the

and Final Report demonstrates that the general unsecured creditors, whose claims were to be paid

in the Plan, have been paid in full.  As a result, the value of property [payments] distributed under

the Fourth Amended [Chapter 11] Plan of Reorganization [ECF No. 563] (the "Fourth Amended

Plan") on account of each unsecured claim is not less than the amount that would have been paid

on such claim if the bankruptcy estate would have been liquidated under chapter 7.  Therefore, the

Reorganized Debtor has complied with 11 U.S.C. § 1141(b)(5)(B)(i).  The Court takes judicial

notice of Debtor's Monthly Operating Report (Individual) Corrected for the Period May 1, 2018

to May 31, 2018 [ECF No. 727] and Debtor's Monthly Operating Report (Individual) for the

Period June 1, 2018 to June 30, 2018 [ECF No. 725] evidencing the total disbursements made

pursuant to the Fourth Amended Plan and Confirmation Order.  Moreover, the Court finds 11

U.S.C. § 1141(b)(5)(B)(ii) is not applicable as modification of the Fourth Amended Plan is not

practicable under 11 U.S.C. § 1127.

## II.     The Fourth Amended Plan, the Confirmation Order and this Court's prior Orders provide additional bases to grant relief

The Fourth Amended Plan, together with the Confirmation Order and this Court's prior

rulings provide additional authority for issuance of a discharge to the Reorganized Debtor prior to

completion of payments under the Plan.  The foregoing documents indicate that the Reorganized

---

individual debtor can receive a discharge.
Looking at the plan, Your Honor, the only other claims were secured.  So
even if she gets a discharge – Ms. Hazan gets a discharge and doesn't pay
pursuant to the plan, they still have that security and that lien.  And a
priority claim with the IRS – and I'm not sure where that stands, but Your
Honor, I believe that under 1141(d)(5)(B), Your Honor has the authority
to grant the discharge at this time.

Transcript, August 9, 2018 Hearings [17:15-25, 18:1-4].

CASE NO. 16-10389-BKC-AJC

Debtor intended to seek the issuance of a discharge upon payments in full to unsecured creditors. For instance, Article VIII of the Fourth Amended Plan, as confirmed by the Court, provides, in pertinent part:

> (e) Upon the satisfaction of all payments required under the Plan to **unsecured creditors**, the Debtor may file a motion to reopen this bankruptcy proceeding, pursuant to 11 U.S.C. § 350(b). Any Clerk of Court fees associated with filing of the motion to reopen shall be waived. The motion to reopen shall be verified and served upon all creditors and parties in interest and shall demonstrate that the Debtor has made all of the payments contemplated under the Plan to **unsecured creditors**.

See, *Fourth Amended Plan, Article VIII* [ECF No. 563], page 30 of 31. [Emphasis added]. The Court finds that the Reorganized Debtor complied with Article VIII(e) of the Fourth Amended Plan by filing the Motion which attached as Exhibit "A" a list of payments demonstrating that the Reorganized Debtor made all plan payments to Class 12 unsecured creditors.

In addition, Article VIII of the Fourth Amended Plan, as confirmed by the Court, states, in relevant part:

> (f) Upon the re-opening of this bankruptcy proceeding, the Debtor shall promptly file a Final Report of Estate and Motion for Final Decree Closing Case on the Court-approved local form, which shall certify that all payments required under the Plan to **unsecured creditors** have been made. The Court may then grant the Debtor a discharge, pursuant to 11 U.S.C. § 1141(d)(5).

See, *Fourth Amended Plan, Article VIII* [ECF No. 563], page 31 of 31. [Emphasis added]. The Court finds that the Reorganized Debtor complied with Article VIII(f) of the Fourth Amended Plan by filing the Final Report which attached as Exhibit "A" a list of payments demonstrating that the Reorganized Debtor made all plan payments to Class 12 unsecured creditors.

On or about June 12, 2018, this Court entered its Confirmation Order which confirmed the Fourth Amended Plan and contemplated the issuance of a discharge to the Reorganized Debtor upon the completion of plan payments to unsecured creditors under the Plan. Specifically, paragraph 18(e) of the Confirmation Order states:

> (e) Upon the satisfaction of all payments required under the Plan to **Unsecured Creditors**, the Debtor may file a motion to reopen this bankruptcy proceeding, pursuant to 11 U.S.C. § 350(b). Any Clerk of Court fees associated with filing of the motion to reopen shall be waived. The motion to reopen shall be verified and served upon all creditors and parties in interest and shall demonstrate that the Debtor has made all payments contemplated under the Plan to **Unsecured Creditors**.

*See*, *Confirmation Order* [ECF No. 691], page 7 of 8. [Emphasis added]. The Court finds that the Reorganized Debtor complied with paragraph 18(e) of the Confirmation Order, by filing the Motion which attached as Exhibit "A" a list of payments demonstrating that the Reorganized Debtor made all plan payments to Class 12 unsecured creditors.

In addition, paragraph 18(f) of the Confirmation Order states:

> (f) Upon the re-opening of this bankruptcy proceeding, the Debtor shall promptly file a Final Report of Estate and Motion for Final Decree Closing Case on the Court-approved local form, which shall certify that all payments required under the Plan to **Unsecured Creditors** have been made. The Court may then grant the Debtor a discharge, pursuant to 11 U.S.C. § 1141(d)(5).

*See*, *Confirmation Order* [ECF No. 691], page 7 of 8. [Emphasis added]. The Court finds that the Reorganized Debtor complied with paragraph 18(f) of the Confirmation Order by filing the Final Report which attached as Exhibit "A" a list of payments demonstrating that the Reorganized Debtor made all plan payments to Class 12 unsecured creditors.

On or about June 13, 2018, this Court entered its Agreed Order Granting Reorganized

Debtor's Ore Tenus Motion to Administratively Close Individual Chapter 11 Case After

Confirmation [ECF No. 692] (the "Agreed Order"). The Agreed Order provides, *inter alia*:

> Upon the re-opening of this bankruptcy case, the Reorganized
> Debtor shall promptly file a Final Report and Motion for Final
> Decree Closing Case on the Court-approved local form in effect at
> that time, which shall certify, that all payments required under the
> Plan to the ***unsecured creditors*** have been made. The Court may
> then grant the Reorganized Debtor a discharge, pursuant to 11
> U.S.C. § 1141(d)(5) if all other conditions are satisfied.

*See*, *Agreed Order* [ECF No. 692], page 2 of 3. [Emphasis added]. The Court finds that the

Reorganized Debtor complied with the Agreed Order by filing the Motion and Final Report, with

Exhibit "A" attached to both pleadings, indicating all payments were made by the Debtor to Class

12 unsecured creditors.

### III.     NLG's Objection and Opposition

NLG, LLC is the only entity objecting to the granting of a discharge in this case. NLG,

whose claim the Court disallowed, asserted that a discharge should not be granted at this time

because the Debtor has not yet paid Creditor JMB Urban Development Partners, LTD in full. The

Court took the matter under advisement to consider the objection; and upon further consideration

and review of the record, the Court overrules the objection.

NLG argues that the Court may not enter a discharge order until the Reorganized Debtor

pays JMB in full. The Court disagrees. JMB is not affected by the relief sought and has not objected

to the Debtor receiving a general discharge. Pursuant to the settlement of the adversary proceeding,

in Adv No. 16-1188-BKC-AJC-A [ECF No. 21], the Reorganized Debtor and JMB agreed that

JMB has a non-dischargeable judgment of $275,000.00. Thus, after receiving its *pro rata* share of distributions under the Plan, JMB may continue to pursue payment of its claim outside the Plan. Likewise, the Reorganized Debtor and the Board of Managers of Spencer Condominium have agreed that Debtor's liability in the amount of $109,554.06 to the Board of Managers of Spencer Condominium would be non-dischargeable. Therefore, this Creditor has also agreed to the granting of Debtor's discharge.

Section 1141(5)(B) of the Bankruptcy Code provides for the granting of a discharge to a debtor who has not completed payments, if modification of a plan is not practicable and creditors have received value "not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7." *In re Belcher*, 410 B.R. 206, 215 (Bankr. W.D. Va. 2009) (explaining that "§ 1141(d)(5)(B) provides for early discharge in a manner similar to the 'hardship discharge' in chapter 13 cases under § 1328(b)."). In this case, all unsecured creditors were to be paid in accordance with the Plan, and those payments have been made in full. JMB and the Board of Managers of Spencer Condominium may pursue the remaining amounts of their respective non-dischargeable debts outside the Plan. Because the entry of a discharge [of the claims of the unsecured creditors who were paid in full under the Plan] will not affect JMB or the Board of Managers of Spencer Condominium, the Court sees no reason to withhold the discharge when the Debtor has otherwise established entitlement to same.

The entry of a non-dischargeable judgment, and the outstanding debt thereunder, does not prevent the early entry of an order of discharge, because a discharge in no way impacts the non-dischargeable debts. Unsecured creditors holding nondischargeable claims are entitled to collect the balance of their debts outside the plan. In *Newman v. United States (In re Newman)*, 399 B.R.

541, 548 (Bankr. M.D. Fla. 2008), the court held that a creditor holding a nondischargeable claim is not prevented from pursuing post-confirmation collection efforts outside of bankruptcy, regardless of whether such claim was provided for in the confirmed plan. A nondischargeable debt may remain after a debtor has emerged from bankruptcy.

Although the Court believed that, following the August 9, 2018 hearing, the Debtor had demonstrated compliance with the requirements of 11 U.S.C. § 1141(d)(5), the Court set another hearing for October 24, 2018 to address whether a discharge should be issued while the Reorganized Debtor's non-core tort claims remained pending in an adversary proceeding. [ECF No. 745]. At the October 24, 2018 hearing, the Reorganized Debtor announced she was withdrawing her non-core tort claims, thereby alleviating the Court's concerns. Adv. No. 16-1439-BKC-AJC-A [ECF No. 358].

For the foregoing reasons, the Court finds that the Reorganized Debtor has complied with 11 U.S.C. § 1141(d)(5)(B) by demonstrating her completion of all plan payments to general unsecured creditors under the Fourth Amended Plan and Confirmation Order and has otherwise complied with the requirements to receive a discharge. However, the Court will refrain from closing this case at this time as there remains pending the parties' motions for sanctions and for contempt, as well as several appeals. It is the policy of the Court to not close a case until all appeals are finally resolved and over. Therefore, it is

**ORDERED AND ADJUDGED**:

1. The Motion [ECF No. 713] is **GRANTED IN PART,** and this bankruptcy case is **RE-OPENED** for the sole purpose of approving the Final Report and entering the Reorganized Debtor's discharge consistent with the terms of this order.

2.   The Final Report is **APPROVED.**

3.   NLG, LLC's motion and amended motion to re-open Chapter 11 case [ECF Nos. 757 and 763] are **GRANTED IN PART** with respect to reopening this case, and not closing the case until the final disposition of all pending motions and appeals herein, but NLG, LLC's Opposition and Objection to the granting of the discharge are **DENIED** and **OVERRULED**.

4.   The Reorganized Debtor is entitled to a discharge in accordance with the provisions of 11 U.S.C. § 1141(d)(5), and the Fourth Amended Plan and the Confirmation Order; thus, the Reorganized Debtor is **DISCHARGED** pursuant to the provisions of 11 U.S.C. § 1141(d) from any debt that arose before the date of such confirmation and any debt of any kind specified in Section 502(g), 502(h) or 502(i) of Title 11 in accordance with the provisions of 11 U.S.C. § 1141(d).

5.   The discharge issued to the Reorganized Debtor does not discharge or otherwise affect the JMB non-dischargeable judgment.

6.   The discharge issued to the Reorganized Debtor does not discharge the Reorganized Debtor from her personal monetary liability in the amount of One Hundred Nine Thousand Five Hundred Fifty-Four and 06/100 Dollars ($109,554.06) to the Board of Managers of Spencer Condominium. The Reorganized Debtor has other non-monetary obligations under the Settlement Agreement with the Board of Managers of Spencer Condominium, as provided for in the treatment of Class 11 under the Fourth Amended Plan and the Confirmation Order, and such non-monetary obligations are not impacted by the discharge. The New York courts have exclusive

jurisdiction over the settlement between those parties.

7. This case shall remain open pending the final disposition of all motions herein and the outstanding appeals, after which the Court will direct the Clerk of Court to enter a Final Decree closing this case.

###

Submitted by:

Geoffrey S Aaronson, Esq
Aaronson Schantz Beiley P.A.
Florida Bar No. 349623
One Biscayne Tower, 34th Floor
2 South Biscayne Boulevard
Miami, Florida 33131
Tel. 786.594.3000
Fax 305.424.9336
Email gaaronson@aspalaw.com
*Attorney for Reorganized Debtor*

*Attorney Geoffrey Aaronson is directed to serve a copy of this Order on all interested parties and to file a certificate of service with the Court.*

**EXHIBIT D**



**ORDERED in the Southern District of Florida on April 12, 2019.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

In re:

LIZA HAZAN,                                     CASE NO. 16-10389-BKC-AJC
a/k/a ELIZABETH HAZAN

      Debtor.

_____/

<u>**ORDER GRANTING MOTION FOR CONTEMPT AND SANCTIONS AND SETTING**</u>
<u>**FURTHER HEARING**</u>

        THIS CAUSE came before the Court for hearing on April 9, 2019 upon the *Reorganized*

*Discharged Debtor's Expedited Motion for Contempt and to Impose Sanctions on NLG, Juan*

*Ramirez Jr., Christopher Kosachuk, and Astrid Gabbe* (ECF 836) and upon *NLG, LLG's [sic]*

*Opposition Response to Debtor's Expedited Motion for Contempt and to Impose Sanctions [ECF*

*No. 836]* (ECF 851).  At the hearing, Debtor was represented by Attorney David Langley, Attorney

Juan Ramirez appeared on behalf of himself and NLG and Christopher Kosachuk appeared via

Courtcall on behalf of himself. The Court heard no proffers or representations by or on behalf of Astrid Gabbe, Esq. who has not once appeared before this Court. During the course of these proceedings, Attorney Gabbe has filed motions and pleadings that were prosecuted or defended by Attorney Ramirez. However, the matters before the Court involve filings by Attorney Gabbe and Mr. Kosachuk that violate the discharge injunction and Orders of the Court entered in this case, and they were not defended by Attorney Ramirez.

**1.      Sanctions Against Astrid Gabbe, Esq. And Chris Kosachuk**

The Motion seeks sanctions against Astrid Gabbe, Esq. and Chris Kosachuk for filings made in *Chris Kosachuk v. 9197-5904 Quebec, Inc.*, Case No. 18-25369-MC-MOORE (S.D. Fla.) ("District Court case"), an action to register an Order and Final Judgment entered on March 24, 2015. Although the judgment names 9197-5904 Quebec, Inc. (Quebec) as the judgment debtor, Astrid Gabbe, Esq. on behalf of Chris Kosachuk, filed a *Motion for Postjudgment Writ of Garnishment* against Debtor Liza Hazan in the District Court case, causing to be issued a Writ of Garnishment against Ms. Hazan. Answers to the writs were necessarily filed and Objections to those answers were filed by Attorney Gabbe for Chris Kosachuk.

Thereafter, Attorney Gabbe, on behalf of Chris Kosachuk, filed in the District Court case the *Judgment Creditor Chris Kosachuk's Verified Motion to Enforce Final Judgment [D.E. 1] by Piercing the Corporate Veil of Bad Faith Petitioning Creditor 9197-5904 Quebec, Inc. Againsts [sic] its Officers and Beneficiaries: Raymond Houle, Elizabeth Hazan A/k/a Liza Hazan and Her Husband Sean Meehan and Incorporated Memorandum of Law*. The verified motion seeks to pierce the corporate veil of Quebec to Debtor Hazan and her husband, Sean Meehan, on the theory that Quebec is and has always been Hazan's "alter-ego," and that Hazan and Meehan are liable for Quebec's purported debt to Kosachuk. Attorney Gabbe, for Kosachuk, requested the District Court

pierce the corporate veil of Quebec and enter judgment against Mr. Houle, Ms. Hazan, Mr. Meehan and Selective, jointly and severally.

These attempts to collect on the Quebec judgment from Ms. Hazan are blatantly contemptuous acts in willful defiance of this Court's Confirmation Order (ECF 691), Discharge Order (ECF 766) and the discharge injunction provided under the Bankruptcy Code. Kosachuk, and Attorney Gabbe, have appeared throughout these proceedings and Kosachuk's corporation, NLG, LLC, has likewise appeared throughout these proceedings. Despite his participation in this case, Mr. Kosachuk never filed a claim in this case, for this prepetition judgment or any other. If Mr. Kosachuk believed he may have had a claim against this Debtor for the 2015 prepetition judgment, he should have filed same during the course of the case; but having chosen not to, any alleged claim was lost, or waived, upon the entry of the Confirmation Order and the Order of Discharge.

