# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 26-mc-20112-JAL

JMB Urban 900 Development
Partners, Ltd  by and through
Its Assignee Christopher Kosachuk,

    Judgment Creditor/Plaintiff,

v.

Liza Hazan a/k/a Elizabeth Hazan,

    Judgment Debtor/Defendant.

_____/

## NOTICE OF FILING AND REQUEST FOR JUDICIAL NOTICE

    Judgment Creditor/Plaintiff JMB Urban 900 Development Partners, LTD, ("JMB") by and through its Assignee Christopher Kosachuk, hereby files the following: "Order Deny Motion to Reopen and To Dismiss Case" from the pending case of *In Re Liza Hazan a/k/a Elizabeth Hazan, Defaulted Chapter 11,* Case No. 16-bk-10389-RAM  [Doc. 1484] and requests judicial notice of same pursuant to Fed. R. Civ. P. 201. *See Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed. App'x 52, 53-54 (11th Cir. 2006).

January 12, 2026

| | |
|---|---|
| *[signature]*<br>_____<br>Juan Ramirez, Jr. Esq.<br>*JMB Urban 900 Development Partners, LTD By and Through Its Assignee Christopher Kosachuk*<br>1331 Brickell Bay Dr. #708<br>Miami, FL 33131<br>(305) 479-0150<br>juanramirezlaw@gmail.com | *[signature]*<br>_____<br>Christopher Kosachuk<br>*Pro Se Judgment Creditor as Assignee of JMB Urban Development Partners, LTD*<br>854 Pheasant Run Rd.<br>West Chester, PA 19382-8144<br>(305) 490-5700<br>chriskosachuk@gmail.com |
| | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of January 2026, the foregoing document was electronically filed using the Court's CM/ECF system, which will electronically serve a copy of the foregoing document on all counsel of record.

                                        Respectfully submitted,

_____
Juan Ramirez, Jr. Esq.
1331 Brickell Bay Dr. #708
Miami, FL 33131
(305) 667-6609
juanramirezlaw@gmail.com

## SERVICE LIST

**Via CM/ECF/EMAIL/FIRST CLASS MAIL**

Joel Aresty, Esq. attorney of record for Judgment Debtor Elizabeth Hazan a/k/a Liza Hazan
aresty@mac.com



ORDERED in the Southern District of Florida on July 7, 2025.

Robert A. Mark, Judge
United States Bankruptcy Court

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

In re:                                                Case No. 16-10389-RAM

LIZA HAZAN a/k/a                                      Chapter 11
ELIZABETH HAZAN,

    Debtor.
_____/

## ORDER DENYING MOTION TO REOPEN AND TO DISMISS CASE

    On June 25, 2025, Christopher Kosachuk filed the Transfer of Claim Other than for Security [DE# 1480] wherein Mr. Kosachuk disclosed that he acquired the unsecured claim of JMB Urban 900 Development Partners, LTD ("JMB") in the amount of $664,380.47. *See* Proof of Claim No. 4-2 (the "Transferred Claim").  Also on June 25, 2025, Mr. Kosachuk filed, on behalf of JMB, the Motion to Reopen Case, to Dismiss Case with Prejudice and Restore its Petition Day Creditor Status [DE# 1481] (the "Motion").  In the Motion, Mr. Kosachuk argues that Liza Hazan (the "Debtor") has defaulted on her confirmed plan and,

1

therefore, the Court should reopen the case, dismiss the case, and restore all creditors to their pre-petition status.

The Motion is yet another attack by Mr. Kosachuk in "the lengthy and tortuous history" of litigation between him and the Debtor that has spread across multiple cases in multiple forums. *See* Order Dismissing Appeal [DE# 1407], which the Court incorporates here by reference. This Court and the U.S. District Court for the Southern District of Florida have ruled on several occasions that Mr. Kosachuk, through a separate entity, NLG LLC, lacked standing in this chapter 11 case to challenge the Debtor's confirmed plan. *See, e.g.*, DE#'s 1332 and 1461.

It is obvious that Mr. Kosachuk acquired the Transferred Claim to fabricate standing in an effort to continue this legal saga in this Court, but he is not going to succeed. If Mr. Kosachuk chooses to pursue his personal vendetta against the Debtor, he must do it elsewhere. The Court is not reopening this case.

Denying the Motion does not eliminate Mr. Kosachuk's right to enforce the Transferred Claim. Like any binding contract, Mr. Kosachuk, through JMB, can enforce his rights under the Debtor's confirmed plan in a non-bankruptcy forum through a simple claim for breach of contract. *In re Troutman Enters., Inc.*, 253 B.R. 8, 11 (6th Cir. B.A.P. 2000) ("If a reorganized debtor defaults under a plan, creditors have several options, including enforcing the plan terms in any court of competent jurisdiction."); *Paul v. Monts*, 906 F.2d 1468 (10th Cir. 1990) (state law breach of contract action may be brought for a breach of chapter 11 plan obligations); *In re Nylon Net Co.*, 225 B.R. 404, 406 (Bankr. W.D. Tenn. 1998) (unsecured creditors' state court collection lawsuits "are essentially breach of contract actions arising from the contractual and financial obligations as set forth in the debtor's

chapter 11 plan, and the Court finds that the state court is the most efficient and appropriate forum to best serve the parties' interests in enforcement of their plan obligations.").

Having considered the Motion and the record in this case, and for the foregoing reasons, the Court **ORDERS** that the Motion is denied without prejudice to JMB seeking to enforce its rights in a non-bankruptcy forum.

###

Copies to:

Joel M. Aresty, Esq.
Office of the U.S. Trustee

**CLERK TO SERVE:**

Christopher Kosachuk
854 Pheasant Run Rd.
West Chester, PA 19382-8144