The Confirmation Order prohibits pursuit of prepetition debts against Hazan and the Discharge Order discharged Hazan of liabilities accruing prior to entry of the Confirmation Order. The Final Order and Judgment against Quebec having been entered **on *March 24, 2015***, before the Confirmation Order was entered and before the filing of the petition for relief, any such liability of Hazan would be a prepetition debt discharged by the orders of this Court. Given their active participation in Hazan's bankruptcy case, it is indisputable that Kosachuk and Gabbe have actual knowledge of the proceedings in this case, including the entry of the Confirmation Order and Discharge Order. In fact, they have appealed the Confirmation Order, along with other Orders, but have not obtained a stay of any Order of the Court. Thus, the Confirmation Order and Order of Discharge having become final, Kosachuk and Gabbe are prohibited from seeking to enforce the Quebec judgment against Hazan in the District Court case.

The Court cannot allow this willful violation of the Court's Orders and the discharge

injunction to pass without ensuring counsel and her client know what they did was wrong. Therefore, the Court will sanction Astrid Gabbe, Esq. and her client, Chris Kosachuk, jointly and severally, for filing the foregoing motions against the Debtor in the District Court case, thereby unnecessarily multiplying the pleadings in the District Court case. To ensure these violations do not persist, Gabbe and Kosachuk will be jointly and severally liable for the attorneys fees Hazan incurred to defend herself in the District Court case. They shall also be required to withdraw all pleadings against Hazan within 48 hours or be fined $1,000 a day for each day that the motions against Hazan remain on the docket without withdrawal, as the motions seek to enforce, at best, a discharged debt, if any at all.

## 2. Sanctions Against Juan Ramirez, Esq. And NLG, LLC

In the Court's prior Contempt Order, the Court sanctioned Attorney Ramirez and NLG for filing a crossclaim against the Debtor in a pending state court foreclosure case. During the course of these proceedings, the Court determined that NLG's claim was satisfied, and neither NLG nor Kosachuk had a claim against the Debtor in this case. Accordingly, the Court concluded that "[t]he injunction in the Confirmation Order prevented NLG from taking any action or attempt to collect any discharged debts, including preventing the filing of a lawsuit in state court to collect on its extinguished or otherwise satisfied debt." (ECF 780 at 7). The Court found NLG and its counsel violated the Confirmation Order by filing the crossclaim against Hazan in the foreclosure proceeding and ordered NLG's crossclaim be dismissed, which the Court presumed would dissolve the *lis pendens* recorded. (ECF 780 at 9).

Ramirez and NLG filed a notice of withdrawal of the crossclaim. However, at a hearing on a second motion for contempt, Debtor's counsel advised that the withdrawal did not result in dissolution of the *lis pendens*. The Court declined to impose additional sanctions on NLG and

Ramirez for this conduct based on Ramirez's representation that he was willing to stipulate to dismissal in a form acceptable to Hazan. Importantly, at the hearing, NLG's attorney stated he did not know what the problem is with their withdrawal, but nonetheless offered Debtor's counsel to draft any notice of dismissal or withdrawal of the crossclaim that he felt complied with this Court's Contempt Order and stated he would file same in an effort to comply with the Contempt Order. Based on counsel's withdrawal and subsequent statement of willingness to file a form of a notice of dismissal or withdrawal of the crossclaim that the Debtor's attorney proposes, the Court found no grounds for contempt. (ECF 823).

In the Motion now before the Court, the Debtor argues that Ramirez's and NLG's promises were empty. Despite Hazan's counsel having reached out to Ramirez to resolve this issue, Hazan asserts Ramirez has refused to cooperate by signing the necessary documents to effect the dissolution of the *lis pendens*. To the contrary, Ramirez argues he is still willing to sign what he said he would sign, but the problem with Debtor's counsel's proposals is that the Debtor included dismissal of the counterclaim, which was not contemplated by the Court's Order.

The Court has reviewed its prior Contempt Order and finds it did not require the dismissal of the counterclaim and therefore Attorney Ramirez's refusal to sign the document(s) proposed by Debtor's counsel is justified and excused. Attorney Ramirez, and NLG, will not be further sanctioned for failing to sign proposed documents to dissolve the *lis pendens*. However, notwithstanding the parties' misunderstandings, the *lis pendens* must be dissolved. Accordingly, the Court directs and orders that all *lis pendens* filed by Attorney Ramirez on behalf of NLG against Liza Hazan and property belonging to Liza Hazan be dismissed, dissolved and released within 48 hours or Attorney Ramirez and NLG will be fined $1,000 a day, jointly and severally, for each day that a *lis pendens* remains on the property.

Accordingly, it is

ORDERED AND ADJUDGED that the *Reorganized Discharged Debtor's Expedited Motion for Contempt and to Impose Sanctions on NLG, Juan Ramirez Jr., Christopher Kosachuk, and Astrid Gabbe* (ECF 836) is GRANTED IN PART AND DENIED IN PART as follows:

1. Astrid Gabbe, Esq. and Chris Kosachuk shall withdraw all pleadings against Liza Hazan in the District Court case within 48 hours of entry of this Order, or the Court will fine them $1,000 a day for each day that the motions against Hazan remain on the docket without withdrawal, as the motions seek to enforce, at best, a discharged debt, if any at all.

2. Astrid Gabbe, Esq. and Chris Kosachuk are liable, jointly and severally, for all reasonable and necessary attorneys fees that Debtor Liza Hazan incurred to defend herself in the District Court case.

2. Within fourteen (14) days of entry of this Order, Debtor's counsel shall file an affidavit of all fees incurred by Debtor to defend herself in the District Court case, and the Court will conduct a hearing on May 8, 2019 at 11:00 AM in Courtroom 7, 301 North Miami Ave., Miami, FL to consider any objections to said fees.

3. All *lis pendens* filed by Juan Ramirez Esq. on behalf of NLG, LLC against Liza Hazan and property belonging to Liza Hazan in the pending state court foreclosure case shall be dismissed, dissolved and released within 48 hours of entry of this Order, or the Court will fine Attorney Ramirez and NLG $1,000 a day, jointly and severally, for each day that a *lis pendens* remains on the Debtor's property.

5. The Court will defer the imposition of additional sanctions in this Order, pending a hearing on *NLG, LLC, Juan Ramirez Esq., Astrid Gabbe, Esq and Chris Kosachuk's Verified Motion for New Hearing Pursuant to FRBP 9023 and Fed.R.Civ.P. 59*, which was filed after the

hearing on Debtor's Expedited Motion for Contempt and Sanctions.

6.    A hearing on *NLG, LLC, Juan Ramirez Esq., Astrid Gabbe, Esq and Chris Kosachuk's Verified Motion for New Hearing Pursuant to FRBP 9023 and Fed.R.Civ.P. 59* is scheduled for May 8, 2019 at 11:00 AM in Courtroom 7, 301 North Miami Ave., Miami, FL. **<u>NO PARTY IS PERMITTED TO ATTEND THIS HEARING TELEPHONICALLY.</u>**

###

Copies furnished to:

Debtor
David Langley, Esq.
Daniel Bushell, Esq.
Juan Ramirez, Esq.
Astrid Gabbe, Esq.
Chris Kosachuk
NLG, LLC
AUST

**EXHIBIT D**



**ORDERED in the Southern District of Florida on April 12, 2019.**

_____

A. Jay Cristol, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

In re:

LIZA HAZAN,                                          CASE NO. 16-10389-BKC-AJC
a/k/a ELIZABETH HAZAN

              Debtor.
_____/

**ORDER GRANTING MOTION FOR CONTEMPT AND SANCTIONS AND SETTING
FURTHER HEARING**

THIS CAUSE came before the Court for hearing on April 9, 2019 upon the *Reorganized*

*Discharged Debtor's Expedited Motion for Contempt and to Impose Sanctions on NLG, Juan*

*Ramirez Jr., Christopher Kosachuk, and Astrid Gabbe* (ECF 836) and upon *NLG, LLG's [sic]*

*Opposition Response to Debtor's Expedited Motion for Contempt and to Impose Sanctions [ECF*

*No. 836]* (ECF 851). At the hearing, Debtor was represented by Attorney David Langley, Attorney

Juan Ramirez appeared on behalf of himself and NLG and Christopher Kosachuk appeared via

Courtcall on behalf of himself. The Court heard no proffers or representations by or on behalf of Astrid Gabbe, Esq. who has not once appeared before this Court. During the course of these proceedings, Attorney Gabbe has filed motions and pleadings that were prosecuted or defended by Attorney Ramirez. However, the matters before the Court involve filings by Attorney Gabbe and Mr. Kosachuk that violate the discharge injunction and Orders of the Court entered in this case, and they were not defended by Attorney Ramirez.

**1. Sanctions Against Astrid Gabbe, Esq. And Chris Kosachuk**

The Motion seeks sanctions against Astrid Gabbe, Esq. and Chris Kosachuk for filings made in *Chris Kosachuk v. 9197-5904 Quebec, Inc.*, Case No. 18-25369-MC-MOORE (S.D. Fla.) ("District Court case"), an action to register an Order and Final Judgment entered on March 24, 2015. Although the judgment names 9197-5904 Quebec, Inc. (Quebec) as the judgment debtor, Astrid Gabbe, Esq. on behalf of Chris Kosachuk, filed a *Motion for Postjudgment Writ of Garnishment* against Debtor Liza Hazan in the District Court case, causing to be issued a Writ of Garnishment against Ms. Hazan. Answers to the writs were necessarily filed and Objections to those answers were filed by Attorney Gabbe for Chris Kosachuk.

Thereafter, Attorney Gabbe, on behalf of Chris Kosachuk, filed in the District Court case the *Judgment Creditor Chris Kosachuk's Verified Motion to Enforce Final Judgment [D.E. 1] by Piercing the Corporate Veil of Bad Faith Petitioning Creditor 9197-5904 Quebec, Inc. Againsts [sic] its Officers and Beneficiaries: Raymond Houle, Elizabeth Hazan A/k/a Liza Hazan and Her Husband Sean Meehan and Incorporated Memorandum of Law*. The verified motion seeks to pierce the corporate veil of Quebec to Debtor Hazan and her husband, Sean Meehan, on the theory that Quebec is and has always been Hazan's "alter-ego," and that Hazan and Meehan are liable for Quebec's purported debt to Kosachuk. Attorney Gabbe, for Kosachuk, requested the District Court

pierce the corporate veil of Quebec and enter judgment against Mr. Houle, Ms. Hazan, Mr. Meehan and Selective, jointly and severally.

These attempts to collect on the Quebec judgment from Ms. Hazan are blatantly contemptuous acts in willful defiance of this Court's Confirmation Order (ECF 691), Discharge Order (ECF 766) and the discharge injunction provided under the Bankruptcy Code. Kosachuk, and Attorney Gabbe, have appeared throughout these proceedings and Kosachuk's corporation, NLG, LLC, has likewise appeared throughout these proceedings. Despite his participation in this case, Mr. Kosachuk never filed a claim in this case, for this prepetition judgment or any other. If Mr. Kosachuk believed he may have had a claim against this Debtor for the 2015 prepetition judgment, he should have filed same during the course of the case; but having chosen not to, any alleged claim was lost, or waived, upon the entry of the Confirmation Order and the Order of Discharge.

The Confirmation Order prohibits pursuit of prepetition debts against Hazan and the Discharge Order discharged Hazan of liabilities accruing prior to entry of the Confirmation Order. The Final Order and Judgment against Quebec having been entered **on *March 24, 2015***, before the Confirmation Order was entered and before the filing of the petition for relief, any such liability of Hazan would be a prepetition debt discharged by the orders of this Court. Given their active participation in Hazan's bankruptcy case, it is indisputable that Kosachuk and Gabbe have actual knowledge of the proceedings in this case, including the entry of the Confirmation Order and Discharge Order. In fact, they have appealed the Confirmation Order, along with other Orders, but have not obtained a stay of any Order of the Court. Thus, the Confirmation Order and Order of Discharge having become final, Kosachuk and Gabbe are prohibited from seeking to enforce the Quebec judgment against Hazan in the District Court case.

The Court cannot allow this willful violation of the Court's Orders and the discharge

injunction to pass without ensuring counsel and her client know what they did was wrong. Therefore, the Court will sanction Astrid Gabbe, Esq. and her client, Chris Kosachuk, jointly and severally, for filing the foregoing motions against the Debtor in the District Court case, thereby unnecessarily multiplying the pleadings in the District Court case. To ensure these violations do not persist, Gabbe and Kosachuk will be jointly and severally liable for the attorneys fees Hazan incurred to defend herself in the District Court case. They shall also be required to withdraw all pleadings against Hazan within 48 hours or be fined $1,000 a day for each day that the motions against Hazan remain on the docket without withdrawal, as the motions seek to enforce, at best, a discharged debt, if any at all.

**2.**      **Sanctions Against Juan Ramirez, Esq. And NLG, LLC**

In the Court's prior Contempt Order, the Court sanctioned Attorney Ramirez and NLG for filing a crossclaim against the Debtor in a pending state court foreclosure case. During the course of these proceedings, the Court determined that NLG's claim was satisfied, and neither NLG nor Kosachuk had a claim against the Debtor in this case. Accordingly, the Court concluded that "[t]he injunction in the Confirmation Order prevented NLG from taking any action or attempt to collect any discharged debts, including preventing the filing of a lawsuit in state court to collect on its extinguished or otherwise satisfied debt." (ECF 780 at 7). The Court found NLG and its counsel violated the Confirmation Order by filing the crossclaim against Hazan in the foreclosure proceeding and ordered NLG's crossclaim be dismissed, which the Court presumed would dissolve the *lis pendens* recorded. (ECF 780 at 9).

Ramirez and NLG filed a notice of withdrawal of the crossclaim. However, at a hearing on a second motion for contempt, Debtor's counsel advised that the withdrawal did not result in dissolution of the *lis pendens*. The Court declined to impose additional sanctions on NLG and

Ramirez for this conduct based on Ramirez's representation that he was willing to stipulate to dismissal in a form acceptable to Hazan.  Importantly, at the hearing, NLG's attorney stated he did not know what the problem is with their withdrawal, but nonetheless offered Debtor's counsel to draft any notice of dismissal or withdrawal of the crossclaim that he felt complied with this Court's Contempt Order and stated he would file same in an effort to comply with the Contempt Order. Based on counsel's withdrawal and subsequent statement of willingness to file a form of a notice of dismissal or withdrawal of the crossclaim that the Debtor's attorney proposes, the Court found no grounds for contempt. (ECF 823).

In the Motion now before the Court, the Debtor argues that Ramirez's and NLG's promises were empty. Despite Hazan's counsel having reached out to Ramirez to resolve this issue, Hazan asserts Ramirez has refused to cooperate by signing the necessary documents to effect the dissolution of the *lis pendens*. To the contrary, Ramirez argues he is still willing to sign what he said he would sign, but the problem with Debtor's counsel's proposals is that the Debtor included dismissal of the counterclaim, which was not contemplated by the Court's Order.

The Court has reviewed its prior Contempt Order and finds it did not require the dismissal of the counterclaim and therefore Attorney Ramirez's refusal to sign the document(s) proposed by Debtor's counsel is justified and excused. Attorney Ramirez, and NLG, will not be further sanctioned for failing to sign proposed documents to dissolve the *lis pendens*.  However, notwithstanding the parties' misunderstandings, the *lis pendens* must be dissolved.  Accordingly, the Court directs and orders that all *lis pendens* filed by Attorney Ramirez on behalf of NLG against Liza Hazan and property belonging to Liza Hazan be dismissed, dissolved and released within 48 hours or Attorney Ramirez and NLG will be fined $1,000 a day, jointly and severally, for each day that a *lis pendens* remains on the property.

Accordingly, it is

ORDERED AND ADJUDGED that the *Reorganized Discharged Debtor's Expedited Motion for Contempt and to Impose Sanctions on NLG, Juan Ramirez Jr., Christopher Kosachuk, and Astrid Gabbe* (ECF 836) is GRANTED IN PART AND DENIED IN PART as follows:

1. Astrid Gabbe, Esq. and Chris Kosachuk shall withdraw all pleadings against Liza Hazan in the District Court case within 48 hours of entry of this Order, or the Court will fine them $1,000 a day for each day that the motions against Hazan remain on the docket without withdrawal, as the motions seek to enforce, at best, a discharged debt, if any at all.

2. Astrid Gabbe, Esq. and Chris Kosachuk are liable, jointly and severally, for all reasonable and necessary attorneys fees that Debtor Liza Hazan incurred to defend herself in the District Court case.

2. Within fourteen (14) days of entry of this Order, Debtor's counsel shall file an affidavit of all fees incurred by Debtor to defend herself in the District Court case, and the Court will conduct a hearing on May 8, 2019 at 11:00 AM in Courtroom 7, 301 North Miami Ave., Miami, FL to consider any objections to said fees.

3. All *lis pendens* filed by Juan Ramirez Esq. on behalf of NLG, LLC against Liza Hazan and property belonging to Liza Hazan in the pending state court foreclosure case shall be dismissed, dissolved and released within 48 hours of entry of this Order, or the Court will fine Attorney Ramirez and NLG $1,000 a day, jointly and severally, for each day that a *lis pendens* remains on the Debtor's property.

5. The Court will defer the imposition of additional sanctions in this Order, pending a hearing on *NLG, LLC, Juan Ramirez Esq., Astrid Gabbe, Esq and Chris Kosachuk's Verified Motion for New Hearing Pursuant to FRBP 9023 and Fed.R.Civ.P. 59*, which was filed after the

hearing on Debtor's Expedited Motion for Contempt and Sanctions.

6.    A hearing on *NLG, LLC, Juan Ramirez Esq., Astrid Gabbe, Esq and Chris Kosachuk's Verified Motion for New Hearing Pursuant to FRBP 9023 and Fed.R.Civ.P. 59* is scheduled for May 8, 2019 at 11:00 AM in Courtroom 7, 301 North Miami Ave., Miami, FL. **NO PARTY IS PERMITTED TO ATTEND THIS HEARING TELEPHONICALLY.**

###

Copies furnished to:

Debtor
David Langley, Esq.
Daniel Bushell, Esq.
Juan Ramirez, Esq.
Astrid Gabbe, Esq.
Chris Kosachuk
NLG, LLC
AUST

EXHIBIT E



**ORDERED in the Southern District of Florida on March 12, 2019.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA

In re:

LIZA HAZAN, a/k/a ELIZABETH
HAZAN,

     Debtor.

_____/

NLG, LLC, a Delaware limited liability
company and CHRIS KOSACHUK, an
interested party,

     Plaintiffs,

v.

LIZA HAZAN a/k/a ELIZABETH
HAZAN,

     Defendant/Debtor.

_____/

Case No 16-10389-BKC-AJC

Chapter 11

Adv. No 18-1492-BKC-AJC-A

### ORDER GRANTING MOTION TO DISMISS
### AMENDED COMPLAINT WITH PREJUDICE

**THIS MATTER** came before the Court on February 13, 2019 on Defendants' Liza Hazan

1

Case 1:25-cv-23060-JEM Document 21-3 Entered on FLSD Docket 09/12/25 Page 68 of 100
Case 4:19-cv-14275-XXXX Doc 88 Filed 06/12/19 Page 2 of 9
133

a/k/a Elizabeth Hazan, Sean Neil Meehan, Portfolio Onesource Advisors, LLC, Portefolio Onesource Advisor, LLC, and Horizon Hospitality Holdings, LLC's Motion to Dismiss Amended Complaint to Revoke Confirmation Order and Discharge Order with Prejudice (ECF 26). On January 16, 2019, this Court entered an Order granting Debtor Liza Hazan a/k/a Elizabeth Hazan's Motion to Dismiss Adversary Complaint and granting Plaintiffs leave to amend. Plaintiffs filed an Amended Complaint on January 14, 2019 (ECF 18).

Plaintiffs' Amended Complaint contains seven Counts. Count I fails to state a claim. Plaintiffs allege that Defendants defrauded the Court because Liza Hazan a/k/a Elizabeth Hazan ("Hazan") returned three checks to the bank that were presented to show proof of payment. Under the Federal Rules of Civil Procedure, exhibits are part of the pleading "for all purposes." Fed. R. Civ. P. 10(c); *Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 120 (11th Cir. 2007). The attachments to the Amended Complaint show that Hazan replaced the returned checks at issue in identical amounts with the corrected payee names. The Amended Complaint fails to state a claim based on the checks because replacing incorrect checks with checks made out to, and payable to the proper parties does not amount to fraud on the Court. *See, e.g., In re Longardner & Associates, Inc.*, 855 F.2d 455, 460 (7th Cir. 1988) (explaining that fraud on the court is the only ground for revoking confirmation); *Tenn-Fla Partners v. First Union Nat. Bank of Florida*, 229 B.R. 720, 730 (W.D. Tenn. 1999) ("For the order of confirmation to be revocable," the "fraud must be directed at the court."), *aff'd sub nom. In re Tenn-Fla Partners*, 226 F.3d 746 (6th Cir. 2000).

Similarly, Plaintiffs allege that Hazan committed a fraud on the court by failing to disclose that the transfer of the New York condominium was potentially voidable. Taking judicial notice of the documents and pleadings filed in this case, the Court notes that Hazan's Disclosure Statement states precisely the point that Plaintiffs now allege Hazan failed to disclose:

2

> **Debtor transferred this New York Condominium in August, 2011. The Board of Managers alleges that the transfer was made without the consent of Spencer Condominium. The Board of Managers has agreed to the approval of this Disclosure Statement. The Internal Revenue Service has filed a Proof of Claim in this case. *The statute of limitations for the IRS to contest the transfer has not yet run*, but IRS has taken no such position and has not appeared in the case other than the filing of a Proof of Claim. The New York Condominium had no equity at the time of the transfer.**

Disclosure Statement, ECF 9-3, at 7 (bold emphasis in original; italicized emphasis added).

This is not a new or undisclosed matter. Indeed, the New York condominium association was actively represented during these proceedings. Given that the Court was made aware of the issue, it could not have been defrauded by any alleged failure of Hazan to disclose it. *See In re Bennington*, 519 B.R. 545, 549 (Bankr. D. Utah 2014) ("allegations of fraud" that "were made known to the Court and creditors…before the hearing on confirmation…cannot serve as a basis to revoke the Debtors' confirmation order."); *In re Level Propane Gases, Inc.*, 438 B.R. 354 (B.A.P. 6th Cir. 2010) (affirming dismissal of revocation claims where "the same allegations were known by the bankruptcy court" and had been rejected by it during the confirmation process). As such, Count I fails to state a claim.

In Counts II-VI, Plaintiffs purport to bring claims for criminal bankruptcy fraud under 18 U.S.C. §§ 152, 153, and 157. These counts fail to state cognizable claims for revocation of confirmation or discharge. First, "section 1144 is the ***only*** avenue for revoking confirmation of a plan of reorganization." *In re Longardner & Associates, Inc.*, 855 F.2d 455, 460 (7th Cir. 1988). Accordingly, Plaintiffs cannot obtain revocation of confirmation by asserting claims under 18 U.S.C. §§ 152, 153, or 157. Importantly, 18 U.S.C. §§ 152, 153, and 157 are criminal statutes, violations of which may be prosecuted only by the United States government; there is no private right of action to enforce them. *See, e.g.*, *In re Nordeen*, 495 B.R. 468, 484–85 (B.A.P. 9th Cir.

2013) ("Any alleged perjury committed in the filing of a claim in a bankruptcy case is subject to criminal sanctions under 18 U.S.C. § 152, not to any private right of action by the Nordeens."). Thus, this Court lacks jurisdiction to adjudicate such claims. *See* 28 U.S.C. § 157. Finally, in Count VII, Plaintiffs allege that Hazan's discharge should be revoked based on the facts and claims set forth in the count seeking revocation of plan confirmation. However, because Counts I-VI fail to state a claim, Count VII also fails to state a claim.

The Court notes that Defendants have also raised other meritorious reasons for dismissing the Amended Complaint. For instance, Plaintiff Chris Kosachuk, who has not filed a proof claim or otherwise participated in an individual capacity in Hazan's bankruptcy case, lacks standing to seek revocation. Pursuant to 11 U.S.C. §1109(b), only "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." A party in interest must have "a direct legal interest in the case" and may only "assert that interest with respect to any issue to which it pertains." *In re JMP-Newcor International, Inc.*, 225 B.R. 462, 464 (Bankr. N.D. Ill. 1998) (citations omitted). As Kosachuk has no claim against Hazan, he is unaffected by the confirmation of Hazan's plan. NLG also lacks standing regarding confirmation of Hazan's plan because it holds no allowed claim. *See, e.g.*, *In re Flintkote Co.*, 526 B.R. 515, 520 (D. Del. 2014) (purported creditor lacked standing to challenge plan confirmation "because all of its asserted claims were untimely or disallowed"); *In re Delta Air Lines, Inc.*, 374 B.R. 516 (Bankr. S.D.N.Y. 2007).

Defendants further argue that Plaintiffs' action for revocation of confirmation is precluded by the doctrine of equitable mootness. "Although equitable mootness is often applied on appeal, it applies to proceedings under Section 1144." *In re Delta Air Lines, Inc.*, 386 B.R. 518, 537 (Bankr.

S.D.N.Y. 2008). The Eleventh Circuit has explained that in considering equitable mootness, courts should evaluate "the balance of equities, including whether a stay pending appeal has been obtained and if not, why not; whether the plan has been 'substantially consummated;' what type of relief is sought; and what the effect of granting such relief would be." *In re Ferguson*, 683 Fed. Appx. 924, 926 (11th Cir. 2017) (citing *In re Club Assocs.*, 956 F.2d 1065, 1069 n. 11 (11th Cir. 1992)). The Court has previously found that Hazan's plan has been substantially consummated and that NLG failed to timely seek a stay. After considering the balance of the equities, the Court believes Plaintiffs' claims for revocation are equitably moot.  Accordingly, it is

ORDERED and ADJUDGED that Defendants' Motion to Dismiss Amended Complaint to Revoke Confirmation Order and Discharge Order with Prejudice is GRANTED. Plaintiffs' Amended Complaint to Revoke Confirmation Order and Discharge Order is DISMISSED WITH PREJUDICE.

###

Geoffrey S Aaronson, Esq. is directed to serve a copy of this
Order on all interested parties and to file a Certificate of Service.

**EXHIBIT F**



**ORDERED in the Southern District of Florida on December 28, 2018.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**

In re:                                      Case No. 16-10389-BKC-AJC

LIZA HAZAN a/k/a ELIZABETH HAZAN,           Chapter 11

      Debtor,

_____/

<u>**ORDER GRANTING IN PART DEBTOR'S AMENDED EXPEDITED MOTION FOR
CONTEMPT, SANCTIONS, DAMAGES AND PUNITIVE DAMAGES [ECF NO. 748]**</u>

THIS CAUSE came before the Court for hearing on October 24, 2018 upon the *Debtor's
Amended Expedited Motion for Contempt, Sanctions, Damages, and Punitive Damages and
Memorandum of Law* (the "Motion") [ECF 748].  In the Motion, the Reorganized Debtor seeks
sanctions and more against NLG, LLC and Attorney Juan Ramirez, for recording a *lis pendens*
against the Reorganized Debtor's real property on August 9, 2018 and filing a cross-claim on

October 1, 2018 against the Reorganized Debtor in that state court foreclosure action by JP

Morgan Bank against Debtor, *JP Morgan Bank, NA v. Elizabeth Hazan a/d/a Liza Hazan, et al*.,

Case No. 2013-25902, pending in the Eleventh Judicial Circuit Court in and for Miami-Dade

County, Florida ("Foreclosure Action"). Debtor alleges they violated the automatic stay and the

injunction resulting from the confirmed Chapter 11 Plan.

   NLG, LLC and Attorney Ramirez assert their actions do not violate any provisions of the

automatic stay under section 362 of the Bankruptcy Code because the filing of the *lis pendens*

does not seek to to collect, recover, or offset debts from the property of the Debtor. In addition,

they contend that no stay was in effect at the time of the filings, post-confirmation, due to the

closure of this case, and therefore no stay violation occurred.

   On December 13, 2018, following the hearing on the Motion and the post-hearing

submission of proposed orders, the Reorganized Debtor filed another sanctions motion. The

additional motion seeks an order to show cause as to why Chris Kosachuk, NLG, LLC, Juan

Ramirez, Esq. and Astrid Gabbe, Esq. should not be held in contempt of Court for violating the

Court's judgment and orders [ECF 770]. This second sanctions motion is based on additional

actions taken by the foregoing parties, but the argument for sanctions remains the same, to wit,

that the actions taken in various court proceedings violate this Court's Orders and judgment. A

hearing on the motion for order to show cause was held on December 27, 2018.

   **BACKGROUND**

   NLG has been a participant in the Reorganized Debtor's bankruptcy case, and filed a proof

of claim herein. NLG maintained that it held a foreclosure judgment on the Reorganized Debtor's

homestead residence and the right to foreclose on it. The Debtor disputed NLG's assertions and,

together with Selective Advisors Group, LLC, ("Selective Advisors") a business owned by
Debtor's husband, filed an adversary proceeding against NLG, Adv. No. 16-1439 BKC-AJC-A.

The adversary case was tried on July 13, 2017; and, on November 1, 2017, the Court
entered a Final Judgment on Counts I, II and III of the Reorganized Debtor's Third Amended
Complaint [Adv. No. 16-1439, ECF No. 238]. The Final Judgment disallowed NLG's untimely
filed proof of claim, and deemed NLG's Mortgage, Note and Judgment on the Note, all entered
against the Reorganized Debtor, satisfied by virtue of set-off based upon a judgment against NLG
in favor of Selective Advisors.  The Court ruled that NLG had no further claim against the Debtor
Liza Hazan a/k/a Elizabeth Hazan under the Note, Mortgage or any court order of record and in
evidence:

> NLG, LLC's judgment on the promissory note, the Scola Judgment,
> recorded at Book 26406, Page 3259-3260, CFN2008R0446831, also
> recorded at Book 26357 Pages 3948-3949 CFN20080361591, the
> Note and the Mortgage recorded at Book 25559 Pages 4266-4272
> CFN2007R0410013, NLG, LLC's foreclosure Judgment entered in
> favor of NLG and against Elizabeth Hazan on December 4, 2015,
> the Gordo Foreclosure Judgment, recorded at Book 29902 Pages
> 3737-3742 CFN 20150812181 affecting Debtor's homestead
> Property known as 6913 Valencia Drive, Miami, Florida 33109 with
> the following legal description:
>
>> LOT 7, Block 2, LINDISFARNE ON FISHER ISLAND
>> SECTION 10 according to the Plat thereof, recorded in
>> PLAT Book 157, Page 64, of the Public Records of Miami-
>> Dade County, Florida
>
> have been satisfied and paid, and are deemed SATISFIED OF
> RECORD, and Debtor has good title to said Property against the
> claims or purported claims by, through, under, or against it by NLG,
> LLC and the title to the Property is forever quieted as to all claims
> of NLG, LLC.

Adv. No. 16-1439 ECF No. 238 at p.14.

On June 12, 2018, the Court entered its Order Confirming the Debtor's Plan of Reorganization ("Confirmation Order") [ECF No. 691]. The Confirmation Order contains injunctions prohibiting creditors from pursuing prepetition claims against the Reorganized Debtor or her property. Paragraph 8 of the Confirmation Order contains an injunction prohibiting creditors whose claims were extinguished from pursuing such claims against the debtor:

> All creditors whose judgments are declared null and void (if any) are enjoined from commencing, continuing, or employing any action, process, or act to collect, recover, or offset any such debts as personal liability of the Debtor, or from property of the Debtor, whether or not discharge of such Debtor is waived.

ECF No. 691 at 5, ¶8. Similarly, Paragraph 9 of the Confirmation Order contains an injunction prohibiting all creditors from taking any action to collect any prepetition debt or to enforce any lien against the debtor's property based on a prepetition claim:

> All creditors are also enjoined from commencing, continuing, or employing any action, process, or act to collect, recover, or offset any debts, or enforce any liens against the Debtor on account of any debt that existed as of the Petition Date.

*Id*., ¶9.

NLG has appealed the Confirmation Order. No stay pending appeal of the Confirmation Order has been entered.

**ANYALYSIS**

Pursuant to 11 U.S.C. 362(c)(1), "the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate." Additionally, 11 U.S.C. 362(c)(2) provides that the stay of any other act under subsection (a) continues until the earliest of the time the case is closed, dismissed or the time a discharge is granted or denied.

In accordance with 11 U.S.C. 1141(b), the confirmation of the Chapter 11 Plan in this case, on June 12, 2018, vested all property of the estate in the Reorganized Debtor. Thus, upon confirmation and the vesting of estate property in the Reorganized Debtor, the stay ceased to exist, and the actions thereafter taken against the Debtor's property are not in violation of the automatic stay. 11 U.S.C. 362(c)(1). *Baur v. Chase Home Finance (In re Baur)*, 433 B.R. 898 (Bankr. M.D. Fla. 2010). Moreover, because the Court closed this case upon confirmation, at the Debtor's request, the automatic stay was discontinued as of June 12, 2018, and the Court therefore finds there was no violation of the automatic stay by the subsequent filing of the *lis pendens* or the cross-claim. 11 U.S.C. 362(c)(2).

However, the Chapter 11 Plan and Confirmation Order replaced the automatic stay with a permanent injunction, as more specifically provided in paragraphs 8 and 9 of the Confirmation Order. Therefore, the primary issue is whether the recording of the *lis pendens* and/or the filing of the cross-claim against the Debtor violates the Court's injunction in the Confirmation Order.

Upon consideration, the Court believes the recordation of the *lis pendens* against Debtor's property is not, in and of itself, a violation of the Plan's injunction. The purpose of a *lis pendens* is to give constructive notice to a prospective buyer or lender of the pendency of a legal proceeding affecting title to or the right of possession of real property. A *lis pendens* exists, in part, to prevent third-party purchasers or lenders from "buying" a lawsuit when they purchase or loan against the property. *Chiusolo v. Kennedy*, 614 So.2d 491 (Fla. 1993). The recordation of a *lis pendens* provides constructive notice to subsequent purchasers or lenders, to prevent a buyer of real property from claiming *bona fide* purchaser status with respect to the asserted claim. A *lis pendens* also protects the filer from intervening liens that could impair any property rights claimed and from possible extinguishment of an unrecorded equitable lien. *Id.*

Case 1:25-cv-23665-JB Document 21-7 Entered on FLSD Docket 07/07/2025 Page 77 of 100
Case 6:16-bk-06565-ABB Doc 168 Filed 12/29/16 Page 82 of 133
133

In this instance the *lis pendens* provides for notice "of the institution of a cross-claim for foreclosure by Defendant/Crossclaim Plaintiff NLG, LLC pursuant to its Final Judgment of Foreclosure." While the *lis pendens* appears premised upon a pre-petition, satisfied and extinguished claim, it does not establish or perfect a lien on real property and therefore does not constitute an act in violation of the stay or injunction (though some courts may suggest otherwise).

The filing of the cross-claim against the Reorganized Debtor, on the other hand, does indeed constitute an act commencing or continuing an action or process to collect, recover or offset a debt, and to enforce a lien against the Debtor on account of a pre-petition debt, in violation of paragraph 8 of the Confirmation Order, and in violation of paragraph 9 of the Confirmation Order. Filing the cross-claim against the Reorganized Debtor seeking to foreclose on her home is an act to enforce a lien against the Debtor's property. By filing the cross-claim, NLG and Attorney Ramirez violated the Plan's injunction.

"Bankruptcy judges, like district judges, have the power to coerce compliance with injunctive orders." *Alderwoods Group, Inc. v. Garcia*, 682 F.3d 958, 966 (11th Cir. 2012). A party will be held in contempt of a plan injunction if it is shown that the creditor (1) had knowledge of the plan injunction; and (2) intended the acts that violated the injunction. *See Hardy v. United States (In re Hardy)*, 97 F.3d 1384, 1390 (11th Cir. 1996) (factors determining stay violations are applicable to violations of discharge injunction, citing *Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1555 (11th Cir. 1996)). If the party intended to do the acts that violated the injunction, then the party is in contempt, regardless of whether the violator specifically intended to violate the stay or injunction. *Jove*, 92 F.3d at 1555.

The Court finds both conditions are satisfied here. NLG and Ramirez filed, with aforethought, the offending cross-claim, knowing full well the Confirmation Order contained those injunctive provisions, because NLG is pursuing an appeal of that Order. The injunction in the Confirmation Order prevented NLG from taking any action or attempt to collect any discharged debts, including preventing the filing of a lawsuit in state court to collect on its extinguished or otherwise satisfied debt.

Although in November 2016, the Court granted relief from the automatic stay to JP Morgan Chase Bank and NLG "to litigate *the foreclosure claim of Chase* in the Foreclosure Action to the point of judgment," [ECF No. 315], it did not authorize NLG to pursue its own foreclosure claim. Moreover, relief from stay was granted before the Court entered its Final Judgment on Counts I, II, and III, determining NLG's foreclosure judgment had been satisfied. Now that the Court has ruled on that issue, and that Judgment has not been stayed, that ruling is law of the case and NLG may not pursue a claim in state court seeking the opposite result.

Bankruptcy courts are empowered to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Where, as here, a party has violated a plan injunction through pursuing litigation in another forum, it is appropriate for the Court to order the party to dismiss and discontinue its offending lawsuits. *See, e.g., In re Kimball Hill, Inc.*, 565 B.R. 878, 901–02 (Bankr. N.D. Ill. 2017). Because NLG and Ramirez's cross-claim in the Florida Foreclosure Action is in violation of the injunctions contained in the Confirmation Order, they are ordered to immediately discontinue their pursuit of the cross-claim against the Debtor by withdrawing or dismissing same. Upon withdrawal or dismissal of the cross-claim, the notice of *lis pendens* will automatically be dissolved pursuant to Fla.R.Civ.P. 1.420(f).

As sanctions for the violation, the Court will award the Debtor reasonable attorneys fees for having to bring this matter before the Court. However, no punitive damages will be awarded unless NLG and Attorney Ramirez fail to immediately comply with this Order.

Finally, and with respect to the motion for an order to show cause, the Debtor argues that NLG, its manager Chris Kosachuk and Attorneys Ramirez and Gabbe are in contempt of Court and should be sanctioned for commencing and continuing litigation in both Florida and New York, where they are seeking to void the judgment against NLG owned by Selective Advisors. The Debtor contends such actions constitute "employing any action, process, or act to collect, recover, or offset any debts, or enforce any liens against the Debtor on account of any debt that existed as of the Petition Date." The Court disagrees. Seeking to vacate the New York judgment is not akin to taking action to collect against the Debtor, regardless of whether this Court relied on the existing New York judgment in entering its Final Judgment against NLG in Adv. No. 16-1439.

The Court has no jurisdiction over litigation between two third-parties in a state or other federal court case. Third party Selective Advisers did not obtain the benefit of the automatic stay in this case, nor did it receive an injunction in the confirmed Chapter 11 Plan. The fact that Chris Kosachuk and Attorney Ramirez may have admitted in affidavits filed in those cases that their true purpose in seeking to void that New York judgment is to enforce the Reorganized Debtor's alleged debt and to foreclose a mortgage on her home, is irrelevant and does not support a finding of contempt. Stating as much in an affidavit does not make it so; NLG, Kosachuk, Ramirez and Gabbe are still not entitled to foreclose. The Court ruled as such in its Final Judgment on Counts I, II and III of the Reorganized Debtor's Third Amended Complaint in Adv. No. 16-1439, and that judgment has not been stayed and is now law of the case. The actions of NLG, its manager Chris

Kosachuk and Attorneys Ramirez and Gabbe in the cases against Selective Advisers are not actions to foreclose on the Debtor's property.

Selective Advisers is not entitled to the injunction obtained by the Reorganized Debtor in this case. The injunction is intended to protect the Reorganized Debtor from creditors seeking to enforce pre-petition debts. Actions taken by NLG, Chris Kosachuk or Attorneys Ramirez and Gabbe against third parties are not included in the injunctive relief as those actions are not seeking to collect a pre-petition debt from the Debtor in this case. Accordingly, it is

**ORDERED** and **ADJUDGED** that *Debtor's Amended Expedited Motion for Contempt, Sanctions, Damages, and Punitive Damages and Memorandum of Law* (the "Motion") [ECF 748] is GRANTED IN PART as follows:

1. The Court finds that Attorney Ramirez and NLG have violated the injunctions in the Confirmation Order by filing the cross-claim in the Foreclosure Action seeking to foreclose a pre-petition debt that was deemed satisfied and otherwise extinguished in this bankruptcy case.

2. Attorney Ramirez and NLG shall immediately withdraw or dismiss the cross-claim filed in the Foreclosure Action, and upon dismissal of the cross-claim, the *lis pendens* shall be dissolved.

3. If the cross-claim is not immediately dismissed, NLG, LLC and Juan Ramirez, Esq., will be determined to be in contempt of this Court's Orders and the Court will consider the imposition of further sanctions, including punitive damages.

4. NLG and Attorney Ramirez are cautioned to refrain from taking any other action in contravention of the Final Judgment on Counts I, II and III entered on November 1, 2017 in Adv. No. 16-01439 or the Confirmation Order entered on June 12, 2018.

5. NLG and Mr. Ramirez shall be jointly and severally liable for the attorney's fees in the amount of $9,500.00 as reasonable fees incurred by the Reorganized Debtor for filing the Motion in this case, appearing before the Court at two (2) hearings and filing post-hearing submissions with the Court, all in defense of NLG's improperly filed and violative cross-claim in the Foreclosure Action. The Court denies an award of fees for the multiple attorneys appearing on behalf of the Debtor as multiple attorneys were not necessary and such an award is not reasonable.

It is further

**ORDERED** and **ADJUDGED** that, based upon the foregoing, the Debtor's *Emergency Motion for Order to Show Cause as to Why Chris Kosachuk, NLG, LLC, Juan Ramirez and Astrid Gabbe Should Not be Held in Contempt of Court for Violations of This Court's Judgment, Confirmation Order and Discharge Order* [ECF 770] is MOOT.

###

Copies furnished to:

Debtor
Geoffrey S Aaronson, Esq.
Juan Ramirez, Esq.
AUST

---

*Attorney Geoffrey Aaronson is directed to serve a copy of this Order on all interested parties and to file a certificate of service with the Court.*

EXHIBIT G

### ORDER GRANTING LIZA HAZAN'S MOTION FOR CONTEMPT, TO STRIKE LIS PENDENS AND IMPOSE SANCTIONS AND FOR ENTRY OF FINAL JUDGMENT AND INJUNCTIVE RELIEF

THIS CAUSE came before the Court for hearing on March 30, 2022 upon the Reorganized and Discharged Debtor, Liza Hazan's Motion for Contempt, to Strike Lis Pendens and to Impose Sanctions on Christopher Kosachuk and for Entry of Final Judgment and for Injunctive Relief (ECF 1068).[1] Hazan asserts Kosachuk willfully violated the injunction against the collection of debts pursuant to 11 U.S.C. §524(a)(2) and the injunction contained in the Confirmation Order by filing a seventh lis pendens on Hazan's homestead property recorded on December 2, 2021 with

---

[1] Mr. Kosachuk appeared at the hearing and argued he was not properly served with the motion. Debtor's counsel insisted he was. Mr. Kosachuk had obviously reviewed the motion prior to the hearing because he was able to respond to the allegations and argued his case at length. He was also given additional time to prepare and submit a post-hearing brief, which he did. Under the circumstances, the Court finds notice is sufficient and due process is met.

the Miami-Dade County Clerk of Courts at Book 32880 Pages 4069-4070 CFN.

After consideration of the parties' arguments at the hearing and review of their respective post-hearing submissions, the Court believes that the filing of the seventh lis pendens at this late stage in the proceedings violates the injunctions provided by the Confirmation and Discharge Orders. Mr. Kosachuk filed the lis pendens after the Final Judgment on Counts I, II and III (adjudicating Mr. Kosachuk's rights in and to Debtor's homestead property and finding no claim thereto] was entered on November 1, 2017 in Adv. No. 16-01439-BKC-AJC-A [ECF 238] and was not stayed, and after that final judgment was subsequently upheld by the District Court and the Eleventh Circuit Court of Appeals (which orders on appeal have become final). Even after it was determined he had no interest in Debtor's property, Mr. Kosachuk persisted in filing the seventh lis pendens.

Mr. Kosachuk argues that the seventh lis pendens is already dissolved by operation of law as a result of the dismissal of the Delaware Adversary Proceeding referenced in the seventh lis pendens. He asserts no further action is needed and the motion should be denied as moot. Mr. Kosachuk relies on Fla.R.Civ.P. 1.420(f) which states:

**(f) Effect on Lis Pendens.** If a notice of lis pendens has been filed in connection with a claim for affirmative relief that is dismissed under this rule, the notice of lis pendens connected with the dismissed claim is automatically dissolved at the same time. The notice, stipulation, or order shall be recorded.

Mr. Kosachuk contends that, because all parties agreed that the underlying Delaware Adversary Proceeding was dismissed, so too was the lis pendens. On the other hand, Debtor's title attorney, Michael Simon, who filed a declaration of record, states that an order discharging the seventh lis pendens with prejudice is required before Debtor can proceed with a pending real estate transaction involving her property. Ms. Hazan's Declaration, attached to her motion, states that a significant payment is due the homeowner's association by April 2, 2022, and that the pending

transaction is needed to satisfy that obligation.

The Court believes that whether the seventh lis pendens is automatically dissolved or whether further steps are necessary to dissolve the lis pendens of record to allow the Debtor to complete the pending real estate transaction to pay her homeowner's association, all parties agree that the seventh lis pendens is of no force and effect whatsoever. Thus, as there is no dispute as to the dissolution of the seventh lis pendens, the Court will enter this Order specifically and unambiguously dissolving the lis pendens with prejudice. Additionally, because Mr. Kosachuk has been finally determined to have no further claim to Debtor's homestead property, yet he has filed a seventh lis pendens on Debtor's property based on an extinguished and satisfied claim, the Court believes an injunction is appropriate.

Upon consideration of the record, the Court determines that the filing of the seventh lis pendens violates this Court's Confirmation and Discharge Orders. Accordingly, it is

ORDERED AND ADJUDGED that the Discharged Debtor Liza Hazan's Motion to Strike Lis Pendens and to Impose Sanctions on Christopher Kosachuk and for Entry of Final Judgment and for Injunctive Relief (ECF 1068) is GRANTED as follows:

1. The seventh lis pendens recorded on December 2, 2021 with the Miami-Dade County Clerk of Courts at Book 32880 Pages 4069-4070 CFN 2021R0904549 is DISSOLVED, DISCHARGED, AND RELEASED, with prejudice, and deemed **null** and void. The Debtor and her counsel may take all action necessary to fully and finally dissolve, discharge, and release with prejudice the seventh lis pendens, including recording this Order.

2. Having determined that Chris Kosachuk is in contempt of Court for filing the seventh lis pendens in violation of the Confirmation Order and discharge injunction, CHRIS KOSACHUK, his representatives, agents and assigns are hereupon ENJOINED from filing and

recording any further lis pendens or other notices against Liza Hazan aka Elizabeth Ha,::an's property located at 6913 Valencia Drive, Miami FL 33109 on Fisher Island under any caption in any jurisdiction, or from taking any other action in contravention of the Final Judgment on Counts I, II and III entered on November 1, 2017 in Adv. No. 16-01439-BKC-AJC-A [ECF 238], and long since affirmed on appeal, or the Confirmation Order entered on June 12, 2018 [ECF 691], or the Discharge Order entered on December 7, 2019 [ECF 766].

3. Other than the injunction imposed herein, the Court declines to impose any monetary sanctions on Mr. Kosachuk for his contempt in this instance; however, the Court cautions Mr. Kosachuk that any future violations of this Court's Orders, including the injunction contained herein, may incur extraordinary sanctions to coerce compliance in the face of contempt, including monetary sanctions and incarceration.

### 

Copies to:

Christopher Kosachuk
David Langley, Esq.

Attorney Langley shall immediately serve a conformed copy of this Order upon all interested parties and file a certificate of service of same with the Court.

**EXHIBIT H**



**ORDERED in the Southern District of Florida on June 28, 2022.**

A. Jay Cristol, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No. 16-10389-AJC

LIZA HAZAN a/k/a ELIZABETH HAZAN,        Chapter 11

        Debtor.

_____/

**ORDER GRANTING LIZA HAZAN'S EXPEDITED MOTION FOR CONTEMPT, TO
STRIKE EIGHTH LIS PENDENS AND TO IMPOSE SANCTIONS**

**THIS MATTER** came before the Court for hearing on June 22, 2022 upon *Reorganized
and Discharged Debtor, Liza Hazan, a/k/a Elizabeth Hazan's* ("Hazan") *Expedited Motion for
Contempt, to Strike Lis Pendens and to Impose Sanction and Motion for Entry of Final Judgment*
[ECF No. 1090] filed on April 26, 2022. By her motion, Ms. Hazan seeks sanctions against non-

party non-creditor Christopher Kosachuk, for the filing of the Eighth Lis Pendens on her Fisher Island homestead property located at 6913 Valencia Drive, Fisher Island, Miami, FL 33109, in violation of previous orders of this Court. Ms. Hazan asserts Kosachuk willfully violated the Court's injunction against collection of debts provided by 11 U.S.C. 524(a)(2) and the Discharge Order [ECF No. 766], the Court's Confirmation Order, [ECF No. 691], and the Order Granting Liza Hazan's Motion for Contempt, to Strike Lis Pendens and Impose Sanctions and for Entry of Final Judgment and Injunctive Relief (concerning the filing by Kosachuk of the Seventh Lis Pendens) ("Injunction Order")[ECF No. 1073], by filing an eighth lis pendens on Hazan's homestead property on March 30, 2022 recorded at Book 33096, Pages 4285-4286, CFN2022R0257478, of the Public Records of Miami-Dade County. [ECF No. 1090- A].

Upon consideration of the record and the motion, the Court determines that Chris Kosachuk does not hold a claim against Ms. Hazan or a lien on Ms. Hazan's homestead property. The Seventh Lis Pendens was recorded by Kosachuk without any basis and this Court determines that the filing of the Eighth Lis Pendens was also without any basis, in violation of the Discharge Injunction and Confirmation Order and the Injunction Order.

Accordingly, the Court concludes that the filing of the Eighth Lis Pendens violates the injunctions provided by the Confirmation, Discharge Order and the Injunction Order, and is an improper collateral attack on the Court's Final Judgment, and orders it to be immediately dismissed, dissolved and released with prejudice. Moreover, the Court believes that substantial sanctions are warranted should Kosachuk take any further action to prevent or delay the sale or refinancing of Ms. Hazan's property. It is therefore

ORDERED AND ADJUDGED that Liza Hazan's Expedited Motion for Contempt, to Strike lis pendens and to Impose Sanctions (ECF 1090) is GRANTED as follows:

1.      The Court determines that Christopher Kosachuk is in contempt of Court for filing the Eighth Lis Pendens in violation of the Confirmation Order, the Injunction Order and discharge injunction.

2.      The Eighth Lis Pendens recorded on March 30, 2022, at Book 33096 Pages 4285-4286 CFN 2022R0257478 is DISSOLVED, DISMISSED, DISCHARGED, AND RELEASED, with prejudice, and deemed null and void.

3.      All other past, present and future lis pendens recorded by Chris Kosachuk or Christopher Kosachuk, or his representatives, attorneys, or agents, are deemed null and void and shall be immediately DISSOLVED, DISMISSED, DISCHARGED AND RELEASED, with prejudice, and of no effect.

4.      The Court has stated on the record that Chris Kosachuk has no standing in this case, and the Court believes that his prior filings were improper efforts to prevent Ms. Hazan from selling or refinancing her property and completing her Plan.  Should Kosachuk, or any agent or attorney acting on behalf of Kosachuk, take any action that results in the delay of the sale or refinancing of the Debtor's homestead property, the Court, upon the filing of an affidavit by Ms. Hazan or her counsel to that effect, will direct the United States Marshal to take Christopher Kosachuk into custody and  to detain Mr. Kosachuk in custody until such time as Ms. Hazan is able to complete a closing on her homestead property.

###

**Submitted by:**
DAVID W. LANGLEY
*Attorney for Liza Hazan*
8551 W. Sunrise Boulevard, Suite 303
Plantation, Florida 33322
Telephone:    954-356-0450
Fax:                954-356-0451
E-mail: dave@flalawyer.com
Florida Bar Number 348279
The party submitting this order shall serve a copy of the signed order on all parties listed below
and file with the court a certificate of service conforming with Local Rule 2002-1(F).

**Copies to:** Clerk, U.S. Bankruptcy Court, Office of the U.S. Trustee, all parties of interest, and by
email and mail, postage prepaid, to:

**Chris Kosachuk**
854 Pheasant Run Rd.
West Chester, PA 19382

And by email to:
chriskosachuk@gmail.com

**EXHIBIT I**



**ORDERED in the Southern District of Florida on July 7, 2025.**

**Robert A. Mark, Judge**
**United States Bankruptcy Court**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

In re:                                              Case No. 16-10389-RAM

LIZA HAZAN a/k/a                                    Chapter 11
ELIZABETH HAZAN,

      Debtor.

_____/

### <u>ORDER DENYING MOTION TO REOPEN AND TO DISMISS CASE</u>

On June 25, 2025, Christopher Kosachuk filed the Transfer of Claim Other than for

Security [DE# 1480] wherein Mr. Kosachuk disclosed that he acquired the unsecured claim

of JMB Urban 900 Development Partners, LTD ("JMB") in the amount of $664,380.47. *See*

Proof of Claim No. 4-2 (the "Transferred Claim"). Also on June 25, 2025, Mr. Kosachuk

filed, on behalf of JMB, the Motion to Reopen Case, to Dismiss Case with Prejudice and

Restore its Petition Day Creditor Status [DE# 1481] (the "Motion"). In the Motion, Mr.

Kosachuk argues that Liza Hazan (the "Debtor") has defaulted on her confirmed plan and,

therefore, the Court should reopen the case, dismiss the case, and restore all creditors to their pre-petition status.

The Motion is yet another attack by Mr. Kosachuk in "the lengthy and tortuous history" of litigation between him and the Debtor that has spread across multiple cases in multiple forums. *See* Order Dismissing Appeal [DE# 1407], which the Court incorporates here by reference. This Court and the U.S. District Court for the Southern District of Florida have ruled on several occasions that Mr. Kosachuk, through a separate entity, NLG LLC, lacked standing in this chapter 11 case to challenge the Debtor's confirmed plan. *See, e.g.*, DE#'s 1332 and 1461.

It is obvious that Mr. Kosachuk acquired the Transferred Claim to fabricate standing in an effort to continue this legal saga in this Court, but he is not going to succeed. If Mr. Kosachuk chooses to pursue his personal vendetta against the Debtor, he must do it elsewhere. The Court is not reopening this case.

Denying the Motion does not eliminate Mr. Kosachuk's right to enforce the Transferred Claim. Like any binding contract, Mr. Kosachuk, through JMB, can enforce his rights under the Debtor's confirmed plan in a non-bankruptcy forum through a simple claim for breach of contract. *In re Troutman Enters., Inc.*, 253 B.R. 8, 11 (6th Cir. B.A.P. 2000) ("If a reorganized debtor defaults under a plan, creditors have several options, including enforcing the plan terms in any court of competent jurisdiction."); *Paul v. Monts*, 906 F.2d 1468 (10th Cir. 1990) (state law breach of contract action may be brought for a breach of chapter 11 plan obligations); *In re Nylon Net Co.*, 225 B.R. 404, 406 (Bankr. W.D. Tenn. 1998) (unsecured creditors' state court collection lawsuits "are essentially breach of contract actions arising from the contractual and financial obligations as set forth in the debtor's

chapter 11 plan, and the Court finds that the state court is the most efficient and appropriate forum to best serve the parties' interests in enforcement of their plan obligations.").

Having considered the Motion and the record in this case, and for the foregoing reasons, the Court **ORDERS** that the Motion is denied without prejudice to JMB seeking to enforce its rights in a non-bankruptcy forum.

###

Copies to:

Joel M. Aresty, Esq.
Office of the U.S. Trustee

**CLERK TO SERVE:**

Christopher Kosachuk
854 Pheasant Run Rd.
West Chester, PA 19382-8144

EXHIBIT J

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 25-23415-CIV-ALTONAGA

**JMB URBAN 900 DEVELOPMENT PARTNERS, LTD**; *et al.*,

      Appellants,

v.

**LIZA HAZAN**,

      Appellee.

_____/

### <u>ORDER</u>

On July 30, 2025, Appellants, JMB Urban 900 Development Partners, Ltd and Chris Kosachuk filed a Notice of Appeal [ECF No. 1], appealing two orders issued by the United States Bankruptcy Court for the Southern District of Florida in case number 16-10389: a July 8, 2025 Order Denying Motion to Reopen and to Dismiss Case ("July 8 Order") [Bankr. ECF No. 1484]; and a July 18, 2025 Order Denying Motion to Reconsider ("July 18 Order") [Bankr. ECF No. 1487] (collectively, the "Orders"). (*See* Notice of Appeal 2).[1]

On August 14, 2025, the Court directed Appellants to explain why the appeal should not be dismissed for lack of jurisdiction. (*See generally* Aug. 14, 2025 Order [ECF No. 10]). The Court noted that district courts have jurisdiction to hear appeals of final bankruptcy court orders and appealable interlocutory orders, and it appeared the Orders fell into neither category. (*See id.* 1, 3 (citations omitted)); *see* 28 U.S.C. § 158. Appellants filed a Response [ECF No. 23]. Appellee filed a Motion to Dismiss and . . . Reply to Appellants' Response ("Mot. to Dismiss and Reply") [ECF No. 27].[2]

_____

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[2] In the Motion to Dismiss and Reply, Appellee moves to dismiss the appeal on several grounds, including lack of subject-matter jurisdiction. (*See generally id.*). But Appellee does not provide an independent

In the Response, Appellants contend collateral estoppel establishes subject-matter jurisdiction because the Eleventh Circuit concluded it had jurisdiction to review a district court's order affirming denial of a motion to dismiss filed by Kosachuk in the bankruptcy case. (*See* Resp. 1–2 (citations omitted)). Appellants also argue that the Court has jurisdiction even without estoppel because the Orders are final or an exception to the finality requirement applies. (*See generally id.*). None of these arguments succeeds.

**_Collateral Estoppel._** Collateral estoppel "precludes the relitigation of an issue that has already been litigated and resolved in a prior proceeding." *Bradshaw Constr. Corp. v. Underwriters at Lloyd's, London*, No. 15-24382-Civ, 2016 WL 8739603, at *3 (S.D. Fla. Jan. 8, 2016) (quotation marks and citation omitted); *see also id.* (noting the doctrine applies to issues of subject-matter jurisdiction (citation omitted)). That definition describes only the threshold requirement, *see United States v. Beane*, 841 F.3d 1273, 1283 (11th Cir. 2016) (citation omitted), and Appellants do not meet it: they fail to show that subject-matter jurisdiction has been litigated and resolved in their favor in a prior proceeding (*see generally* Resp.).

According to Appellants, the Eleventh Circuit "agreed" it had jurisdiction over Kosachuk's appeal of a district court order affirming the Bankruptcy Court's denial of Kosachuk's 2022 motion to dismiss. (Resp. 1–2); *see also generally In re Hazan*, No. 16-10389, July 18, 2022 Order [ECF No. 1221] (Bankr. S.D. Fla. 2025); *Kosachuk v. Hazan*, No. 22-22351-Civ, Sept. 27, 2022 Order [ECF No. 20] (S.D. Fla. 2023); *In re Hazan*, No. 22-13600, Dkt. (11th Cir. 2023). Appellants contend that, because the Eleventh Circuit ordered briefing on the merits of Kosachuk's appeal *after* ordering briefing on subject-matter jurisdiction, it must have decided jurisdiction existed. (*See* Resp. 1–2). The undersigned is not convinced.

---

jurisdictional analysis; she merely advises she agrees with the August 14, 2025 Order. (*See generally* Mot. to Dismiss and Reply).

True, the Eleventh Circuit directed the parties to explain why it had subject-matter jurisdiction over the appeal. *See generally In re Hazan*, No. 22-13600, Jurisdictional Question [ECF No. 5], filed Nov. 28, 2022. And several days after the parties submitted their responses, the Eleventh Circuit issued a Briefing Notice, setting deadlines for the parties to submit appellate briefs. *See In re Hazan*, No. 22-13600, Resps. to Jurisdictional Question [ECF Nos. 7, 9], filed Nov. 28, 2022; *In re Hazan*, No. 22-13600, Briefing Notice [ECF No. 14], filed Dec. 9, 2022. But the Briefing Notice — an administrative docket-management order, signed only by the Clerk of Court — did not address subject-matter jurisdiction. (*See generally* Briefing Notice). In any event, the Eleventh Circuit ultimately ruled that Kosachuk lacked standing to file the appeal, *see generally In re Hazan*, No. 22-13600, June 2, 2023 Order [ECF No. 49] — thereby deciding subject-matter jurisdiction *did not* exist, *see Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) (explaining that standing implicates subject-matter jurisdiction (citation omitted)).

Because collateral estoppel does not resolve the jurisdictional question, the Court turns to whether the Orders are final or interlocutory review is warranted.

***Finality.*** Appellants contend the Orders are final because they (1) end the litigation between Appellants and Appellee and resolve a "contested matter"; (2) determine or seriously affect Appellants' substantive rights; and (3) will cause irreparable harm to Appellants if an appeal is deferred until conclusion of the bankruptcy case. (*See* Resp. 1–5 (citations omitted)).

An order is generally final only if it ends litigation on the merits, "leaving nothing to be done but execute the judgment." *In re Donovan*, 532 F.3d 1134, 1136 (11th Cir. 2008) (citation omitted). In the bankruptcy context, finality is "more flexible[.]" *Id.* (alteration added). As bankruptcy is an "aggregation of controversies and suits[,]" finality exists if an order resolves a "particular adversary proceeding or controversy" within the case, even if the order does not conclude the entire bankruptcy case. *Id.* (alteration added; quotation marks and citation omitted).

Still, "[i]ncreased flexibility in applying the finality doctrine in bankruptcy does not render appealable an order which does not finally dispose of a claim or adversary proceeding." *Id.* (alteration added; quotation marks and citation omitted). A bankruptcy court order is final only if it "completely resolve[s] all of the issues pertaining to a discrete claim[.]" *In re Atlas*, 210 F.3d 1305, 1308 (11th Cir. 2000) (alterations added; citation omitted); *see also Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 43–48 (2020) (holding that an order denying relief from an automatic stay in a bankruptcy proceeding is final because it "terminates a procedural unit separate from the remaining case" (citing 28 U.S.C. § 158(a)).

In *In re Donovan*, the Eleventh Circuit applied these rules and concluded a bankruptcy court's order denying an appellant's motion to dismiss a Chapter 7 case was not a final order. *See* 532 F.3d at 1137. As the court reasoned, the order neither conclusively resolved the bankruptcy case nor resolved any adversary proceeding or claim — and most circuit courts to consider whether such motions are final have reached similar conclusions. *See id.* (citations omitted). Appellants do not persuade that the present appeal is any different. (*See generally* Resp.).

First, contrary to Appellants' assertion that the July 8 and July 18 Orders end the bankruptcy litigation, the Orders *maintain* the litigation by denying a request to end the case. (*See generally* July 8 Order; July 18 Order).

Second, while Appellants are correct that the Orders resolve a "contested matter" (Resp. 3); *see* Fed. R. Bankr. Pro. 1017(f) (classifying motions to dismiss bankruptcy actions as contested matters), that classification does not mean the Orders are final. To be sure, an order resolving a contested matter can be final; for example, denial of relief from an automatic stay is final because a stay-relief motion initiates a "discrete procedural sequence" that occurs "before and apart from proceedings on the merits of creditors' claims" — meaning denial "terminates a procedural unit separate from the remaining case[.]" *Ritzen Grp., Inc.*, 589 U.S. at 43–48 (alteration added;

quotation marks and citations omitted); *see also In re Sar-Manco, Inc.*, 70 B.R. 132, 133 (Bankr. M.D. Fla. 1986) (indicating a stay-relief request is a contested matter). But Appellants do not explain why that classification itself satisfies finality — nor do they argue that the July 8 or July 18 Orders resolve a discrete procedural unit, proceeding, or claim. (*See generally* Resp.). In fact, the Orders do not do so; they deny Kosachuk's request to terminate the entire bankruptcy case. (*See generally* July 8 Order; July 18 Order).

Third, Appellants' argument that the Orders are final because they determine substantive rights or will cause irreparable harm lacks legal grounding. (*See* Resp. 3 (citation omitted)). Appellants rely on *In re Mason*, where the Ninth Circuit deemed final a bankruptcy court's denial of a motion to vacate an order for relief. (*See* Resp. 3 (citing 709 F.2d 1313, 1316 (9th Cir. 1983))).[3] That decision rested on two grounds: the significant practical consequences such an order imposes on a debtor and the fact that a petition for relief resolves a discrete procedural unit within the bankruptcy. *See* 709 F.2d at 1317–18 (citations omitted). Because *Mason* itself did not treat practical consequences alone as sufficient for finality, it does not support Appellants' position. *See generally id.* Even if it did, Appellants do not explain how their practical-consequences theory could be reconciled with the Eleventh Circuit's narrower definition of finality. (*See generally* Resp.); *see In re Donovan*, 532 F.3d at 1136.

In short, the Orders are not final. (*See generally* Orders); *see* 28 U.S.C. § 158.

**Interlocutory Review.** Appellants argue that two exceptions to the final-order requirement apply: the collateral order doctrine and the doctrine of marginal finality. (*See* Resp. 5–7).[4]

---

[3] Appellants provide only a short-form citation: "*See In re Mason*, 709 F.2d at 1316 (citing R. Levin, Bankruptcy Appeals, 59 N.C. L. Rev. 967, 985-86 & n.140)." (Resp. 3).

[4] Appellants also suggest the Court should exercise its discretion to review the Orders even if no exception applies. (*See* Resp. 3). As the Court has noted, 28 U.S.C. section 1292(b) provides criteria for whether to exercise discretionary authority to review an interlocutory bankruptcy court order. *See id.*; (*see* Aug. 14,

The collateral order doctrine permits review of interlocutory orders that

(1) finally determine a claim separate and independent from the other claims in the action; (2) cannot be reviewed after the final judgment because by then effective review will be precluded and rights conferred will be lost; and (3) are too important to be denied review because they present a significant and unresolved question of law.

*In re F.D.R. Hickory House, Inc.*, 60 F.3d 724, 726 (11th Cir. 1995) (quotation marks and citation omitted); *see also In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 534 (11th Cir. 1991) (citation omitted).

Appellants do not clear the first prong of this test. They insist the Orders resolve a separate and independent claim: "whether [Appellee's] failure to file post confirmation operating reports and . . . to maintain plan payments constitutes cause for dismissal of a confirmed plan . . . and how much is now due[.]" (Resp. 6–7 (alterations added; citations omitted)). As this statement makes plain, the "claim" the Orders resolved was an attempt to dismiss the entire bankruptcy — hardly "separate and independent from the other claims in the bankruptcy proceeding." *In re F.D.R. Hickory House, Inc.*, 60 F.3d at 726; *see id.* (concluding a claim was not separate when its resolution would have affected other parties to the bankruptcy).

Under the marginal finality doctrine — the "most extreme" exception to the final-judgment rule — immediate review is available of an order "of marginal finality" that resolves issues "fundamental to further conduct of the case." *Id.* at 727 (quotation marks and citations omitted). This exception is "limited to cases that concern an unsettled issue of national significance." *In re Esteva*, 60 F.4th 664, 672 (11th Cir. 2023) (alteration adopted; quotation marks and citation

---

2025 Order 2 (citation omitted)). Under section 1292(b), leave to appeal should be granted where the bankruptcy court order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Appellants make no argument this requirement is satisfied (*see generally* Resp.), and the Court finds interlocutory review is not warranted.

omitted). Appellants simply assert this exception applies because Appellee cannot "remain in bankruptcy while failing to make confirmed plan payments" (Resp. 6 (citation omitted)) — without addressing marginal finality or an unsettled issue of national significance (*see generally id.*). The Orders do not meet either requirement. (*See generally* July 8 Order; July 18 Order).

In sum, Appellants do not persuade that the Orders are appealable as of right or that interlocutory review is warranted.

Accordingly, it is

**ORDERED AND ADJUDGED** that the appeal is **DISMISSED** for lack of jurisdiction. Appellee's Motion to Dismiss . . . **[ECF No. 27]** is **DENIED as moot**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 17th day of September, 2025.

_Cecilia M. Altonaga_

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:  counsel of record

# ELECTRONIC JUDGMENT LIEN CERTIFICATE

FOR PURPOSES OF FILING A JUDGMENT LIEN, THE FOLLOWING INFORMATION IS SUBMITTED IN ACCORDANCE WITH s. 55.203, F.S..

**JUDGMENT DEBTOR (DEFENDANT) NAME(S) AS SHOWN ON JUDGMENT LIEN:**

HAZAN, ELIZABETH A/K/A LIZA
6913 VALENCIA DR
FISHER ISLAND, FL. 33139

WORLD OF CONCEPTS, LLC
6913 VALENCIA DR
FISHER ISLAND, FL. 33139
FEI#:  -  DOS DOCUMENT#: L02000028836

**J25000537626**
**FILED**
**Jul 29, 2025 08:00 A.M.**
**Secretary of State**
KBRUMBLEY

**JUDGMENT CREDITOR (PLAINTIFF) NAME AS SHOWN ON JUDGMENT LIEN OR CURRENT OWNER OF JUDGMENT IF ASSIGNED:**

JMB URBAN 900 DEVELOPMENT PARTNERS, LTD
854 PHEASANT RUN RD
WEST CHESTER, PA 19382-8144
DOS DOCUMENT#: N/A

**NAME AND ADDRESS TO WHOM ACKNOWLEDGMENT/CERTIFICATION IS TO BE MAILED:**

CHRISTOPHER KOSACHUK
CHRISKOSACHUK@GMAIL.COM

AMOUNT DUE ON MONEY JUDGMENT: 1,065,095.94
APPLICABLE INTEREST RATE: 9.00%
NAME OF COURT: 11TH JUDICIAL CIR. MIAMI-DADE
CASE NUMBER: 2025-014286-CA-01
DATE OF ENTRY: 07/28/25
WAS A WRIT OF EXECUTION DOCKETED ON THIS JUDGMENT LIEN WITH ANY SHERIFF PRIOR TO OCTOBER 1, 2001?
   ( ) YES  (IF YES, A "CREDITOR AFFIDAVIT CERTIFICATION" FORM MUST BE ATTACHED TO THIS CERTIFICATE.)
   (X) NO

UNDER PENALTY OF PERJURY, I hereby certify that: (1) The judgment above described has become final and there is no stay of the judgment or its enforcement in effect; (2) All of the information set forth above is true, correct, current and complete; (3) I have not previously filed a Judgment Lien Certificate regarding the above judgment with the Department of State; and, (4) I have complied with all applicable laws in submitting this Electronic Judgment Lien Certificate for filing.

Electronic Signature of Creditor or Authorized Representative: CHRISTOPHER KOSACHUK

25-14286 CA 13



IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JMB/URBAN 900 DEVELOPMENT
PARTNERS, LTD.,                          )
                                         )
            Plaintiff,                   )
                                         )     No.: 2005 L 13785
      v.                                 )
                                         )     Calendar S
ELIZABETH HAZAN and WORLD OF             )
CONCEPTS, LLC,                           )     Judge Raymond W. Mitchell
                                         )
            Defendants.                   )
                                         )

2025 JUL 28 PM 4: 04

## MODIFICATION TO FINAL ORDER OF JUDGMENT

This case coming before the Court on Plaintiff's Petition for Modification of Judgment Pursuant to 735 ILCS 5/2-1401, and good cause appearing, it is hereby ORDERED and ADJUDGED:

1.     Plaintiff's Petition for Modification of Judgment Pursuant to 735 ILCS 5/2-1401 is GRANTED.

2.     For purposes of clarifying the Court's October 14, 2011 Final Order of Judgment, the Court's entry of judgment on behalf of Plaintiff appearing in the sixth and seventh lines of page 8 of the Court's Final Order of Judgment is hereby modified to read as follows:

4233
8001
4293
8301

The Court enters judgment on behalf of Plaintiff and against defendants Elizabeth Hazan and World of Concepts, LLC, jointly and severally, in the amount of $300,000 plus attorneys' fees and costs in the amount of $132,245.60, and prejudgment interest.

Prepared By
WAllen Woolley
Edwards Wildman Palmer (48791)
225 W. Wacker Dr.
Chicago IL 60606
312-201-2000

ENTERED:

_Ralw. W. Mitchell_
Judge Raymond W. Mitchell

OCT 23 2013
Circuit Court ☰ 1992

I hereby certify that the document to which this
certification is affixed is a true copy.

Mariyana T. Spyropoulos    JUN 2 0 2025
Date
MARIYANA T. SPYROPOULOS
Clerk of the Circuit Court
of Cook County, IL

NO FAL COPY IS NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL CO

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

_SMB et alia_ )
Plaintiff(s), )
)
v. )
)
_Hazan et alia_ )
Defendant(s). )
)

Commercial Calendar S

No. _05 L 13785_

Judge Raymond W. Mitchell
Courtroom 2004

## CASE MANAGEMENT ORDER

(4231) ____ Written fact discovery to be issued by:_____

(4296) ____ Written fact discovery to be completed by:_____

(4218) ____ Oral fact discovery to be completed by:_____

(4206) ____ Plaintiff(s) shall answer 213(f) interrogatories by:_____

(4206) ____ Defendant(s) shall answer 213(f) interrogatories by:_____

(4218) ____ Plaintiff's 213(f)(1), (2) and (3) witnesses deposed by:_____

(4218) ____ Defendant's 213(f)(1), (2) and (3) witnesses deposed by:_____

### *All discovery shall be completed no later than 60 days before trial (Rule 218).*

(4231) ____ Dispositive motions shall be presented on or before _____

(7217) ____ Final Pre-Trial Conference is set for _____ at ____

(4482) ____ (Bench/Jury) Trial is set for _____ at ____

(4619) ____ This matter is continued for subsequent Case Management Conference

on _____ at _____ in Room 2004 for status on:

☐ Service  ☐ Pleadings  ☐ Discovery  ☐ Settlement  ☐ Appearance of All Counsel  ☐ Other

_Christopher Carroll is granted_
_leave to withdraw as counsel for all Δs_

**Failure to appear shall result in dismissal for want of prosecution or entry of a default order.**
**Failure to comply with this order shall be a basis for sanctions under Rule 219(c).**
**Failure to enforce this order shall constitute a forfeiture of such discovery by that party.**

Name _Carroll_

Address _26 ...Kingston_

Telephone _630 544 1182_

Atty. for Δ

Atty. No. _25 814_

ENTER: **Judge Raymond W. Mitchell**

**OCT 23 2013**

Circuit Court - 1992

Judge Raymond W. Mitchell, No. 1992

_Please See Explanatory Notes On Reverse Side_

Rev. Nov. 2012

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

JMB Urban 900 Development Partners, Ltd.,      )
     )
        Plaintiff,      )
     )
        vs.      )
     )
Elizabeth Hazan and World of Concepts, LLC,      )
     )
        Defendants.      )

No. 2005 L 13785

Calendar S

Judge Raymond W. Mitchell

### FINAL ORDER OF JUDGMENT

This case is before the Court for ruling on Plaintiff's Motion for Entry of Judgment and on Defendant's Cross-Motion to Reinstate the Case to Trial Calendar. On May 16, 2011, the Court held an evidentiary hearing from which it makes findings of fact and conclusions of law in this matter.

### Findings of Fact

1. This case was brought in December 2005 for fraud allegedly perpetrated on Plaintiff when it entered into commercial leases with third party tenants based on representations made by Defendants. Plaintiff had alleged in its Complaint that it suffered damages of no less than $893,108.69 as a result of Defendants' conduct.

2. In October 2007, with Defendants' authorization, their attorney Stuart Rappaport made an initial offer of $120,000 to settle the case.

3. A tentative agreement was reached in December 2007 and the parties stipulated to the dismissal of the action. This Court entered a dismissal order on December 28, 2007, dismissing the case without prejudice and retaining jurisdiction to enforce the terms of the Settlement Agreement.

4. When the parties finalized all the details, the final Agreement provided that Defendants were required to pay Plaintiff $150,000. The payment schedule provided that Defendants were required to pay $50,000 on or before July 1, 2008 and $100,000 on or before December 31, 2008. The Agreement provided for a 15 day period to cure any default after Plaintiff had provided written notice.

5. The Agreement also provided that in exchange for Plaintiff's acceptance of the settlement pursuant to a payment schedule rather than

immediate payment, Defendants agreed that if they defaulted on the Agreement by failing to make the payments as required by the payment schedule they would pay an additional deferred payment of $150,000 to Plaintiff. The Agreement states that if the Defendants do not default, Defendants' obligation under the deferred settlement payment would be waived.

6.     The Agreement provided that if Defendants defaulted, they consented to reinstatement of the litigation and to the entry of judgment against them.

7.     The parties agreed that if a dispute or litigation arose concerning the Settlement Agreement, attorney's fees and costs would be awarded to the prevailing party.

8.     On March 20, 2008 Defendant Hazan executed the Agreement individually and on behalf of Defendant World of Concepts, LLC as its managing member. The signed agreement was delivered to Plaintiff by Rappaport or someone acting on his behalf indicating Hazan's willingness to commit to the Agreement.

9.     On April 1, 2008, Plaintiff, by its Vice President Julia Burnham, executed the agreement.

10.     In June 2008, after having an adverse judgment entered against her in a Florida court, Hazan, through her attorney, indicated that she would not be able to make the payments as required under the Agreement and requested to renegotiate its terms. Apparently, no agreement between the parties was reached.

11.     Defendants failed to make the first payment on July 1, 2008 and after receiving notice, failed to cure the default within 15 days as required by the Agreement.

12.     On July 25, 2008, Plaintiff filed its Motion to Reinstate and for Entry of Judgment for the amount of $300,000 plus attorney's fees and costs.

13.     Defendants filed their Response asserting that Plaintiff was not entitled to judgment because it did not submit an affidavit attesting to the authenticity of Hazan's signature and because the $150,000 deferred payment Plaintiff sought to recover was unenforceable as it was a penalty provision.

14.     On September 17, 2008, Rappaport withdrew as counsel. Shortly thereafter, Marzec Law Firm began to represent Defendants.

15.     On November 17, 2008, Darius Marzec, as defense counsel, filed a Supplemental Response to Plaintiff's Motion for Judgment asserting that Defendants' prior counsel had been deficient. Defendants claimed that Rappaport failed to explain the material terms of the agreement to Hazan, that Hazan did not get to read the agreement and that Hazan felt pressured by her attorney to sign it.

Defendants further asserted that Hazan was unable to competently sign the agreement at the time she executed it.

16. On January 9, 2009, Hazan made out an affidavit stating that she had been having psychological problems and had been severely depressed since early 2008. She averred that she wanted to get rid of the matter for $50,000-$75,000, but that Rappaport informed her that the only settlement that was possible was for $150,000. She stated that she could not understand what was happening and that she simply signed the signature page without giving it a second thought.

17. On June 8, 2009, Defendants filed an Amended Response to Plaintiff's Motion for Judgment requesting that the Court deny the Motion and a Cross-Motion requesting that the case be reinstated to the trial calendar.

18. Plaintiffs attempted to depose Hazan numerous times during the following two years, but were unable to do so.

19. The Court set a hearing date on Plaintiff's Motion and Defendant's Cross-Motion for May 16, 2011.

20. Three days prior to the hearing, Defendants moved for a continuance without any supporting affidavit claiming that Hazan was unavailable to attend the hearing due to illnesss. The Court denied the motion.

21. The Court conducted a hearing on the matter on May 16, 2011.

22. At the hearing, Marzec indicated that none of his witnesses were available, but that the parties had agreed to move forward with Plaintiff presenting its evidence. Marzec indicated that he had not personally contacted any of the potential witnesses as of that date, but that they were essential to address the issue of Hazan's health.

23. As of the hearing date, Defendant had not properly disclosed opinion witnesses and could not make an offer of proof as to what the witnesses would testify to at the hearing.

24. Stuart Rappaport, Hazan's attorney at the time the settlement agreement was entered into, testified at the hearing. His testimony was credible and is weighed accordingly by this Court.

25. At the hearing, Rappaport testified that Hazan seemed to be in good mental condition, participated in the settlement discussions, was concerned about potential terms of the Agreement, and that he would not have made any offer to settle if he believed that Hazan was in any way unfit to make such a decision. He further testified that he sent her all relevant documents regarding the settlement and that Hazan authorized him to enter into settlement negotiations with Plaintiff.

26.     Rappaport testified that when he became aware that Hazan would not be able to make the initial payment under the Agreement, he communicated with Plaintiff's counsel on her behalf to try and rework the terms of the Agreement. Rappaport testified that after the judgment was entered into against Hazan in Florida, Hazan was having cash flow problems so he and Hazan had a strategy of trying to pay as little as possible with later payment dates. The parties and their attorneys had a meeting wherein Hazan attempted to renegotiate the terms of the settlement agreement.

27.     Rappaport further testified that Hazan did not mention to him that she did not sign the agreement or that she did not know what was going on in the process of settling the case until several months after executing the agreement.

28.     Julia Burnham also testified on behalf of Plaintiff. She testified that the amount of the settlement was significantly less than what Plaintiff lost as a result of the alleged fraud by Defendants.

29.     Plaintiff incurred the damages at issue by clearing mechanic's liens on the property, losing revenue by retaining unleased space, and by paying out broker's fees, consulting agreement costs, and construction allowances which would have otherwise been paid by Defendants or the tenants, but that Plaintiff was instead obligated to pay, but received no benefit.

29.     Burnham further testified that the Settlement Agreement was for $300,000, but that it called for a $150,000 lump sum payment with the additional $150,000 being waived if Defendants did not default.

30.     At the conclusion of the hearing, the Court and counsel for both parties agreed on a date of June 17, 2011 to continue the hearing. Defense counsel indicated that he would like to use that date to provide an update on Hazan's status. The Court stated that Defendants needed to submit an affidavit from a physician on that date if Hazan was continuing to assert an inability to be present due to a medical condition.

31.     On May 24, 2011, Marzec Law Firm moved to withdraw as defense counsel.

32.     On June 17, 2011, the Court denied Marzec's Motion to withdraw as counsel. Defendants failed to supply an affidavit regarding Hazan's inability to be present due to medical reasons and failed to present any witnesses to testify on Defendants behalf.

33.     The Court closed the evidentiary hearing and ordered the parties to file final briefs on the Motions.

4

## Summary of Arguments

Plaintiff argues that it is entitled to judgment in the amount of $300,000. It contends that the defenses asserted by Defendants are non-meritorious and that the settlement agreement should be enforced. Plaintiff argues that: (1)Hazan signed the Agreement; (2) has not met her burden to support an incapacity defense; (3) that Defendants were bound through Rappaport by the doctrine of apparent authority; (4) that Defendants through their conduct ratified the Agreement; and (5) that the $150,000 it agreed to waive if Defendants did not default is not an unenforceable penalty.

Defendants argue that Plaintiff's Motion for Entry of Judgment must be denied and that its Motion to Reinstate the Case to the Trial Calendar should be granted. Defendants contend that: (1) there is no evidence that Hazan executed the Agreement; (2) that Plaintiffs cannot disprove Hazan lacked capacity to contract; (3) that without testimony from Hazan the Court cannot determine if Rappaport could bind Defendants through the doctrine of apparent authority; and (4) that the final payment of $150,000 is unenforceable as it was a penalty.

## Conclusions of Law

1. Hazan admitted in her affidavit that she signed the Settlement Agreement. This admission is uncontradicted by evidence to the contrary.

2. Rappaport's credible, uncontradicted testimony at the evidentiary hearing also established that Hazan executed the Settlement Agreement.

3. The test of mental capacity is that an individual must have a sufficient mind and memory to comprehend the nature and effect of the act in which he is engaged. *Barth v. Gregory*, 79 Ill. App. 3d 510, 522 (3d Dist. 1979).

4. An act will be considered valid unless it is shown that the party alleging incapacity was unable to comprehend the nature of the transaction and protect his own interests. *Id.* at 522-23.

5. Hazan has failed to meet her burden to establish a meritorious defense based upon incapacity. She has failed to show that she was unable to comprehend the nature of the transaction or that she was unable to protect the interests of herself or those of World of Concepts, LLC. Indeed, the evidence is entirely to the contrary, showing her to be actively involved in both the original negotiations as well as subsequent efforts to renegotiate the settlement after the default.

5

6.     Although Defendants argue that Plaintiffs cannot disprove that Hazan lacked capacity, it is well settled law that the burden of proving lack of mental capacity rests upon the party making that allegation. *Christian Health Care of Springfield W. Park, Inc. v. Little*, 145 S.W. 3d 44, 52 (S.D. Mo. 2004). There is a presumption of sanity preceding adjudication, and the burden of proving otherwise is upon the party who seeks to show want of mental capacity to contract. *Id.*

7.     Rappaport's testimony as to his communications with Hazan throughout the negotiation and execution of the Agreement lends support to the Court's finding that Defendants have not met the burden to prove lack of capacity to contract as the testimony shows that Hazan in fact took affirmative steps to protect her interests in negotiating a favorable settlement and showed concern about the terms of the agreement. Moreover, his testimony as to her fitness and good mental condition was credible.

8.     Hazan attempted to renegotiate the terms of the agreement before defaulting and before she ever communicated the existence of a diminished capacity to anyone, including her attorney, strongly indicating that she understood the terms of the agreement at the time she executed it and subsequent thereto.

9.     Rappaport had both apparent and express authority to make settlement offers on Defendants' behalf. The unequivocal testimony of Rappaport shows that he had Hazan's consent to engage in settlement negotiations designating actual authority to him.

10.     Hazan's conduct during the negotiation period and subsequent thereto evinces her acquiescence to Rappaport's actions. Her own affidavit evidences her desire to settle, albeit that like every defendant, she would have preferred to settle for less.

11.     Additionally, through Rappaport, Hazan attempted to renegotiate the terms of the agreement before defaulting and never indicated that Rappaport did not have authority to engage in such negotiations. A client ratifies the acts of an attorney when the acts are not repudiated by the client after acquiring knowledge of them. *Kulchawik v. Durabla Mfg. Co.*, 371 Ill. App. 3d 964, 970 (1st Dist. 2007). "Ratification need not be express; it may be inferred from surrounding circumstances, including long-term acquiescence, after notice, to the benefits of an allegedly unauthorized transaction." *Id.*

12. The Court finds that the acts and omissions on the part of Defendants subsequent to the execution of the Settlement Agreement constitute a ratification of the Agreement.

13. A litigant has no absolute right to a continuance. A motion for continuance based upon the illness of a party must be supported by competent medical testimony stating the nature of the illness and the reasons why that party is unable to attend or participate in the trial. *In Re Marriage of Ward*, 282 Ill. App. 3d 423, 431 (1st Dist. 1996). A decisive factor is whether the party seeking the continuance has shown a lack of diligence in proceeding with the cause. *Id.*

14. Defendants have not shown diligence in following the orders of the Court. Hazan has not provided sufficient reason for waiting until shortly before the hearing to assert an inability to be present. Defendants have not provided any affidavits from competent medical authorities to support an inability to appear despite repeated requests from the Court. *See In re Marriage of Drewitch*, 263 Ill. App. 3d 1088, 1089-96 (1st Dist. 1994) (holding that a repeated disobedience of court orders and a failure to adequately justify an inability to appear was sufficient to deny a continuance and close the proceedings).

15. In contract law, a penalty is a payment that exceeds a reasonable estimate of the loss from the breach. *Medstrategies Consulting Group, Ltd. v. Schmiege*, 382 Ill. App. 3d 505, 509 (2d Dist. 2008). No sum less than or equal to the judgment that would be entered following a trial may be called a "penalty." *Scavenger Sale Investors, L.P. v. Bryant*, 288 F.3d 309, (7th Cir. 2002) (applying Illinois law).

16. In settlement cases, a court is asked to determine whether the full payment provided for by the agreement in the event the settlement falls through reasonably approximates the damages that the court was likely to have found had the case been litigated to conclusion. *Id.* Here, Plaintiff alleged and presented convincing evidence establishing that it had suffered damages in excess of $800,000 as a result of Defendants' conduct. The Settlement Agreement called for a maximum payment of $300,000, a figure significantly less than what would be likely awarded had the case been litigated.

17. The deferred payment for not defaulting under the Settlement Agreement was not a penalty and is enforceable against Defendants.

18. Pursuant to the Agreement, the Defendants agreed to pay and are bound to pay reasonable attorney's fees and costs to Plaintiff as the prevailing

7

party. Pursuant to the Illinois Interest Act, Plaintiff is entitled to prejudgment interest at the rate of five percent per annum on the judgment amount.

* * * *

Based on the foregoing, Plaintiff's Motion to Reinstate and for Entry of Judgment is GRANTED.

Defendant's Cross-Motion to Reinstate to Trial Calendar is DENIED

The Court enters judgment on behalf of Plaintiff in the amount of $300,000 plus attorney's fees, costs, and prejudgment interest.

The case management conference scheduled for October 20, 2011 at 10:00 a.m. is stricken.

Plaintiff shall submit a fee petition and supporting affidavit by October 26, 2011.

Defendant shall submit any response or objection to the petition by November 7, 2011.

The case is continued until November 16, 2011 at 10:30 a.m. for a case management conference.

ENTERED,

Judge Raymond W. Mitchell

OCT 14 2011

Circuit Court 1992

Judge Raymond W. Mitchell, Judge No. 1992

I hereby certify that the document to which this certification is affixed is a true copy.

Mariyana T. Spyropoulos JUN 20 2025

Date

MARIYANA T. SPYROPOULOS
8    Clerk of the Circuit Court
of Cook County, IL





## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

_SMBetalia_ )
Plaintiff(s), )
) Commercial Calendar S
v. )
) No. 05 L 13788
_Hazen et alia_ )
) Judge Raymond W. Mitchell
Defendant(s). ) Courtroom 2004
)

### CASE MANAGEMENT ORDER

(4231)____ Written fact discovery to be issued by:_____

(4296)____ Written fact discovery to be completed by:_____

(4218)____ Oral fact discovery to be completed by:_____

(4206)____ Plaintiff(s) shall answer 213(f) interrogatories by:_____

(4206)____ Defendant(s) shall answer 213(f) interrogatories by:_____

(4218)____ Plaintiff's 213(f)(1), (2) and (3) witnesses deposed by:_____

(4218)____ Defendant's 213(f)(1), (2) and (3) witnesses deposed by:_____

**I hereby certify that the document to which this certification is affixed is a true copy.**
Mariyana T. Spyropoulos JUN 20 2025
Date ____
MARIYANA T. SPYROPOULOS
Clerk of the Circuit Court
of Cook County, IL

*All discovery shall be completed no later than 60 days before trial (Rule 218).*

(4231)____ Dispositive motions shall be presented on or before _____

(7217)____ Final Pre-Trial Conference is set for _____ at _____

(4482)____ (Bench/Jury) Trial is set for _____ at _____

(4619)____ This matter is continued for subsequent Case Management Conference

on _____ at _____ in Room 2004 for status on:

☐ Service  ☐ Pleadings  ☐ Discovery  ☐ Settlement  ☐ Appearance of All Counsel  ☐ Other

_4287_

_Christopher Carroll is granted_
_(2587)4 leave to withdraw as counsel for all Ds_

**Failure to appear shall result in dismissal for want of prosecution or entry of a default order.**
**Failure to comply with this order shall be a basis for sanctions under Rule 219(c).**
**Failure to enforce this order shall constitute a forfeiture of such discovery by that party.**

Name _Carroll_

Address _36 W Randolph_

Telephone _630 844 1182_

Atty. for _Ds_

Atty. No. _85 014_

**ENTER:**

_Judge Raymond W. Mitchell_

OCT 23 2013

Circuit Court 1992

Judge Raymond W. Mitchell, No. 1992

*Please See Explanatory Notes On Reverse Side*

Rev. Nov. 2012

# ASSIGNMENT OF AGREED FINAL JUDGEMENT

KNOW ALL MEN BY THESE PRESENTS JMB/Urban Developments Partners, LTD, in the matter of JBM/Urban Development Partners, Ltd. v. Liza Hazan aka as Elizabeth Hazan Adv. No. 16-ap-01188-RAM in Bankruptcy Case No. 16-10389 RAM wherein an Agreed Final Judgement was confirmed and entered on July 20, 2016 for $275,000.00 plus interest against the Defendants, does hereby assign all of its rights, entitlements, interests and remedies thereof and hereby consent to that the same shall be assigned to Chris Kosachuk.  This Assignment also assigns the proof of claim and the underlying Illinois State Court judgment attached to the proof of claims filed in the Hazan bankruptcy on March 18, 2016 by JMB, claim number 4-2, and all related rights to Chris Kosachuk.

By: _____

JMB/Urban Development Partners, LTD,
by JMB Financial Advisors LLC, its agent


STATE OF ILLINOIS )
 )
COUNTY OF )


The foregoing instrument was acknowledged before me this 5th day of June, 2025, by
Barry Graham who is personally known to me to be who presented
IL Drivers License as identification, and who did executed the aforesaid
ASSIGNMENT OF AGREED FINAL JUDGMENT.


_____
Notary Public

OFFICIAL SEAL
MAUREEN FUJITA
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 11/3/26

#521631710_v1

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY,
FLORIDA

Case No. 25 - 1 4 2 8 6 CA 1 3

---------------------------------------------------------------------

JMB/URBAN 900 DEVELOPMENT PARTNERS, LTD.,

                                        Plaintiff,

- against -

ELIZABETH HAZAN A/K/A LIZA HAZAN and
WORLD OF CONCEPTS, LLC

                                        Defendants.

---------------------------------------------------------------------

STATE OF FLORIDA          )
                          ) ss:
COUNTY OF MIAMI-DADE )

## AFFIDAVIT

CHRISTOPHER KOSACHUK, being duly sworn, deposes and says:

1.      I am the **judgment creditor name above** and my address is 854 Pheasant Run Road, West Chester, Pennsylvania 19382.

2.      This affidavit is submitted to the Court together with a certified copy of the Final Order of Judgment and Modification of Final Order of Judgment" (the "Final Judgment") entered in the Circuit Court of Cook County, Illinois, County Department, Law Division and here in Florida pursuant to Fla. Stat. 55.501-509.

3.      The Final Order of Judgment and Modification of Final Order of Judgment were not obtained by default in appearance or by confession of judgment.

4.      The Final Judgment remains wholly unsatisfied and there is now due and owing a total of $1,065,095.94 consisting of $432,245 of principal, $43,07639 of prejudgment interest for a total amount accruing post judgment interest of $475,321.39. plus $589,774.47 of post judgment interest through July 25, 2025 and per diem interest of $117.20 thereafter at the

rate of 9% annually.

5.      Enforcement of the Final Judgment has not been stayed by any court.

6.      The name and last known addresses of the judgment debtors are as follows:

Elizabeth Hazan
a/k/a Liza Hazan
6913 Valencia Dr.
Fisher Island, FL 33109

World of Concepts, LLC
6913 Valencia Dr.
Fisher Island, FL 33109

CHRISTOPHER KOSACHUK

Sworn to before me this

25 day of July , 2025.

Notary Public

MELISSA J SUTTER
Notary Public, State of New York
No. 01SU6361050
Qualified in Suffolk County
My Commission Expires 07/03/2029

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

**DIVISION**
☒ CIVIL
☐ OTHER

**NOTICE OF RECORDING
OF
FOREIGN JUDGMENT**

**CASE NUMBER: 2025-14286-CA01**

| JUDGMENT CREDITOR(S) | VS. JUDGMENT DEBTOR(S) |
|---|---|
| JMB\ Urban 900 Development Partners LTD | Elizabeth Hazan a/k/a Liza Hazan Address: 6913 Valencia Dr Fisher Island, FL 33109 |

| VS. JUDGMENT DEBTOR(S) World of Concepts LLC Address: 6913 Valencia Dr Fisher Island, FL 33109 | VS. JUDGMENT DEBTOR(S) Address: |
|---|---|
| VS. JUDGMENT DEBTOR(S) Address: | VS. JUDGMENT DEBTOR(S) Address: |

FILED FOR RECORD
CLOCK IN
2025 AUG -1 AM 9:36
CLERK
CIRCUIT & COUNTY COURTS
MIAMI-DADE COUNTY, FL

Pursuant to Section 55.505, Florida Statutes (Florida Enforcement of Foreign Judgments Act), you are hereby notified that a Foreign Judgment has been recorded against you by:

| JMB\ Urban 900 Development Partners LTD | Christopher Kosachuk |
|---|---|
| Judgment Creditor(s) | Attorney(s) for Judgment Creditor(s) |
| 854 Pheasant Run Road | 854 Pheasant Run Road |
| West Chester, PA 19382 | West Chester, PA 19382 |
| Address | Address |

As evidenced by the attached copies of the Recorded Foreign Judgment and Affidavit: I hereby certify that a true copy of this notice together with a copy of the Foreign Judgment and Affidavit have been furnished by registered mail, return receipt requested to the above judgment Debtor(s) at the above address this ___01___ day of ____Aug____, 20_25_.

| JUAN FERNANDEZ-BARQUIN CLERK OF THE COURT AND COMPTROLLER MIAMI-DADE COUNTY CIRCUIT AND COUNTY COURTS | By: NADDus 307565 DEPUTY CLERK | 08-01-2025 DATE |
|---|---|---|

Section 55.509 of the Florida Enforcement of Foreign Judgment Act provides as follows:
"STAY OF ENFORCEMENT OF FOREIGN JUDGMENT"

(1) If, within 30 days after the date the Foreign Judgment is recorded, the Judgment Debtor files an action contesting the jurisdiction of the Court which entered the Foreign Judgment or the validity of the Foreign Judgment and records a Lis Pendens directed toward the Foreign Judgment, the Court shall stay enforcement of the Foreign Judgment and the Judgment lien upon the filing of the action by the Judgment Debtor.
(2) If the Judgment Debtor shows the Circuit or County Court any ground upon which enforcement of a Judgment of any Circuit or County Court of this state would be stayed, the Court shall stay enforcement of the Foreign Judgment for an appropriate period, upon requiring the same security for satisfaction of the Judgment which is required in this state.

# Case Information

| | | | |
|---|---|---|---|
| **Local Case Number:** | 2025-014286-CA-01 | **State Case Number:** | 132025CA01428601GE01 |

**Filing Date:** 07/28/2025

**Judicial Section:** CA13 - Downtown Miami - Judge Enriquez, Javier A

**Case Type:** Foreign Judgment - Circuit Civil

**Consolidated Case No.:**

**Case Style:** JMB/URBAN 900 DEVELOPMENT PARTNERS LTD vs HAZAN, ELIZABETH et al

**Case Status:** CLOSED

# Related Cases

No data available

# Hearing Details

No data available

# Parties

| Party Description | Party Name | Attorney Information | Other Attorney(s) |
|---|---|---|---|
| Plaintiff | JMB/URBAN 900 DEVELOPMENT PARTNERS LTD | | |
| Defendant | HAZAN, ELIZABETH | **B#:** 197483 Aresty, Joel M. | |
| Defendant AKA | HAZAN, LIZA | **B#:** 197483 Aresty, Joel M. | |
| Defendant | WORLD OF CONCEPTS LLC | **B#:** 197483 | |

# Dockets

| DIN | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| | | | Filing: | | |

| 26 | 11/26/2025 | | Notice of Filing: | Event | EXHIBITS TO MOTION TO STRIKE |
|---|---|---|---|---|---|
| 25 | 11/26/2025 | | Motion to Strike | Event | |
| 24 | 11/26/2025 | | Notice: | Event | TO WITHDRAW MOTION FOR WRIT OF EXECUTION |
| 23 | 11/25/2025 | | Motion: | Event | FOR WRIT OF EXECUTION |
| 22 | 10/23/2025 | | Returned Mail | Event | RF 338 363 864 US (Elizabeth) |
| 21 | 10/23/2025 | | Returned Mail | Event | RF 338 363 878 US (World) |
| 19 | 08/29/2025 | | Receipt: | Event | Receipt#:3380089 Amt Paid:$9.00 Comment: Allocation Code Quantity Unit Amount 3142-Recording Fee 1 $4.00 $4.00 3142-Recording Fee 1 $5.00 $5.00 Tender Type:eFilings Tender Amt:$9.00 Receipt Date:08/29/2025 Register#:338 Cashier:EFilingUser EFiling #:230406803 |
| 20 | 08/28/2025 | | Response to Motion | Event | |
| 18 | 08/28/2025 | 34919/1265 | Notice of Removal to Federal Court | Event | |
| 17 | 08/28/2025 | 34917/4617 | Lis Pendens | Event | DIRECTED TOWARDS FOREIGN JUDGMENT PURSUANT TO FLORIDA STATUTE 55.509(1) |
| 13 | 08/28/2025 | | Receipt: | Event | Receipt#:3260127 Amt Paid:$9.00 Comment: Allocation Code Quantity Unit Amount 3142-Recording Fee 1 $4.00 $4.00 3142-Recording Fee 1 $5.00 $5.00 Tender Type:eFilings Tender Amt:$9.00 Receipt Date:08/28/2025 Register#:326 Cashier:EFilingUser EFiling #:230314982 |
| 16 | 08/27/2025 | | Notice of Removal to Federal Court | Judgment | |
| 15 | 08/27/2025 | | Exhibit List | Event | |
| 14 | 08/27/2025 | 34918/1035 | Notice of Removal to Federal Court | Event | |
| 12 | 08/27/2025 | 34918/758 | Notice of Removal to Federal Court | Event | |
| 11 | 08/27/2025 | 34917/136 | Lis Pendens | Event | DIRECTED TOWARD FOREIGN JUDGMENT PURSUANT TO FLA STATUTE 55.509(1) |
| 10 | 08/27/2025 | | Motion to Quash | Event | Notice of Filing of Foreign Judgment |
| 9 | 08/27/2025 | 34915/4194 | Lis Pendens | Event | |

**EXHIBIT C**

| 8 | 08/01/2025 | | Registered Mail | Event | RF 338 363 878 US (World) |
|---|---|---|---|---|---|
| 7 | 08/01/2025 | | Registered Mail | Event | RF 338 363 864 US (Elizabeth) |
| 6 | 08/01/2025 | | Copy of Notice and Judgment Mailed | Event | |
| 5 | 08/01/2025 | 34879/83 | Notice of Recording of Foreign Judgment | Event | |
| 4 | 07/28/2025 | | Receipt: | Event | Receipt#:2310039 Amt Paid:$641.46 Comment: Allocation Code Quantity Unit Amount 3100-Circuit Filing Fee 1 $401.00 $401.00 3142-Recording Fee 1 $122.00 $122.00 3154-Registered Mail (1 1 $76.46 $76.46 3133-Notice of Recordin 1 $42.00 $42.00 Tender Type:Visa Card Tender Amt:$641.46 Receipt Date:07/28/2025 Register#:231 Cashier:e405496 |
| 3 | 07/28/2025 | | Filed at Dade County Courthouse | Event | |
| 2 | 07/28/2025 | 34869/4898 | Affidavit of Foreign Judgment | Event | |
| 1 | 07/28/2025 | 34872/68 | Foreign Judgment Filed | Event | |

**Query**   **Reports**   **Utilities**   **Help**   **Log Out**

# U.S. District Court
## Southern District of Florida (Miami)
## CIVIL DOCKET FOR CASE #: 1:25-cv-23860-EIS

JMB/Urban 900 Development Partners Ltd v. Hazan et al
Assigned to: Magistrate Judge Eduardo I. Sanchez
Case in other court: 11th Judicial Circuit in and for Miami-Dade
            County, 25-014286-CA-01
Cause: 28:1332 Diversity-Notice of Removal

Date Filed: 08/27/2025
Jury Demand: Plaintiff
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

### Plaintiff

**JMB/Urban 900 Development Partners
Ltd**
*Chris Kosachuk as assignee*

represented by **Juan Ramirez , Jr.**
ADR MIAMI LLC
1172 S. Dixie Hwy. #341
Coral Gables, FL 33146
305-667-6609
Email: jr@adrmiami.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Elizabeth Hazan**
6913 Valenica Drive
Miami, FL 33109
*also known as*
Liza Hazan

represented by **Joel Maurice Aresty**
Joel M. Aresty, P.A.
309 1st Ave S
Tierra Verde, FL 33715
305-904-1903
Fax: 800-559-1870
Email: aresty@mac.com
*ATTORNEY TO BE NOTICED*

### Defendant

**World of Concepts, LLC**

represented by **Joel Maurice Aresty**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| | | |

| 08/27/2025 | 1 | NOTICE OF REMOVAL (STATE COURT COMPLAINT ) Filing fee $405.00, filed by Elizabeth Hazan. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit)(jas) (Entered: 08/27/2025) |
|---|---|---|
| 08/27/2025 | 2 | Judge Assignment to Magistrate Judge Eduardo I. Sanchez. (jas) (Entered: 08/27/2025) |
| 08/27/2025 | 3 | Clerk's Notice to Filer re: State Court Records/Complaint not included. Filer is instructed to file a Notice (Other) with the State Court Records attached within 24 hours. (jas) (Entered: 08/27/2025) |
| 08/27/2025 | 4 | Clerks Notice of Receipt of Filing Fee received on 8/27/2025 in the amount of $ 405.00, receipt number FLS307083. (vt) (Entered: 08/27/2025) |
| 08/27/2025 | 6 | Defendants, Liza Hazan, and World of Concepts, LLC's Motion to Dismiss the State Court Complaint contained within the Notice of Removal 1 Notice of Removal (State Court Complaint) by Elizabeth Hazan, World of Concepts, LLC. Responses due by 9/10/2025. (Attachments: # 1 Exhibit)(pc) (Entered: 08/28/2025) |
| 08/27/2025 | 7 | Clerk's Notice of Filing Deficiency Re: 6 MOTION to Dismiss the State Court Complaint contained within the Notice of Removal 1 Notice of Removal (State Court Complaint) filed by Elizabeth Hazan, World of Concepts, LLC. Document(s) missing required signature(s) (Fed.R.Civ.P. 11(a)). (pc) (Entered: 08/28/2025) |
| 08/28/2025 | 5 | SUPPLEMENT *JOINDER IN MOTION TO REMOVE* by World of Concepts, LLC (Aresty, Joel) (Entered: 08/28/2025) |
| 08/28/2025 | 8 | SUPPLEMENT to 6 MOTION to Dismiss the State Court Complaint contained within the Notice of Removal 1 Notice of Removal (State Court Complaint), 7 Clerk's Notice of Filing Deficiency, by World of Concepts, LLC (Aresty, Joel) (Entered: 08/28/2025) |
| 08/28/2025 | 9 | SUPPLEMENT to 7 Clerk's Notice of Filing Deficiency, *NOTICE TO THE COURT REGARDING DEFENDANT ELIZABETH HAZAN, AND WORLD OF CONCEPTS, LLC'S NOTICE OF REMOVAL ECF 1 AND MOTION TO DISMISS ECF 6* by World of Concepts, LLC (Aresty, Joel) (Entered: 08/28/2025) |
| 09/24/2025 | 10 | MOTION to Remand to State Court by JMB/Urban 900 Development Partners Ltd. Attorney Juan Ramirez, Jr added to party JMB/Urban 900 Development Partners Ltd(pty:pla). (Ramirez, Juan) (Entered: 09/24/2025) |
| 09/27/2025 | 11 | AMENDED NOTICE OF REMOVAL against JMB/Urban 900 Development Partners Ltd, filed by World of Concepts, LLC, Elizabeth Hazan.(Aresty, Joel) (Entered: 09/27/2025) |
| 09/30/2025 | 12 | ORDER Regarding Magistrate Consent Jurisdiction and Opt-out Procedure. Signed by Magistrate Judge Eduardo I. Sanchez on 9/30/2025. *See attached document for full details.* (jvs) (Entered: 09/30/2025) |
| 10/08/2025 | 13 | RESPONSE to 10 MOTION to Remand to State Court by Elizabeth Hazan, World of Concepts, LLC. (Aresty, Joel) (Entered: 10/08/2025) |
| 10/08/2025 | 14 | RESPONSE to Motion re 10 MOTION to Remand to State Court *(Corrected)* filed by Elizabeth Hazan, World of Concepts, LLC. Replies due by 10/15/2025. (Attachments: # |

| | | |
|---|---|---|
| | | 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Aresty, Joel) (Entered: 10/08/2025) |
| 11/25/2025 | 15 | MOTION for Writ of Execution on Execution amount is $1,079,394.64 by JMB/Urban 900 Development Partners Ltd. (Attachments: # 1 Exhibit Proposed Writ of Execution) (Ramirez, Juan) (Entered: 11/25/2025) |
| 11/25/2025 | 16 | MOTION for Writ of Garnishment on $1,079,511.84 by JMB/Urban 900 Development Partners Ltd. (Attachments: # 1 Exhibit Proposed Post Judgment Writ of Garnishment) (Ramirez, Juan) (Entered: 11/25/2025) |
| 11/25/2025 | 17 | MOTION for Writ of Garnishment on Truist Bank by JMB/Urban 900 Development Partners Ltd. (Attachments: # 1 Exhibit Proposed Writ of Garnishment to Truist Bank) (Ramirez, Juan) (Entered: 11/25/2025) |
| 11/25/2025 | 18 | Clerks Notice of Non-Issuance of Writ of Execution: No Judgment on docket. Motion to Dismiss pending. Motion to Remand pending. (pes) (Entered: 11/25/2025) |
| 11/25/2025 | 19 | Clerks Notice of Non-Issuance of DE 16 , 17 WRIT OF GARNISHMENTS: No Judgment on docket. Motion to Dismiss pending. Motion to Remand pending. (pes) (Entered: 11/25/2025) |
| 11/25/2025 | 20 | MOTION to Strike 19 Writ of Garnishment, 18 Writ of Execution *15,16,17* by Elizabeth Hazan, World of Concepts, LLC. Responses due by 12/9/2025. (Aresty, Joel) (Entered: 11/25/2025) |
| 11/25/2025 | 21 | NOTICE *to Clerk re: Judgment on Docket* by JMB/Urban 900 Development Partners Ltd re 19 Writ of Garnishment, 18 Writ of Execution (Ramirez, Juan) (Entered: 11/25/2025) |
| 11/26/2025 | 22 | MOTION to Strike 21 Notice (Other) *MOTION TO STRIKE FRAUDULENT MOTION FOR POSTJUDGMENT WRIT OF EXECUTION ECF15, AND MOTION TO STRIKE MOTION FOR POST JUDGMENTGARNISHMENT ECF 16, ECF 17, AND NOTICE TO CLERK ECF 21,* by Elizabeth Hazan, World of Concepts, LLC. Responses due by 12/10/2025. (Aresty, Joel) (Entered: 11/26/2025) |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 25-cv-23860-SANCHEZ

JMB Urban 900 Development
Partners, Ltd  by and through
Its Assignee Christopher Kosachuk,

      Judgment Creditor/Plaintiff,

v.

Liza Hazan a/k/a Elizabeth Hazan and
World of Concepts, LLC,

      Judgment Debtor/Defendants.

_____/

## MOTION FOR POSTJUDGMENT WRIT OF GARNISHMENT

JMB Urban 900 Development Partners, LTD by and through its assignee, Christopher Kosachuk, *pro se*, hereby files this Motion for the issuance of a post-judgment writ of garnishment against Regions Bank, Garnishee, and as grounds alleges the following:

1.      Plaintiff, Christopher Kosachuk, is the judgment creditor, by way of assignment, in the above referenced action residing at 854 Pheasant Run Rd. West Chester, PA 19382.

2.      Garnishee, Regions Bank is an Alabama Corporation with banking branches throughout the State of Florida and properly registered to do business in Florida through the Secretary of State.

3.      Judgment Debtor Hazan owes Judgment Creditor Kosachuk **$1,079,511.84** as of November 25, 2025 with per diem interest accruing at 9% or $117.20 for each day hereafter.

4.      Plaintiff has reason to believe, and does believe, that Garnishee, Regions Bank is indebted to Judgment Debtor Liza Hazan a/k/a Elizabeth Hazan who lives at 6913 Valencia Dr. Fisher Island, FL 33109.

5.     Plaintiff does not believe that Defendant visibly possesses sufficient property on which a levy can be made to satisfy the judgment.

WHEREFORE, Plaintiff requests the clerk of the Court issue a writ of garnishment against the debt owed by Garnishee, Regions Bank to Judgment Debtor Liza Hazan a/k/a Elizabeth Hazan Judgment Debtor Liza Hazan a/k/a Elizabeth Hazan Judgment Debtor Liza Hazan a/k/a Elizabeth Hazan Judgment Debtor Liza Hazan a/k/a Elizabeth Hazan Judgment Debtor Liza Hazan a/k/a Elizabeth Hazan requiring Garnishee to serve an answer and stating the amount specified in Plaintiff's motion.

November 25, 2025

|  |  |
|---|---|
| *(signature)*<br>_____<br>Juan Ramirez, Jr. Esq.<br>*JMB Urban 900 Development Partners, LTD*<br>*By and Through Its Assignee Christopher*<br>*Kosachuk*<br>1331 Brickell Bay Dr. #708<br>Miami, FL 33131<br>(305) 479-0150<br>juanramirezlaw@gmail.com | *(signature)*<br>_____<br>Christopher Kosachuk<br>*Pro Se Judgment Creditor as*<br>*Assignee of JMB Urban Development*<br>*Partners, LTD*<br>854 Pheasant Run Rd.<br>West Chester, PA 19382-8144<br>(305) 490-5700<br>chriskosachuk@gmail.com |
|  |  |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of November 2025, the foregoing document was electronically filed using the Court's CM/ECF system, which will electronically serve a copy of the foregoing document on all counsel of record.

Respectfully submitted,

_____
Juan Ramirez, Jr. Esq.
1331 Brickell Bay Dr. #708
Miami, FL 33131
(305) 667-6609
juanramirezlaw@gmail.com

## SERVICE LIST

**Via CM/ECF/EMAIL**

Elizabeth Hazan, *pro se,* Judgment Debtor/Defendant
lizahazan77@gmail.com

Joel M. Aresty, Esq. on behalf of Judgment Debtor Liza Hazan a/k/a Elizabeth Hazan
aresty@mac.com

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 25-cv-23860-SANCHEZ

JMB Urban 900 Development
Partners, Ltd  by and through
Its Assignee Christopher Kosachuk*,*

      Judgment Creditor/Plaintiff,

v.

Liza Hazan a/k/a Elizabeth Hazan and
World of Concepts, LLC,

      Judgment Debtor/Defendants.

_____/

### MOTION FOR WRIT OF EXECUTION

Judgment Creditor/Plaintiff Christopher Kosachuk, as assignee of JMB Urban 900

Development Partners, LTD, ("JMB"), hereby files this Motion for Writ of Execution.  In support,

Mr. Kosachuk states as follows:

### BACKGROUND FACTS

1.      On July 28, 2025, the JMB Judgment was domesticated and recorded in Miami-

Dade County, Florida under case number 25-14286-CA13.

2.      On August 27, 2025, Judgment Debtor Liza Hazan, *pro se,* filed a Joint Notice of

Removal with Judgment Debtor World of Concepts, LLC.  Because no attorney signed the Notice

of Removal on behalf World of Concepts, LLC, the Notice of Removal was fatally and

procedurally defective as it is well settled that artificial entities, including corporations and

partnerships, may not appear in federal court without licensed counsel. *See Rowland v. Cal. Men's

Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993); *Palazzo v. Gulf Oil Corp.*,

764 F.2d 1381, 1385 (11th Cir. 1985). A non-lawyer may represent his own interests, but not those

of another person or entity. *See Michel v. United States*, 519 F.3d 1267, 1271 (11th Cir. 2008). As such non-lawyer Hazan cannot represent World of Concepts before this or any other court.

3.      Because this Court has not ruled on the Motion to Remand [Doc. 10], Judgment Creditor Kosachuk is happy to proceed with executions before this Court immediately because JMB Judgment at issue is not stayed nor have the judgment debtors sought a stay of the JMB Judgment.

4.      The affidavit filed with the JMB Judgment in order to record it in Miami-Dade County confirms that $1,065,095.94 was due as of July 25, 2025, with per diem interest at the rate of 9% or $117.20 per diem thereafter or an additional $14,415.91 as of November 25, 2025.

5.      **The total due as of November 25, 2025 is $1,079,511.84.**

6.      No payments have been made and the full balance is due on the unsatisfied and unstayed JMB Judgment.

7.      Judgment Debtors do not consent to the relief requested in this Motion but the Court is reminded that this is a post judgment execution proceeding at this point where the judgment debtors have successfully thwarted payment of this judgment for many years.

**WHEREFORE**, it is respectfully requested that the Clerk of Court immediately execute the attached writ of execution.

November 25, 2025

Juan Ramirez, Jr. Esq.
*JMB Urban 900 Development Partners, LTD*
*By and Through Its Assignee Christopher*
*Kosachuk*
1331 Brickell Bay Dr. #708
Miami, FL 33131
(305) 479-0150
juanramirezlaw@gmail.com

Christopher Kosachuk
*Pro Se Judgment Creditor as*
*Assignee of JMB Urban Development*
*Partners, LTD*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 25th day of November 2025, the foregoing document
was electronically filed using the Court's CM/ECF system, which will electronically serve a copy
of the foregoing document on all counsel of record.

                                 Respectfully submitted,

_____
Juan Ramirez, Jr. Esq.
1331 Brickell Bay Dr. #708
Miami, FL 33131
(305) 667-6609
juanramirezlaw@gmail.com

## SERVICE LIST

**Via CM/ECF/EMAIL**

Elizabeth Hazan, *pro se,* Judgment Debtor/Defendant
lizahazan77@gmail.com

Joel M. Aresty, Esq. on behalf of Judgment Debtor Liza Hazan a/k/a Elizabeth Hazan
aresty@mac.com